# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| *In re Bio-Lab Class Actions* | Civil Action No.<br><br>1:24-CV-04407-SEG |

**[PROPOSED] ORDER APPOINTING INTERIM COUNSEL AND SETTING OUT DUTIES AND RESPONSIBILITIES OF COUNSEL**

This matter is before the Court on competing motions to appoint lead counsel, liaison counsel, and other counsel as appropriate pursuant to Federal Rule of Civil Procedure 23(g). The Court considered counsel's motions in light of the requirements of Rule 23(g)(1)(A) and additional considerations of Rule 23(g)(1)(B) and, having considered all timely submissions in light of those criteria, the Court hereby appoints the *Tartt* Group to lead the litigation with the following enumerated responsibilities.

A.   **Interim Co-Lead Class Counsel:**

   L. Chris Stewart, *Stewart Miller Simmons*
   Jason Carter, *Bondurant Mixson & Elmore, LLP*
   Jean Martin, *Morgan & Morgan*, P.A.
   Daniel Rock Flynn, *DiCello Levitt LLP*

The duties of interim Co-Lead Class Counsel include the following:

   1.   Coordinate, direct, and manage the litigation activities of all Plaintiffs'

1

counsel to assure that Plaintiffs' pretrial preparation is conducted effectively, efficiently, and economically, that schedules are met, and that unnecessary expenditures of time and expenses are avoided;

2. Facilitate, coordinate, direct, and manage the activities of Plaintiffs' Executive Committee members consistent with the directives of this Court;

3. Consult with and employ consultants or experts as necessary;

4. Coordinate with Plaintiffs' Executive Committee members in all aspects of the litigation to fund the necessary and appropriate costs of discovery and other common benefit efforts, including the maintenance of a Plaintiffs' document depository, *see Manual for Complex Litigation, Fourth* § 40.261;

5. Communicate with Defendants' counsel;

6. Coordinate settlement discussions or other dispute resolution efforts on behalf of Plaintiffs, under the Court's supervision, if and as appropriate;

7. Oversee litigation strategy, including briefing, discovery, trial, and appeals, and direct assignments to the Plaintiffs' Executive Committee as appropriate;

8. Enter into stipulations with other parties as necessary for the conduct of the litigation;

9. Prepare and distribute to the parties periodic status reports;

10. Maintain adequate time and disbursement records covering services as appointed counsel;

11. Submit to the Court and circulate to Plaintiffs' Executive Committee a time and expense reporting protocol consistent with the Court's orders governing the submission and potential compensation of time and expenses generated in this matter;

12. Periodically communicate with the Court and non-leadership counsel as necessary or required to meet the demands of litigation;

13. Monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

14. Evaluate all work assigned to other Plaintiffs' counsel in this litigation and, if successful, allocate and distribute any fees awarded in this litigation to all such counsel in amounts that reflect their relative contributions to the litigation; and

15. Conduct all other matters concerning the prosecution or resolution of the actions against Defendants.

**B.   Interim Liaison Counsel**

J. Cameron Tribble, *Barnes Law Group, LLC*

1. Together with Interim Co-Lead Counsel, direct and manage pretrial

proceedings on behalf of putative class members, including briefing and argument of motions and the conduct of discovery proceedings;

2. In consultation with Interim Co-Lead Counsel, communicate with the Court concerning scheduling and other administrative matters;

3. Maintain an up-to-date, comprehensive Service List and promptly advise the Court and Defendants' counsel of changes to Plaintiffs' Service List;

4. Receive and distribute to Plaintiffs' counsel, as appropriate, orders, notices, and correspondence from the Court, to the extent such documents are not electronically filed; and

5. Coordinate outreach with Plaintiffs' Community Liaison to ensure communications with absent class members comport with orders entered by the Court.

C. **Community Liaison**

M.J. Blakely, *The Blakely Firm, L.L.C.*

1. In connection with Interim Liaison Counsel, coordinate to ensure communications with absent class members comports with orders entered by the Court; and

2. Coordinate with Interim Co-Lead Counsel and the Plaintiffs' Executive Committee member charged with damages expert development to

4

construct relief for putative class members to address their injuries.

**D.      Interim Plaintiffs' Executive Committee**

Robert S. Libman, *Miner, Barnhill & Galland, P.C.*
Edward Manzke, *The Collins Law Firm, P.C.*
Roger Orlando, *The Orlando Firm, P.C.*
James Bilsborrow, *Weitz & Luxenberg, P.C.*
Gerard Stranch, *Stranch, Jennings & Garvey PLLC*
Lynn Toops, *Cohen & Malad, LLP*
Gary Klinger, *Milberg Coleman Bryson Phillips Grossman, PLLC*

1. Interim Executive Committee members shall perform work on specific assignments on an ongoing basis related to their areas of expertise including: discovery, third-party discovery, defensive discovery and plaintiff vetting, liability experts, damages experts, law and briefing, and settlement;

2. All counsel must keep a daily record of their time spent and expenses incurred in connection with this litigation and must report on a monthly basis their expenses and hours worked to Interim Co-Lead Counsel according to the time and expense protocol;

3. In order for time and expenses to be compensable, those not serving in leadership positions must secure the express authorization of Interim Co-Lead Counsel for any projects or work undertaken in this litigation; and

4. At least on a quarterly basis, beginning on a date that the Court

determines, and thereafter on the last business day of the month following the end of each calendar-year quarter (i.e., January, April, July, and October), Interim Co-Lead Counsel shall submit to the Court in camera reports reflecting hours billed in this matter by all Plaintiffs' counsel. Failure to maintain records with sufficient descriptions of the time spent and expenses incurred may be grounds for denying attorneys' fees and/or expenses, for the period that relates to the missing or inadequate submissions.

E.  **Business Class Committee Chair**

MaryBeth V. Gibson, *Gibson Consumer Law Group, LLC*

1. In consultation with Interim Co-Lead Counsel, investigate and coordinate pretrial proceedings on behalf of putative business class members; and

2. Coordinate with Community Liaison to keep businesses informed of status of litigation.

SO ORDERED this _____ day of _____ 2024.

_____
The Honorable Sarah E. Geraghty
United States District Court Judge

6