# EXHIBIT A-1

**PROTOCOL FOR TIME AND EXPENSE REPORTING**
*In re: Bio Lab Class Actions*
**Case No. 1:24-CV-04407-SEG**

## I. Overall Policies

    **A.** **All Time and Expenses Must Be Authorized**. Plaintiffs' counsel will only be entitled to fees or reimbursement of expenses for functions or expenses authorized in advance by Co-Lead Counsel. If you have any doubts about whether your time has been authorized, please reach out to Co-Lead Counsel for clarification. Time and expenses will only be submitted to the Court for work authorized in advance. ***Therefore, each billing entry must indicate who assigned you the function for each task that is billed.***

    **B.** **Adherence to This Protocol Required**. Simply reporting the time does not mean a firm will be paid for that time or that such time will be included in any fee application. We will not be able to include in any fee petition any time that is not expended and timely reported in accordance with this protocol. Further, Co-Lead Counsel will evaluate the propriety of all reported time to ensure that the tasks were efficiently handled and are reasonable.

    **C.** **Minimum Number of Attorneys**. As few attorneys as reasonably possible should be on any conference call, deposition, hearing, or meeting. At all times, care and attention shall be paid to avoid overbilling and overstaffing the case. It is not necessary for all lawyers appointed to leadership positions to attend hearings or status conferences with the Court. Going forward, our general policy is that no one other than Co-Lead Counsel shall attend hearings. Typically, the Court arranges for lawyers to participate in hearings and conferences telephonically, so there should not generally be a compelling reason for in-person appearances. Of course, there may be good reason to depart from this policy, such as when a lawyer is particularly knowledgeable about a matter to be taken up with the Court. Decisions to depart from the policy will be made by Co-Lead Counsel on a hearing-by-hearing basis.

    **D.** **Weekly Calls.** As the litigation progresses, we may hold weekly or bi-weekly leadership calls during which we will bring each other up to speed on the work we are each doing in this litigation and the progress of the litigation as a whole. For billing purposes, these calls should generally be limited to lawyers who have been appointed to a leadership position by the Court or, if that person is unavailable, a designee from the lawyer's firm, unless otherwise approved by Co-Lead Counsel.

E. **Avoid Over-Staffing and Over-Billing**. Everyone must be mindful of the kinds of activities that are done by certain billers. Assignments within a firm should be delegated commensurate with years of experience and with the goal of avoiding over-staffing and overbilling. As an example, a senior partner should not be performing and billing for dozens of hours of document review, absent a compelling need. Further, absent extenuating circumstances, review of documents and coding must be capped at the lesser of the timekeeper's regular rate or $500.00 per hour.

F. **Common Benefit Time Only.** Time and expenses incurred prior to the appointment of Co-Lead Counsel will be considered for compensation only to the extent they contributed to the advancement of the litigation as a whole. Any time billed prior to appointment shall include an explanation as to how the work performed was directed by the Court or otherwise benefitted the class.

G. **Casual Review of Filings and Emails**. Do not bill for casual review of filings, orders, transcripts, emails, or other documents not directly related to work assigned by Co-Lead Counsel. This will not be considered compensable time and should not be submitted. If you are reviewing for a reason (*i.e.*, to revise and edit, or to prepare for a hearing, conference call, or deposition), so state. Moreover, if you are not doing work relating to a specific area, you should not be billing to review those documents at all. For example, if you are not working on discovery issues, you do not need to bill to review motion to compel briefs and responses. Also, do not bill an inordinate amount of time to reviewing/responding to emails, and never bill for administrative emails.

H. **Administrative Tasks and Administrative Staff.** Do not bill time for communication with administrative staff (except for lengthy substantive conversations, such as training staff on document review protocols or other supervisory matters). Do not bill attorney time for administrative tasks that could be handled by a secretary or paralegal, such as organizing files, copying and mailing. Do not bill for leaving a voicemail.

I. **Contract Attorneys**. We intend to be particularly mindful about the use of contract lawyers. No contract lawyers may be used to work on this case without Co-Lead Counsel's prior written approval. Further, in seeking approval for the use of contract lawyers, please disclose to Co-Lead Counsel both the amount that you will be paying those contract lawyers, as well as the rate at which you intend to bill for their time. We may cap such rates to the extent contract attorneys are ever used.

**J.** **Allocation of Fees.** If we are fortunate enough to be awarded a fee in this litigation, the allocation of the fee among the participating firms will be made by Co-Lead Counsel after the fee has been awarded. In allocating any fee, Co-Lead Counsel will be guided by the concept that each firm will be rewarded for the value it has contributed to the results obtained for our clients. It is important to note that in the Eleventh Circuit, courts are typically not required to conduct a lodestar cross-check awarding fees pursuant to a percentage-of-the-fund analysis. Thus, while each firm's lodestar will be a substantial factor in determining value, it will not be the only factor. Significant weight will be given to factors such as how efficiently and effectively a firm has handled its responsibilities, the nature of the work that was done, creativity, collegiality, equity, and any other considerations that Co-Lead Counsel deem relevant.

