IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: BIO-LAB CLASS ACTIONS | Case No. 1:24-cv-04407-SEG |

**STIPULATED ORDER REGARDING ENVIRONMENTAL
SAMPLING AND THE INSPECTION OF EVIDENCE**

Plaintiffs and Defendants, as defined below, (together, the "Parties") stipulate and agree as follows.

WHEREAS, on September 29, 2024, a fire began at the Bio-Lab, Inc. facility in Conyers, Georgia;

WHEREAS, Plaintiffs have commenced litigation for alleged damages resulting from the Fire as defined herein;

NOW THEREFORE, upon the approval of the Court, it is **SO STIPULATED AND ORDERED:**

**Definitions**

1. "Bio-Lab" means Bio-Lab, Inc. and its respective current or former representatives, corporate representatives, successors, successors in trust, successor trustees, receivers, assigns, general partners, limited partners, agents, officers, directors, employees, contractors, subcontractors, divisions, subsidiaries, parent companies, subsidiaries, and affiliated or other related companies.

1

2. "KIK" means KIK Custom Products, Inc., KIK International LLC, KIK Consumer Products, Inc., and KIK US Holdings LLC, and their respective current or former representatives, corporate representatives, successors, successors in trust, successor trustees, receivers, assigns, general partners, limited partners, agents, officers, directors, employees, contractors, subcontractors, divisions, subsidiaries, parent companies, subsidiaries, and affiliated or other related companies.

3. "Defendants" shall mean KIK and Bio-Lab.

4. "Site" means the property where the Fire occurred, 1630 and 1650 Old Covington Highway, Conyers, Georgia.

5. "Fire" means the fire that began at the Site on September 29, 2024.

6. "Physical Evidence" shall mean all aspects of the Site, including but not limited to walls, roofs, ceilings, floors, subfloors, foundations, fire prevention or suppression systems, fire safety systems, machinery, equipment, shelves, storage containers, vehicles, or other structures. Physical evidence shall also include any and all wreckage, waste, debris, or physical materials resulting from the fire, explosions and subsequent chemical reactivity, decomposition and/or corrosion events beginning September 29, 2024, and continuing through the execution of this Order, including without limitation any such evidence that was deposited beyond the boundaries of the Site.

7. "Physical Materials" shall mean any materials within the Site, including but not limited to chemicals, products, packaging, construction materials, remediation materials, response materials, or other materials, including without limitation any such materials that were deposited beyond the boundaries of the Site.

8. "Material" means any Physical Evidence, Physical Materials, and any other debris or other material collected by or for Bio-Lab and/or KIK at or near the Site and all debris or other material collected by or for Bio-Lab and/or KIK that was deposited on any property as a result of the Fire, including without limitation any debris collected under Defendants' debris clean-up program detailed at https://biolabcommunityresources.com/community-support/.

## Site Inspection Protocol

1. The Court has entered a Stipulated Order to Preserve Evidence and Limit Certain Communications with Putative Class Members. *See* Dkt. No. 62. ("Stipulated Evidence Preservation Order"). The Stipulated Evidence Preservation Order provides that Defendants shall make the Site as well as any portion of their adjacent property on which Material has been placed, available for inspection on a date mutually agreed upon by the Parties. *Id.* at 3–4.

2. In furtherance of the Plaintiffs' inspection, the Parties agree that Plaintiffs, including their experts and consultants, shall be permitted access to the Site and adjacent property, to the extent owned, leased, possessed, and/or

maintained by Defendant, on which Material has been placed or for which there is a good-faith basis to believe that Material may be found for the purposes of: (1) inspecting or documenting[1] Material; and (2) collecting samples of solids, metals, water, off-gas air canisters and soil from impacted areas as well as samples from various surfaces that may have come into contact with the released Material, burn and smoke residue, among others, pursuant to the following agreement:

    a.    On a date and time mutually acceptable and agreed-upon by the Parties, Representatives from Defendants and Plaintiffs and their experts will access the Site to inspect the Material and other evidence thereon, identify from where within the Site Plaintiffs wish to inspect or document Material or collect samples of Material consistent with a sampling protocol provided in advance. Each side will create its own map of the general areas from where Plaintiffs wish to inspect or document Material or collect samples; however,

---

[1] The Parties agree that any testing or analyses of Material, including any collection of samples of Material for same, shall be the subject of future discussions and/or stipulation with each Party reserving their rights in all respects. However, the Parties agree that, at a minimum, Plaintiffs may inspect (without tampering), photograph, and videotape all Material at the Site beginning on the date identified in subparagraph "a" below. Plaintiffs will retain possession of all photographic or video evidence collected or generated in the course of their inspection, and the same shall be entitled to protection from disclosure as litigation work product under Rule 26 of the Federal Rules of Civil Procedure. Plaintiffs acknowledge that confidential business information may be apparent at and around the Site and agree to treat any photographs or videos taken as confidential, not to be shared beyond counsel for Plaintiffs and any experts (subject to those experts also agreeing to maintain the photographs or videos as confidential).

