**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE BIO-LAB CLASS ACTIONS | Case No. 1:24-cv-04407-SEG |

**NOTICE OF PROPOSED AGENDA FOR
<u>STATUS CONFERENCE</u>**

Plaintiffs and Defendants (together, "Parties"), pursuant to this Court's November 15, 2024 Order [Doc. 112], submit the following Notice of Proposed Agenda for the December 5, 2024 Status Conference.

**Agenda Item 1: Procedural Update.**

On November 15, 2024, this Court entered an Order appointing Interim Class Counsel, scheduling the December 5, 2024 Status Conference, directing Plaintiffs to file an amended consolidated complaint by January 10, 2025, and directing Defendants to respond within 45 days of the filing of Plaintiffs' consolidated complaint [Doc. 112]. Plaintiffs intend to discuss additional case management items with Defendants prior to the next status conference.

**Agenda Item 2: Site Inspections.**

The Parties filed with this Court a Proposed Stipulated Order Regarding

1

Environmental Sampling and the Inspection of Evidence on November 20, 2024 [Doc. 127], which this Court entered on November 21, 2024 [Doc. 129] ("Sampling Order"). A visual inspection of the property located at 1630 and 1650 Old Covington Highway, Conyers, Georgia, was conducted on November 20, 2024. Pursuant to the Sampling Order, on November 27, 2024, Plaintiffs submitted a sampling plan to the U.S. Chemical Safety and Hazard Investigation Board ("CSB"). The sampling plan describes the samples to be collected from the remains of Building 12 located at 1630 and 1650 Old Covington Highway, Conyers, Georgia. The CSB is currently reviewing the Plaintiffs' sampling plan. Subject to the timing of the CSB's review and approval, the Parties are targeting a further site inspection on December 6, 2024. The additional site inspection will include sampling pursuant to a CSB-approved sampling plan.

Plaintiffs have requested permission to conduct a visual inspection of the other buildings owned and/or operated by Defendants at the Conyers facility. A visual inspection of the other buildings at the facility is necessary for a few reasons. First, given that Plant 12 is no longer standing, the state of the other operations will help Plaintiffs' experts understand Bio-Lab's operations, including what materials were present in Plant 12, how the materials that were stored in Plant 12 are processed, mixed, and bagged, and how Bio-Lab stores the same or similar materials in other buildings. Second, a visual inspection will help Plaintiffs' experts determine

whether the other buildings are interconnected or separate processes. A single process can extend to several buildings on site and in one location where the use, storage, manufacturing, handling, or movement of substances is interconnected or located so that a substance could be involved in a potential release across multiple buildings.

Defendants state as follows: Having conducted a multi-hour inspection of Plant 12, the single building location at which the September 29, 2024 fire and decomposition event occurred, Plaintiffs now also request to conduct a visual inspection of other buildings at the Conyers facility, but have not provided any credible basis why unrelated buildings or areas would have any relevance to the issues raised by Plaintiffs' complaints. Moreover, allowing Plaintiffs access to these unrelated areas of the Conyers facility is unduly burdensome to Defendants.

A site layout map of the Conyers facility is available here:



3

Plant 12 was the only building at the Conyers facility dedicated to storing packaging and raw materials. Other plants are used for other functions, such as blending, processing, packaging, maintenance, purchasing, and distribution.

Plaintiffs have offered two bases for their request to inspect buildings other than Plant 12—neither is persuasive. First, Plaintiffs have stated that they want to inspect other buildings to assess whether they were "interconnected" with Plant 12. But Plant 12 was a standalone warehouse that stored raw materials and packaging materials, and was physically and operationally separate from the other plants at the Conyers facility that serve other functions. Plant 12 did not share piping, sprinkler systems, or other relevant apparatus with other buildings, and was owned and constructed by a third party. Second, Plaintiffs have stated that they want to inspect other buildings on the theory that if the activities conducted in those buildings are similar to the activities conducted in Plant 12 before the Fire, inspection of these other buildings might shed some light on the physical organization or operation of Plant 12. But Plant 12 was the only building at the Conyers facility dedicated to storing raw chemicals and packaging materials, so inspecting other buildings will not—contrary to Plaintiffs' suggestion—shed any light on how the materials were stored the day of the Fire. Observing the blending process in a plant at the other end of the Conyers facility would have no bearing on what was happening in Plant 12. Likewise, observing the packaging process or more administrative functions such as

4

purchasing and distribution in plants near Plant 12 would be similarly irrelevant. By contrast, making other buildings accessible to Plaintiffs and their experts for another multi-hour inspection, including preparing the Site, ensuring that confidential and proprietary information is safeguarded, interrupting business operations, and providing security and other personnel for the site visit, would impose an undue burden on Defendants.

