UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: BIO-LAB CLASS ACTIONS | CIVIL ACTION NO. 1:24-CV-4407-SEG |

**[PROPOSED] PRETRIAL ORDER NO.**
**Plaintiffs' Counsel's Time and Expense Submissions**

This Order provides standards and procedures for the fair and equitable sharing among plaintiffs, and their counsel, of the burden of services performed and expenses incurred by attorneys acting for the common benefit of all plaintiffs in this consolidated matter, *In re Bio-Lab Class Actions* (1:24-cv-04407-SEG); for the establishment of rules for compensable common benefit work and expenses; for the anticipated assessments determined Co-Lead Counsel to be necessary to fund payment for common benefit fees and costs; for the procedures for reporting of time and expenses and review of those submissions by Interim Co-Lead Class Counsel ("Co-Lead Counsel" or "Interim Class Counsel"); for the establishment of a time and expense reporting platform; and, other related issues. This Order applies to all cases now pending, as well as to any cases later filed in, transferred to, or removed to this Court and included as part of this consolidated matter, and any attorney or firm with a fee interest in or performing common benefit work in those cases (herein, "Participating Counsel").

Payment of common benefit fees and reimbursement of common benefit expenses for services of all plaintiffs' counsel performing functions in accordance with this Order will be set at a time and in a manner established by the Court after due notice to all counsel and after a hearing.

Should this litigation be certified as a class action under Fed. R. Civ. P. 23 for purposes of resolution and/or trial, the standards and procedures set forth in Rule 23, including Rule 23(h) shall also govern any award of fees and costs for common benefit work. No award or payment of common benefit fees or costs shall be made without this Court's approval.

Participating in this litigation does not pre-determine payment of fees and costs. Participating Counsel shall be eligible to receive common benefit attorneys' fees and imbursement of costs and expenses only if the time expended, costs incurred, and activity in question were (a) for the common benefit of Plaintiffs; (b) timely (as provided herein) submitted; and (c) reasonable. The Court retains full discretion to evaluate the reasonableness of any costs, fees, expenses, or time submitted by counsel. Compliance with these guidelines does not, on its own, establish the reasonableness of fees or expenses incurred.

Any Participating Counsel are deemed to have read this entire Order and agreed to be bound by the terms of this Order. All Participating Counsel agree that the final award of the judge on common benefit will be non-appealable. Every

lawyer choosing to do common benefit work or who seek common benefit awards are waving any appellate rights on whether any award is given and on how much that award is.

Participating Counsel, as defined above, shall agree to the terms and conditions herein, including submitting to this Court's jurisdiction and agreeing that this Court has plenary authority regarding the award and allocation of common benefit attorneys' fees and expense reimbursements in this matter.

Co-Lead Counsel have appointed a Time & Expense Committee, with co-chairs Jean Martin of Morgan & Morgan Complex Litigation Group and Michael Terry of Bondurant Mixson & Elmore, as counsel responsible for record-keeping related to time and expenses. It is contemplated that such time spent and expenses incurred on behalf of the *In Re*: *BioLab Class Actions* litigation may be submitted to the Court upon resolution of the case(s) pursuant to the Eleventh Circuit's guidelines for such fee petitions. Co-Lead Counsel shall provide periodic time and expense reports to the Court as requested.

Any counsel seeking fees and/or expense reimbursement must follow the standards and procedures outlined herein.

**SO ORDERED** this \_\_\_\_\_ day of January 2025.

_____
SARAH E. GERAGHTY
United States District Judge

## PROTOCOL FOR TIME AND EXPENSE REPORTING

### *In re Bio-Lab Class Actions*
### No. 1:24-cv-4407-SEG (N.D. Ga.)

As Co-Lead Counsel anticipate that time and expenses incurred for the common benefit of the putative class will be compensated via a class action fee application and/or a common benefit fees and expenses application from the assessment of individual cases, these guidelines are critical to a successful application for payment of class and/or common benefit fees and expenses.