## II. Submission of Time

Time and expense reports will be compiled, reviewed and maintained by _____. Please transmit your monthly time and expense reports electronically in PDF and Excel format to_____. If you have any questions regarding the reports, please contact _____ at _____ directly by email (_____) or telephone (_____).

**Submissions must be made using the agreed-upon Time and Expense Reports.** Copies of the Time and Expense Reports are attached hereto and will be made available to all counsel in Excel workbook format. Each monthly time and expense submission must include the Time and Expense Reports in both a single Microsoft Excel workbook format (.xls) and PDF (.pdf) format. This means that each monthly submission email will consist of (1) one PDF file and (2) one Excel file, within which there will be three tabs: Monthly Time Report Summary; Monthly Time Report; and Monthly Expense Report. **Time and expenses not submitted using these Reports will not be considered.**

The first time and expense reports are **due _____,** and should include all qualified time and expenses incurred from inception of the case through _____. Time and expense reports thereafter are to be submitted **by the 15th of each month** (or the first business day thereafter) for the preceding month (*i.e.*, the _____, time and expense reports should include all time and expenses from _____). **With your first report, please advise Co-Lead Counsel as to who at your firm is the appropriate contact person for time and expense reporting purposes.**

5

Please note that we cannot and do not represent that pre-leadership appointment time, or any time for that matter, will be allowed by the Court or even submitted to the Court. **Co-Lead Counsel may not consider, compile, or include time and expenses that are submitted significantly late**.

All billings may be audited periodically and billings that Co-Lead Counsel do not believe are appropriate may be disallowed before our time is submitted to the Court, or at any time thereafter. We recognize that, given the number of reports to be submitted, it may not be realistic for Co-Lead Counsel to provide immediate feedback regarding time submission and that such decisions may evolve as the case progresses, or based on feedback from the Court. Accordingly, please note that even if billing reports are "accepted" at the time submitted, this does not mean that the time is "approved," or that the submissions will ultimately be deemed compensable and submitted to the Court in support of a fee application. We will examine—and re-examine—all of our time in a comprehensive way before any fee application is submitted to determine, based upon a complete picture of how the case was prosecuted, how each firm's time should be treated.

### III.    Time and Expense Report Verification

All Time and Expense Reports must be certified by an attorney with authority in each firm attesting to the accuracy of the submissions. This requirement may be satisfied by including such a certification along with each submission, either as a separate attachment to the email containing the submissions, or, if the submission email is sent directly by the certifying attorney, then in the body of the email containing the submissions.

You must maintain the underlying time and expense records that support your monthly submissions, including original receipts.

### IV.    Time Reporting Details

Time submissions must be detailed and based on contemporaneously kept records. Accordingly, please observe the following protocols:

- Time must be billed in six-minute (tenth-of-an-hour) increments.

- Time reported must be reasonable and necessary and shall not exceed the fair value of the services performed. Unnecessarily duplicative work by multiple lawyers in the same firm will be rejected.

- Work performed by those not serving in leadership positions must secure the express authorization of Co-Lead Counsel for any projects or work undertaken in this litigation.

- Each time entry shall include an "approved by" column so that the timekeeper must state which Co-Lead Counsel approved of the function your time entry falls into and for which your time entry is being submitted.

- Time reported must include a detailed description of the work performed:

    o We are not using task codes; therefore, your time entries will require fulsome, clear descriptions of each and every time entry you make, and separate tasks should have separate time indicated parenthetically within a given day's entry. Individuals identified in time entries must be described by at least their first initial and last name, not by initials. "J. Doe" is preferred; "John Doe" is acceptable; and "JD" is unacceptable.

    o Use descriptive and detailed summaries and action words. When describing the documents you are working on, instead of writing "review order," provide more details by specifying the subject or date of those documents (*e.g.*, "review stipulation to continue Rule 16 conference"). If you do an in-depth and long review of a document, list why (*e.g.*, "in preparation for a deposition") or at least list further descriptive words (*e.g.*, "review and analyze"). Similarly, when describing your actions, avoid using phrases like "work on x" or "follow up on y," as these do not make clear what you actually did (instead use words like review, draft, analyze, annotate, research, etc.).

    o Always include subject matter in your entries. References to "phone call," "review documents," "legal research," "attend meeting," "review email," standing alone, are insufficient.

    o Check spelling and grammar and avoid abbreviations that may make sense to you alone, or to you and other plaintiffs' counsel, but not to the Court.