this map is not intended to identify the exact location of where such examinations will take place;

      b.      The actual inspection or documentation of Material and collection of samples may begin on the same date as subparagraph "a" above and carry over from day to day should that be necessary;

      c.      This agreement only covers the Site and adjacent property that any Defendant owns, leases, possesses, and/or maintains on which Material has been placed or for which there is a good-faith basis to believe that Material may be found. In the event that Plaintiffs identify Material during the mapping process in paragraph "a" above on any land that no Defendant owns, leases, possesses and/or maintains, Defendants will, if known, provide the identity of the landowner to Plaintiffs' counsel, so that Plaintiff may seek permission for access if they so choose. While Defendants do not have authority to grant access to third party property, Defendants will not unreasonably withhold their consent to Plaintiffs' requests for access, nor engage in any action that discourages landowners from permitting such access;

      d.      Defendants shall be permitted to take duplicate samples from the same locations as those collected by Plaintiffs so long as doing so does not interfere with Plaintiffs' sample collection;

   e. Plaintiffs shall expressly be permitted to collect samples from any wastewater or soil stockpiles on the Site or adjacent property on which Material has been placed or for which there is a good-faith basis to believe that Material may be found; and

   f. To the extent that Plaintiffs wish to inspect or document Material or collect samples from any portion(s) of the Site or adjacent property on which Material has been placed or for which there is a good-faith basis to believe that Material may be found deemed inaccessible on the date and time identified in subparagraph "a", Defendants shall: (1) give notice to Plaintiffs within 72 hours of such portion(s) of the Site or adjacent properties becoming accessible; (2) permit Plaintiffs and their experts or consultants entry upon the Site or adjacent property on which Material has been placed or for which there is a good-faith basis to believe that Material may be found for purposes of inspecting or documenting Material or collecting samples from such portion(s) on a mutually agreeable date and time within seven (7) calendar days of such notice; and (3) preserve and maintain the condition of such portion(s) of the Site or adjacent properties until Plaintiffs and their experts or consultants have conducted their inspection or documentation of Material and collected samples.

3. The Parties further understand that government agencies—including

the Occupational Safety and Health Administration ("OSHA"), the Environmental Protection Agency ("EPA"), and the U.S. Chemical Safety and Hazard Investigation Board ("CSB")—are investigating the Fire, and the Parties' ability to inspect and collect samples as discussed in Paragraph 2 may need to be coordinated with and/or approved by those agencies. The Parties agree that before the agreed upon date of inspection, the Plaintiffs will provide a detailed proposal of what they want to sample, which will be submitted to the CSB for review and approval.

4. The Parties further understand that the owner of the Site may seek to regain sole possession and control over the Site, in which case Defendants' obligations hereunder with respect to non-owned Material remaining on the Site shall terminate upon the change in possession. If Defendants become aware of such intention by the owner of the Site, they must give reasonable notice to Plaintiffs such that Plaintiffs have an opportunity to conduct further inspection and must inform owner of Defendants' obligations under this Order.

5. The Parties further agree that upon twenty-four (24) hours' notice to the Defendants, Plaintiffs shall be permitted to conduct aerial photography and/or videography of the Site and adjacent property on which Material has been stored provided that such aerial photography and/or videography is conducted in accordance with applicable state and federal law. For the avoidance of doubt, this agreement shall constitute consent to such aerial photography and/or videography

7

by drone or otherwise under applicable regulations of the Georgia Civil Aviation Authority.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Date: November 20, 2024

<u>/s/ Daniel R. Flynn</u>
(with express permission)
Daniel R. Flynn*
**DICELLO LEVITT LLP**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Telephone: (312) 214-7900
dflynn@dicellolevitt.com

Jason J. Carter
Ga. Bar No. 141669
**BONDURANT MIXSON & ELMORE, LLP**
1201 West Peachtree Street, Suite 3900
Atlanta, Georgia 30309
Telephone: (404) 881-4100
carter@bmelaw.com

Jean Sutton Martin*
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
201 N. Franklin St., 7th Floor
Tampa, Florida 33602
Telephone: (813) 559-4908
jeanmartin@ForThePeople.com

L. Chris Stewart
Ga. Bar No. 142289
**STEWART MILLER SIMMONS TRIAL ATTORNEYS**
55 Ivan Allen Jr. Boulevard, Suite 700
Atlanta, Georgia 30308

<u>/s/ Michael A. Caplan</u>
Michael A. Caplan
Ga. Bar No. 601039
Michael L. Eber
Ga. Bar No. 859338
Jessica A. Caleb
Ga. Bar No. 141507
Alan M. Long
Ga. Bar No. 367326
Emily C. Snow
Ga. Bar No. 837411
**CAPLAN COBB LLC**
75 Fourteenth Street NE, Suite 2700
Atlanta, Georgia 30309
Tel: (404) 596-5600
Fax: (404) 596-5604
mcaplan@caplancobb.com
meber@caplancobb.com
along@caplancobb.com
esnow@caplancobb.com

Alan E. Schoenfeld*
**WILMER CUTLER PICKERING HALE and DORR LLP**
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Tel.: (212) 230-8800
Fax: (212) 230-8888
alan.schoenfeld@wilmerhale.com

Telephone: (404) 529-3476
cstewart@smstrial.com

*Admitted *Pro Hac Vice*

*Interim Co-Lead Class Counsel*

Felicia H. Ellsworth*
**WILMER CUTLER PICKERING HALE and DORR LLP**
60 State Street
Boston, Massachusetts 02109
Tel: (617) 526-6000
Fax: (617) 526-5000
felicia.ellsworth@wilmerhale.com

*Admitted *Pro Hac Vice*

*Counsel for Defendants*

**IT IS SO ORDERED**.

Date:  November 21, 2024

                                                                    _____
                                                                    Sarah E. Geraghty
                                                                    United States District Judge

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this day I caused a true and correct copy of the foregoing document to be filed with the clerk's office by using this Court's CM/ECF system, which will serve a true and correct copy of the same upon all counsel of record.

    This 20th day of November, 2024.

                                           */s/ Michael A. Caplan*
                                           Michael A. Caplan
                                           Ga. Bar No. 601039

                                           *Counsel for Defendants*