**Agenda Item 3: Document Production.**

On November 14, 2024, Defendants responded to Plaintiffs' First Set of Requests for Production of Documents. The Parties subsequently met and conferred on Defendants' responses. Defendants will provide additional responsive documents to certain of Plaintiffs' First Set of Requests for Production of Documents, subject to Defendants' stated objections. The Parties will meet and confer on other discovery issues.

**Agenda Item 4: Coordination with Class Actions Pending in State Court.**

The Parties are aware of eight other actions (including at least five styled as class actions) pending in the state courts of Rockdale and Gwinnett counties ("State Court Actions").

**Agenda Item 5: Communication with Putative Class Members.**

The Parties have met and conferred regarding ongoing communications with

actual and putative class members to ensure compliance with this Court's Order Restricting Communications with Actual and Putative Class Members [Doc. 53].

Dated: December 2, 2024

Respectfully submitted,

/s/Michael A. Caplan
Michael A. Caplan
Ga. Bar No. 601039
Michael L. Eber
Ga. Bar No. 859338
Jessica Arnold Caleb
Ga. Bar No. 141507
Emily C. Snow
Ga. Bar No. 837411
**CAPLAN COBB LLC**
75 Fourteenth Street NE, Suite 2700
Atlanta, Georgia 30309
Tel: (404) 596-5600
Fax: (404) 596-5604
mcaplan@caplancobb.com
meber@caplancobb.com
jarnold@caplancobb.com
esnow@caplancobb.com

Alan E. Schoenfeld*
**WILMER CUTLER PICKERING HALE AND DORR LLP**
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel.: (212) 230-8800
Fax: (212) 230-8888
alan.schoenfeld@wilmerhale.com

Felicia H. Ellsworth*
**WILMER CUTLER PICKERING HALE AND DORR LLP**

/s/ J. Cameron Tribble
J. Cameron Tribble
Georgia Bar No. 754759
**BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, Georgia 30060
Telephone: (770) 227-6375
roy@barneslawgroup.com
bevis@barneslawgroup.com
ctribble@barneslawgroup.com
ktullos@barneslawgroup.com

*Interim Liaison Counsel*

Daniel R. Flynn*
**DICELLO LEVITT LLP**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Telephone: (312) 214-7900
dflynn@dicellolevitt.com

Jason J. Carter
Ga. Bar No. 141669
**BONDURANT MIXSON & ELMORE, LLP**
1201 West Peachtree Street, Suite 3900
Atlanta, Georgia 3030
Telephone: (404) 881-4100
carter@bmelaw.com

6

<div style="display: flex;">

60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000
felicia.ellsworth@wilmerhale.com

*Counsel for Defendants*

**Pro hac vice*

Jean Sutton Martin*
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
201 N. Franklin St., 7th Floor
Tampa, Florida 33602
Telephone: (813) 559-4908
jeanmartin@ForThePeople.com

L. Chris Stewart
Ga. Bar No. 142289
**STEWART MILLER SIMMONS TRIAL ATTORNEYS**
55 Ivan Allen Jr. Boulevard, Suite 700
Atlanta, Georgia 30308
Telephone: (404) 529-3476
cstewart@smstrial.com

*Interim Co-Lead Class Counsel*

**Pro Hac Vice*

</div>

## **LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing pleading filed with the Clerk of Court has been prepared in 14-point Times New Roman font in accordance with Local Rule 5.1(C).

*/s/ J. Cameron Tribble*
J. Cameron Tribble
Georgia Bar No. 754759
**BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, Georgia 30060
Tel. 770.227.6375
ctribble@barneslawgroup.com
*Interim Liaison Counsel*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 2, 2024, I electronically filed the foregoing **NOTICE OF PROPOSED AGENDA FOR STATUS CONFERENCE** with the Clerk of Court using the CM/ECF System which generates an email notice of the filing to those parties registered to receive electronic notices in this case.

This 2nd day of December, 2024.

**BARNES LAW GROUP, LLC**

<u>*/s/J. Cameron Tribble*</u>
J. Cameron Tribble
Georgia Bar No. 754759
31 Atlanta Street
Marietta, Georgia 30060
Tel. 770.227.6375
ctribble@barneslawgroup.com
*Interim Liaison Counsel*