### I.      GENERAL POLICIES

     **a.**     **All Time and Expenses Must Be Authorized**. Participating Counsel will only be entitled to fees or reimbursement of expenses for functions or expenses authorized in advance by Co-Lead Counsel, Liaison Counsel or a Committee Chair. If counsel has any doubts about whether common benefit work has been authorized, please request clarification from Co-Lead Counsel or a Committee Chair. Time and expenses will only be submitted to the Court for work authorized in advance. ***Therefore, each billing entry must indicate who assigned you the function for each task that is billed.*** Plaintiffs' counsel will only be entitled to fees or reimbursement of expenses for functions or expenses authorized in advance by Co-Lead Counsel or a Committee Chair If counsel has any doubts about whether common benefit work has been authorized, please reach out to Co-Lead Counsel or a Committee Chair for clarification. Time and expenses will only be submitted to the Court for work authorized in advance. ***Therefore, each billing entry must indicate who assigned you the function for each task that is billed.***

     **b.**     **Adherence to This Protocol Required**. Simply reporting the time does not mean a firm will be paid for that time or that such time will be included in any fee application. Time that is not expended and timely reported in accordance with this protocol shall not be considered. Further, Co-Lead Counsel and/or the Time and Expense Committee will evaluate the propriety of all reported time to ensure that the tasks were efficiently handled and are reasonable.

  **c.**  **Minimum Number of Attorneys**. As few attorneys as reasonably possible should be on any conference call, deposition, hearing, or meeting. At all times, care and attention shall be paid to avoid overbilling and overstaffing the case. It is not necessary for all lawyers appointed to leadership positions to attend hearings or status conferences with the Court unless so directed by the Court. Generally, only Co-Lead and Liaison Counsel shall attend regular conferences and hearings. Typically, the Court will arrange for other counsel to participate in hearings and conferences telephonically. However, there may be good reason to depart from this policy, such as when a lawyer is particularly knowledgeable about a matter to be taken up with the Court. Decisions to depart from the policy will be made by Co-Lead Counsel on a hearing-by-hearing basis, and the Court shall be notified prior to any hearing of additional counsel seeking to participate in-person.

  **d.**  **Regularly Scheduled Calls.** As the litigation progresses, Co-Lead Counsel and Committee chairs may hold regularly scheduled calls for the purposes of developing strategy for the litigation, updating counsel on status of assignments, avoiding duplication of efforts, and maintaining a coordinated, efficient litigation. For billing purposes, these calls should generally be limited to lawyers who have been appointed to a leadership position by the Court or, if that person is unavailable, a designee from the appointed lawyer's firm, unless otherwise approved by Co-Lead Counsel.

  **e.**  **Staffing and Billing Practices**. The Court cautions counsel to be mindful that staffing and billing should be commensurate with the activities to be performed. For example, assignments should be delegated commensurate with the staff level (i.e., partner, associate, paralegal), years of experience and with the goal of avoiding over-staffing, duplication and overbilling. As another example, a senior partner should not be performing and billing for dozens of hours of document review, absent a compelling need. Further, absent extenuating circumstances, review of documents and coding shall be capped at the lesser of the timekeeper's regular rate or $500.00 per hour.

  **f.**  **Common Benefit Time Only.** Time and expenses incurred prior to the appointment of Interim Class Counsel will be considered for compensation only to the extent they contributed to the advancement of the litigation as a whole and were incurred for the benefit of all plaintiffs. Any time billed prior to appointment that counsel submits for consideration shall include an explanation as to how the work performed was directed by the Court or otherwise benefitted the putative class(es) as a whole. Costs or time incurred for individual case acquisition are not for the benefit of all plaintiffs and should not be submitted.

  **g.**  **Casual Review of Filings and Emails**. Casual review of filings, orders, transcripts, emails, or other documents not directly related to work assigned by Co-Lead Counsel and/or Committee Chairs shall not be allowed, except for Co-Lead and Liaison Counsel. This will not be considered compensable time and should not be submitted. If counsel are reviewing for an assigned reason (*i.e.*, to revise and edit, or to prepare for a hearing, conference call, or deposition), the description shall so state. Moreover, if not performing work relating to a specific assignment, counsel should not be billing to review those documents. For example, if counsel are not assigned to work on discovery issues, they should not bill to review motion to compel briefs and responses, even if review of the same is necessary to apprise an individual client of the status of discovery. Also, for example, billing an inordinate amount of time reviewing/responding to emails is not acceptable and shall be rejected and/or reduced. Generally, administrative emails should not be billed except for Co-Lead and Liaison Counsel.