- Always list other participants on telephone calls or in meetings, either by title (*i.e.*, "opposing counsel," or, preferably, by name). If there are large team conference calls or meetings, we can designate one person to list all participants in the billing record, and others can then record "phone call with team." It may not be possible or desirable to list all recipients of emails, but

7

try to specify the general group (*i.e.*, "exchange email with opposing counsel re:...," "exchange email with Co-Lead Counsel re:...," or "exchange email with J. Doe re:...").

- At the end of any call or meeting, confirm the time to be billed. If it is a team conference call, or other call with a number of participants, the person chairing the meeting shall state the amount of time at the end of the call or send an email thereafter. Do this also for meetings with attorneys in your own firm. If you join a call late, or get off a call early, please state "(partial)" in your time records to avoid confusion about how long the call or meeting lasted.

- Time spent reviewing or drafting emails should be the actual time spent, just like time spent on every other authorized activity.

- You may not bill for time spent entering or summarizing time and/or expense reports.

Each law firm should provide to Co-Lead Counsel a list of the proposed attorneys/paralegals who will bill time on this case and their customary and usual court-approved hourly rates. For each attorney, you must also specify their title (Partner, Associate, Of Counsel, Staff/Project Attorney, Paralegal, etc.) and the year they were licensed. After receipt of these hourly rates, Co-Lead Counsel reserves the right to harmonize these rates.

## V.   Expense Reporting Details

Expense reports must be maintained contemporaneously and with specificity. Accordingly, please observe the following protocols:

- Counsel are reminded that only reasonable and appropriate expenses incurred while performing work to advance the litigation will be eligible for consideration as compensable expenses.

- Original receipts for all expenses must be maintained by the submitting counsel and shall be provided to Co-Lead Counsel upon request.

- Co-lead Counsel shall maintain a litigation fund (which shall be managed by _____) and any expense paid from the litigation fund shall be pre-approved prior to reimbursement or payment.

- Although counsel should submit all expenses incurred in a certain month in the submission made on the 15th day of the next month, some third-party

8

billing and credit card statement schedules may preclude or make impractical such quick expense submission in some circumstances. In such circumstances, counsel may include expenses incurred in the previous two months that—because of circumstances outside the submitting counsel's control—could not have been submitted by the deadline. Counsel must include an explanation for such submission in the "Explanation for Any Late Expenses" column in the Monthly Expense Report.

- Any expenses submitted more than two months in arrears will not be considered or included in any compilation of compensable expenses and will be disallowed, except for good cause shown and with approval of Co- Lead Counsel.

- Expense Reports must be submitted using the Time and Expense form (attached hereto) and must be reported using the following category codes:

    1. **Federal Express/Local Courier, etc.**

    2. **Postage Charges**

    3. **Facsimile Charges**

    4. **Conference Call Phone Charges**

    5. **In-House Photocopying**

    6. **Outside Photocopying**

    7. **Hotels**

    8. **Meals**

    9. **Mileage** (any request for mileage expenses must include the total number of miles, which will be multiplied by the IRS Standard Business Mileage Rate for the period in which the mileage was driven)

    10. **Air Travel** (counsel shall use best efforts to obtain reasonably-priced plane tickets; First-Class airfare shall not be reimbursed)

    11. **Deposition Costs** (for all court reporter and videographer costs)

    12. **Lexis/Westlaw/Bloomberg/Pacer**

    13. **Witness and Expert Expenses**

14. **Court Fees**

15. **Service of Process Fees**

16. **Hearing and Trial Transcripts** (for all non-deposition transcripts; deposition transcript expenses should be recorded using Code 11)

17. **Ground Transportation** (i.e., rental car, taxi)

18. **Miscellaneous** (this code should be used rarely, if at all, and must include a specific explanation of the nature of the expense)

19. **Litigation Fund Contribution**

- Every expense needs to be detailed and specific. Descriptions such as "Deposition Services" or "Plane Ticket" are insufficient.

- No entry should contain more than one category of expense, and no entry should have more than one expense category code assigned. If, on the same day, one person incurs two expenses, there should be two separate entries for that person for that date. If multiple timekeepers incur the same expense for the same category, then there should be a separate entry for each person. The only exceptions are instances of approved charges for postage, facsimile, long distance telephone, in-house photocopying and computerized research, which may be submitted as a cumulative cost, if necessary.

\* \* \*

Time and expense reports will be reported to the Court *in camera* every quarter, beginning on_____, and thereafter on the last business day of each January, April, and July. To ensure that we remain current with our obligations, it is imperative that you follow the instructions above. Failure to maintain records with sufficient descriptions of the time spent and expenses incurred may be grounds for denying attorneys' fees and/or expenses for the period that relates to the missing or inadequate submissions.