  **h.**  **Administrative Tasks and Administrative Staff.** Time for communication with administrative staff (except for lengthy substantive conversations, such as training staff on document review protocols or other supervisory matters) generally is not billable. Attorney time for administrative tasks that could be handled by a secretary or paralegal, such as organizing files, copying and mailing, also generally is not billable. Leaving a voicemail likewise is not billable.

  **i.**  **Contract Attorneys**. No contract lawyers may be used to work on this case without Co-Lead Counsel's prior written approval. Further, in seeking approval for the use of contract lawyers, counsel shall disclose to Co-Lead Counsel both the amount that you will be paying those contract lawyers, as well as the rate at which you intend to bill for their time. The Court may cap such rates to the extent contract attorneys are ever used.

  **j.**  **Allocation of Fees.** If Plaintiffs are successful in this litigation and the Court determines it is appropriate to award a fee in this litigation, the allocation of the fee among the participating firms will be first proposed by Co-Lead Counsel after the fee has been awarded. In allocating any fee, Co-Lead Counsel will be guided by the concept that each firm will be rewarded for the value it has contributed to the results obtained for our clients. Thus, while each firm's lodestar will be a substantial factor in determining value, it will not be the only factor. Significant weight will be given to factors such as how efficiently and effectively a firm has handled its responsibilities, the nature of the work that was done, creativity, collegiality, equity, and any other considerations that Co-Lead Counsel deem

relevant. All Participating Counsel who submit time and expenses pursuant to the procedures set forth in this Order, and who seek an allocation of fees in the event Plaintiffs produce a successful result for which this Court determines a common benefit recovery is appropriate, shall have an opportunity to appeal their fee allocation to the Court, or a Special Master should one be appointed by the Court, but in no event shall there be further appeal beyond the District Court. Interim Class Counsel has advised the Court of their consent to waive their rights to appeal this Court's determinations on attorney fee allocation, and no objections to entry of this Order have been provided to the Undersigned at the time of this Order's entry.

## II.      SUBMISSION OF TIME AND EXPENSES

   a.      **Submissions must be made using the designated Time and Expense Portal.** Co-Lead Counsel have retained and the Court approves the retention of Eisner Advisory Group, LLC ("EAG" or "EisnerAmper") to receive time and expense report submissions through their time and expense portal. Time and expense submissions must be submitted timely as set forth herein, and on a monthly basis to EisnerAmper directly through a centralized system, for an initial review by Co-Lead Counsel and/or their Time and Expense Committee. Templates and instructions regarding submission of time and expenses pursuant to this Order shall be distributed by Co-Lead Counsel prior to the due date of the first submission. **Time and expenses not submitted using the designated portal will not be considered.** Questions regarding the reports are to be directed to Jean Martin or Michael Terry.

   b.      **Monthly Deadlines for Time and Expense Submissions.** The first time and expense reports are due **March 1, 2025,** and should include all qualified time and expenses incurred from inception of the case through January 31, 2025. Time and expense reports thereafter are to be submitted **by the 15th of each month** (or the first business day thereafter) for the preceding month (*i.e.*, the March 15, 2025 time and expense reports should include all time and expenses from February 1-28, 2025). **Please advise Co-Lead Counsel as to who at your firm is the appropriate contact person for time and expense reporting purposes.** All participating firms will be registered for the portal and online training and training materials will be provided prior to the first submission.

   c.      **Time and Expenses Incurred Prior to this Order.** While pre-leadership appointment common benefit time and expenses should be submitted in the first time and expense reports, Co-Lead Counsel will make the determinations on whether to include such time and expenses in a fee petition and, ultimately, the Court will determine whether any pre-appointment time and expenses are

compensable. Any pre-appointment time not submitted in the first Time and Expense Submission due March 1, 2025 will not be considered in a fee petition or submitted to the Court for consideration.

        **d.**    **Co-Lead Counsel may not consider, compile, or include any time and expenses that are submitted significantly late**. Time or expenses submitted more than sixty (60) days past the deadline set forth above shall not be considered without a motion to the Court and an Order granting extension of the deadline for good cause.

        **e.**    **Audits.** All billings will be audited periodically and billings that the Time and Expense Committee and/or Co-Lead Counsel do not believe are appropriate may be disallowed before any motion for an award of fees or expenses is submitted to the Court, or at any time thereafter. Given the number of reports anticipated over the course of this litigation, it may not be realistic for the Time and Expense Committee, Co-Lead Counsel, and/or the Court to provide immediate feedback regarding time submission. Such determinations may evolve as the case progresses and may be based on feedback from the Court. Accordingly, even if billing reports are "accepted" at the time submitted, this is not a presumption or predetermination that the time is "approved," or that the submissions will ultimately be deemed compensable. Co-Lead Counsel shall examine all time submissions in a comprehensive way before any fee and/or expense reimbursement application is submitted to determine, based upon a complete picture of how the case was prosecuted, how each firm's time should be treated.

### III.    TIME AND EXPENSE REPORT VERIFICATION

Submitting a Time and Expense report through the portal will serve as certification by the firm's responsible attorney attesting to the accuracy of the submissions.

Counsel must maintain the underlying time and expense records that support your monthly submissions, including original itemized receipts for all charges over $25.

### IV.    TIME REPORTING DETAILS

Time submissions must be detailed and based on contemporaneously kept records. Accordingly, counsel shall observe the following protocols:

- Time must be billed in six-minute (tenth-of-an-hour) increments and shall be contemporaneously recorded as the actual time spent.

- All Plaintiffs' Counsel shall keep a daily record of their time spent in connection with this litigation, indicating with specificity the date, hours, rate, name of Co-Counsel who authorized the task, and particular activity. Failure to comply with these requirements may result in disallowance of the submission. Time shall be kept in accordance with the following Litigation Task Codes:

  Category of Work Performed:
  - L110 Fact Investigation/Development
  - L120 Analysis/Strategy
  - L130 Experts/Consultants
  - L140 Document/File Management
  - L150 Budgeting
  - L160 Settlement/Non-Binding ADR
  - L190 Other Case Assessment, Development and Administration
  - L210 Pleading
  - L220 Preliminary Injunctions/Provisional Remedies
  - L230 Court Mandated Conferences
  - L240 Dispositive Motions
  - L250 Other Written Motions and Submissions
  - L260 Class Action Certification and Notice
  - L310 Written Discovery
  - L320 Document Production
  - L330 Depositions
  - L340 Expert Discovery
  - L350 Discovery Motions
  - L390 Other Discovery
  - L410 Fact Witnesses
  - L420 Expert Witnesses
  - L430 Written Motions and Submissions
  - L440 Other Trial Preparation and Support
  - L450 Trial and Hearing Attendance
  - L460 Post-Trial Motions and Submissions
  - L470 Enforcement

- - L510 Appellate Motions and Submissions
  - L520 Appellate Briefs
  - L530 Oral Argument

- Time reported must be reasonable and necessary and shall not exceed the fair value of the services performed. Unnecessarily duplicative work by multiple lawyers in the same firm will be rejected.

- Work performed by those not employed by an appointed leadership counsel's firm must secure the express authorization of Co-Lead Counsel for any projects or work undertaken in this litigation.

- Each time entry shall indicate which Co-Lead Counsel or Committee Chair approved the work being billed.

- Time reported must include a detailed description of the work performed:

  - Time entries will require fulsome, clear descriptions of each and every time entry you make, and separate tasks should have separate time indicated parenthetically within a given day's entry. Individuals identified in time entries must be described by at least their first initial and last name, not by initials. "J. Doe" is preferred; "John Doe" is acceptable; and "JD" is unacceptable.

  - Use descriptive and detailed summaries and action words. When describing the documents you are working on, instead of writing "review order," provide more details by specifying the subject or date of those documents (*e.g.*, "review stipulation to continue Rule 16 conference"). If you do an in-depth and long review of a document, list why (*e.g.*, "in preparation for a deposition") or at least list further descriptive words (*e.g.*, "review and analyze"). Similarly, when describing your actions, avoid using phrases like "work on x" or "follow up on y," as these do not make clear what you actually did (instead use words like review, draft, analyze, annotate, research, etc.).

  - Always include subject matter in your entries. References to "phone call," "review documents," "legal research," "attend meeting," "review

      email," standing alone, are insufficient (instead use phone call regarding XXX).

- o Check spelling and grammar and avoid abbreviations that may make sense to you alone, or to you and other plaintiffs' counsel, but not to the Court.

- Always list other participants on telephone calls or in meetings, either by title (*i.e.*, "opposing counsel," or, preferably, by name). If there are large team conference calls or meetings, we can designate one person to list all participants in the billing record, and others can then record "phone call with team." It may not be possible or desirable to list all recipients of emails, but try to specify the general group (*i.e.*, "exchange email with opposing counsel re:...," "exchange email with Co-Lead Counsel re:...," or "exchange email with J. Doe re:...").

- At the end of any call or meeting, counsel are encouraged to confirm the time to be billed. If it is a team conference call, or other call with a number of participants, the person chairing the meeting shall state the amount of time at the end of the call or send an email thereafter. The Court encourages the same practice for meetings with attorneys in your own firm**.** If joining a call late, or getting off a call early, please state "(partial)" in your time records to avoid confusion about how long the call or meeting lasted.  Time submissions may be reduced if there are inconsistencies in the length of time spent on the same conference call or group meeting.

- Time spent entering or summarizing time and/or expense reports shall not be billable, unless the biller has been assigned by the Time and Expense Committee or Co-Lead Counsel to review time and expense submissions.

      Each law firm should provide to the Time and Expense Committee a list of the proposed attorneys/paralegals who will bill time on this case and their customary and usual court-approved hourly rates. For each attorney, you must also specify their title (Partner, Associate, Of Counsel, Staff/Project Attorney, Paralegal, etc.) and the year they were licensed. After receipt of these hourly rates, Co-Lead Counsel reserves the right to harmonize these rates.

## V.  EXPENSE REPORTING DETAILS

Expense reports must be maintained contemporaneously and with specificity. Accordingly, counsel shall observe the following protocols:

- Counsel are reminded that only reasonable and appropriate expenses incurred while performing work to advance the litigation will be eligible for consideration as compensable expenses.

- Original receipts for all expenses must be maintained by the submitting counsel and shall be provided to Co-Lead Counsel upon request. Receipts must be itemized unless the charge is less than $25.

- Co-Lead Counsel shall maintain a litigation fund (which shall be managed by DiCello Levitt and Huntington Bank) and any expense paid as a shared expense from the litigation fund shall be pre-approved prior to reimbursement or payment.

- Although counsel should submit all expenses incurred in a certain month in the submission made on the 15th day of the next month, some third-party billing and credit card statement schedules may preclude or make impractical such quick expense submission in some circumstances. In such circumstances, counsel may include expenses incurred in the previous three months that—because of circumstances outside the submitting counsel's control—could not have been submitted by the deadline. Counsel must include an explanation for such submission in the description of the expense.

- Any expenses submitted more than two months in arrears will not be considered or included in any compilation of compensable expenses and will be disallowed, except for good cause shown and with approval of Co- Lead Counsel or by Order of the Court upon a motion for extension for good cause.

- Expense Reports must be submitted using the Time and Expense form (attached hereto) and must be reported using the following category codes:

1. **Federal Express/Local Courier, etc.** All claimed expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package.

2. **Postage Charges.** A contemporaneous postage log or other supporting documentation must be maintained and submitted. Postage charges are to be reported at actual cost

3. **Facsimile Charges.** Contemporaneous records should be maintained and submitted showing faxes sent and received. The per-fax charge shall not exceed $1.00 per page.

4. **Conference Call Phone Charges.** Counsel shall use best efforts to avoid telephone charges by using Zoom or other forms of free, secure communication. Should conference call charges be incurred, copies of the telephone bills must be submitted with notations as to which charges relate to this litigation.

5. **In-House Photocopying.** A contemporaneous photocopy log or other supporting documentation must be maintained and submitted. The maximum copy charge is 35¢ per page.

6. **Outside Photocopying.** All claimed expenses must be documented with bills showing the actual charges by the vendor, along with a description of why outside photocopying is appropriate.

7. **Hotels.** Hotel room charges for the average available room rate of a reasonable business hotel (Marriott/Hilton/Hyatt) will be reimbursed. Unusually high hotel charges may be reviewed and disallowed Hotel expense submissions must be supported by a hotel issued receipt. If a receipt is not available, a credit card statement or canceled check may be submitted provided it is accompanied by an Affidavit that states that the expense was incurred for travel related to common benefit and within the limitations of this Pre-Trial Order.

8. **Meals.** Meal expenses must be reasonable. Meal expense submissions must be supported by receipts or credit card statements that reflect the date and

those partaking in the meal. Unusually large meal expenses may be reviewed and disallowed. Excessive alcohol charges associated with meals or travel will be disallowed.

9. **Mileage.** Any request for mileage expenses must include the total number of miles, which will be multiplied by the IRS Standard Business Mileage Rate for the period in which the mileage was driven)

10. **Air Travel.** Counsel shall use best efforts to obtain reasonably- priced refundable, safe, and convenient coach fare plane tickets. First-Class airfare shall not be reimbursed. Notwithstanding the foregoing, first class airfare for flights that are in excess of three hours non-stop flight time or international flights may be reimbursed at the discretion of Co-Lead Counsel. Airfare expense submissions must be supported by invoice or receipt for airfare that shows class of airfare purchased, name of traveler, and destination. If an invoice or receipt is not available, a canceled check or credit card statement may be submitted provided an Affidavit from the traveler is also submitted stating that the expense was for coach airfare, within the limitations of this Pre-Trial Order, and that the trip was for common benefit. If first class if flown and only coach fare is reimbursable, the applicable coach fare shall be provided.

11. **Deposition Costs** (for all court reporter and videographer costs). Court reporter services and Court hearings and depositions and videography services for depositions shall be a shared costs and shall be pad directly from Leadership's Litigation Fund. The vendors used for court reporting and videography services shall be approved in advance by Co-Lead Counsel or the Discovery Committee.

12. **Lexis/Westlaw/Bloomberg/Pacer.** Claims for Lexis, Westlaw, and other computerized legal research expenses should be in the exact amount charged to the firm for these research services.

13. **Witness and Expert Expenses.** All Witness and Expert work and expenses must be approved by Co-Lead Counsel prior to being incurred. Witness and expert expenses are a shared costs which shall qualify for submission to and payment directly from the Leadership's Litigation Fund. Co-Lead Counsel or

the Expert Committee Chairs shall review and approve in writing any expenditures for witnesses and experts.

14. **Court Fees.** Court fees related to the consolidated action shall be paid by the Leadership's Litigation Fund.

15. **Service of Process Fees.** Service of Process fees related to the consolidated action shall be paid by the Leadership's Litigation Fund.

16. **Hearing and Trial Transcripts.** Fees related to hearing and trial transcripts for the consolidated action shall be ordered by Co-Lead Counsel, or their designee, and shall be paid by the Leadership's Litigation Fund.

17. **Ground Transportation** (i.e., rental car, taxi). Counsel shall use best efforts to avoid excessive taxi or rideshare expenses, such as Uber or Lyft. Automobile rentals must be reasonable for the date and location of the rental. Unusually high car rental charges may be reviewed by Co-Lead Counsel and disallowed. Rental automobile expense submissions must be supported by receipts or credit card statements. Such rentals shall be limited for purposes of traveling to or from meetings, hotel, depositions, court appearances and airport. The use of hired limousines is discouraged. Luxury automobile/limousine services will be reimbursed at the discretion of Co-Lead Counsel and only when other means of safe, convenient and more affordable transportation are not available.

18. **Miscellaneous.** This code should be used rarely, if at all, and must include a specific explanation of the nature of the expense.

- Every expense needs to be detailed and specific. Descriptions such as "Deposition Services" or "Plane Ticket" are insufficient. Please say "plane ticket to XXX for deposition of YY."

- No entry should contain more than one category of expense, and no entry should have more than one expense category code assigned. If, on the same day, one person incurs two expenses, there should be two separate entries for that person for that date. If multiple timekeepers incur the same expense for the same category, then there should be a separate entry for each person. The

only exceptions are instances of approved charges for postage, facsimile, long distance telephone, in-house photocopying and computerized research, which may be submitted as a cumulative cost, if necessary.

## V.     COMMON BENEFIT EXPENSE RULES

Advanced costs will be deemed as either "Shared" or "Held." Both Shared and Held Costs are those incurred for the common benefit of the putative class(es). Costs exceeding $1,000 require approval from Co-Lead Counsel or a Committee Chair, except for air fare. No individual client-related costs will be considered as Shared or Held Costs.

Shared Costs will be paid out of the Litigation Fund account to be established, which shall be funded by the periodic contributions/cash calls established by Court-appointed counsel (Dkt. 112). The Litigation Fund account will be administered by DiCello Levitt and Huntington Bank.

Held Costs are those that will be carried by each attorney and incurred in connection with common benefit work. These shall be reimbursed as and when determined by the Court.

Co-Lead Counsel and/or the Time and Expense Committee shall prepare and be responsible for distributing to counsel the reimbursement procedures for Shared Costs and the forms associated therewith.

All costs for the common benefit of the putative which fall under the following categories shall be considered **Shared Costs** and qualify to be submitted and paid directly from the Litigation Fund account. Shared Costs include:

- Court, filing and service costs;
- Deposition and court reporter costs;
- Document Depository: creation, operation, staffing,and administration;
- Administrative matters approved by Co-Lead Counsel (Dkt. 112);
- Legal, accounting and vendor fees;
- Expert witness and consultant fees and expenses;
- Common witness expenses, including travel;
- Translation costs;
- Bank or financial institution charges;
- Investigative services;

- Claims Administrator charges;
- Special Master charges; and
- CPA charges.

Request for payments from the Litigation Fund account must be made on a Shared Expense Reimbursement Form to be provided by Plaintiffs' Time and Expense Committee, with sufficient information pursuant to the rules and procedures outlined herein to account properly for costs.

**Held costs** are costs incurred by Participating Counsel that do not fall into the above Shared Costs categories but are incurred for the common benefit of the putative class(es). No client-specific costs can be considered as Held Costs. Held Costs include the following which are governed by the Travel and Non-travel limitations set forth herein:

- Postage, shipping, courier, certified mail;
- Printing and photocopying (in-house);
- Computerized research - Lexis/Westlaw (actual charges only);
- Telephone - long distance (actual charges only);
- Travel (airfare, ground transportation, hotel, etc) - including travel for counsel to attend depositions or court;
- Reasonable meals; and
- Other reasonable and necessary charges such as parking.

## VII. LITIGATION FUND CONTRIBUTIONS

Co-Lead Counsel are ultimately responsible for the common costs related to all matters for the common benefit of putative class(es) in this litigation. In order to fund these necessary activities, Plaintiffs' Co-Lead Counsel are authorized to establish one or more bank accounts for the collection and deposit of Litigation Fund Contributions and for the payment of each of their respective Shared Costs as defined herein, as well as any other such functions as may be necessary and appropriate. Plaintiffs' Co-Lead Counsel have indicated that the Litigation Fund will be administered by DiCello Levitt and Huntington Bank. An accounting of Shared Cost submissions and payments shall be maintained by Co-Lead Counsel, including through the Time and Expense Committee.

Co-Lead Counsel, Liaison Counsel, members of the Executive Committee and other counsel selected by Co-Lead Counsel to participate in common benefit work in this litigation must periodically contribute to the Litigation Fund account at times and in amounts sufficient to cover the administration of the litigation, as determined by the Co-Lead Counsel. The amount set as a periodic contribution must be paid within thirty (30) days from the date of the written notification of the contribution and the amount of the contribution.  Should any firm fail to contribute its contribution, in whole or in part, within sixty (60) days after the written notification of the assessment, Co-Lead Counsel have the authority to impose a prohibition on further work or other appropriate sanctions and shall timely advise the Court of the failure of a firm to contribute.

To ensure that counsel remain current with their obligations, it is imperative that counsel follow the rules set forth herein. Failure to maintain and timely submit time and expense records with sufficient descriptions of the time spent and expenses incurred may be grounds for denying attorneys' fees and/or expenses, removal from appointment, and/or other appropriate penalties.