# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| *In Re*: BioLab Class Actions | Civ. A. No. 1:24-CV-4407-SEG |

## PLAINTIFFS' STATEMENT IN SUPPORT OF THEIR PROPOSED CASE MANAGEMENT ORDER

Jason J. Carter
BONDURANT MIXSON & ELMORE
1201 West Peachtree Street, Suite 3900
Atlanta, Georgia 30309

L. Chris Stewart
STEWART MILLER SIMMONS
55 Ivan Allen Jr. Boulevard, Suite 700
Atlanta, Georgia 30308

Daniel R. Flynn
DICELLO LEVITT
10 North Dearborn Street, Sixth Floor
Chicago, Illinois 60602

Jean Sutton Martin
MORGAN & MORGAN
201 N. Franklin St., Seventh Floor
Tampa, Florida 33602

Plaintiffs, BioLab, and KIK have reached agreement on a scheduling order that divides discovery into two phases: (1) document production, which begins on March 26, 2025, and (2) and full fact discovery, which begins after the Court rules on the motions to dismiss. The schedule aligns discovery in this matter with discovery in the pending state court cases,[1] which enables the parties to maximize efficient use of resources and time. However, the Centerbridge Defendants oppose this coordinated schedule because it requires them to produce documents prior to a ruling on their forthcoming motion to dismiss. *See* LR 26.2.

A trial court has the inherent authority "to alter the normal discovery schedule 'for the convenience of parties and witnesses and in the interests of justice.'"[2] In the interests of the efficient and fair administration of justice, this Court should exercise this discretion and require Centerbridge to produce documents on the same schedule as the other parties. While a trial court should dispose of facial challenges to claims that "dramatically enlarge[]" the scope of discovery, it retains discretion to allow discovery before the resolution of such claims so long as they would not "significantly increase[] the burden of discovery."[3]

Here, the ability of KIK to adequately fund the maintenance and improvement

---

[1] O.C.G.A. § 9-11-12(j)(1) (motion to dismiss stays discovery for 90 days).
[2] *White v. Georgia*, No. 1:07-cv-1739-WSD, 2007 WL 3170105, at *1 (N.D. Ga. Oct. 25, 2007).
[3] *See Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1294 (11th Cir. 2005); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997).

of critical safety infrastructure across BioLab facilities is a central issue to this case. That ability was severely compromised by Centerbridge's orchestrated diversion of KIK's funds to its investors. From 2015 to 2024, Centerbridge extracted more than $1 billion in dividends from KIK, while simultaneously saddling KIK with almost $1 billion in debt. Dkt. 138, Consol. Compl. ¶¶ 187, 189, 199, 205. One of the largest dividend payments, just under $500 million, came in 2020, immediately *following* a massive fire and explosion at KIK/BioLab's Lake Charles plant and two back-to-back fires at the Conyers plant, all caused by a failure to protect TCCA materials from water. *Id.* ¶¶ 191, 195, 238, 244. As a result of paying this dividend to Centerbridge, KIK did not have the capital to fund rebuilding and repairs, and was forced to take out $250 million in loans. *Id.* ¶¶ 192, 199, 205. The safety impact of these ongoing diversions is evidenced by the fact that within four months of reopening the Lake Charles plant, the plant had multiple chlorine leaks that caused a shelter-in-place order and then barely a year after that, the plant caught fire again.

      Because these are critical facts in this case, which would be discoverable in third-party practice regardless, requiring Centerbridge to produce relevant documents now does not "dramatically enlarge" the scope of discovery.[4] The burden on Centerbridge is also lessened because the proposed order only sets an earlier deadline for document production. It preserves the parties' resources by deferring

---

[4] *Chudasama*, 123 F.3d at 1368.

depositions and costly expert discovery until after a ruling on the motions.

In contrast, however, delaying Centerbridge's document production disrupts the entire case management schedule agreed to by Plaintiffs, BioLab, and KIK. First, because these parties will already have exchanged documents prior to the ruling, the deposition and expert phase will proceed efficiently. However, without documents from Centerbridge, Plaintiffs will be unable to take timely, fulsome depositions. Multiple officers and directors of Centerbridge are also officers and directors of KIK, Compl. ¶¶ 162–67, and the decisions of these individuals directly affected the finances and operations of KIK. Centerbridge's documents will also be relevant to the depositions of other KIK officers and directors. Second, late document production by Centerbridge will likely reveal new information that may require follow up requests to KIK and BioLab. Having all parties produce documents in the same phase eliminates these delays and duplicative efforts.

Efficient discovery facilitates "the orderly and expeditious disposition of cases."[5] Because early document production does not dramatically expand the scope of discovery here, because the burden on Centerbridge is minimal, and because the efficiencies to be gained are significant, the Court should enter Plaintiffs', KIK's, and BioLab's proposed case management order and open document discovery on March 26, 2025.

---

[5] *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991).

Respectfully submitted this 14th day of February, 2025.[6]

| | |
|---|---|
| Daniel R. Flynn<br>Admitted *Pro Hac Vice*<br>DICELLO LEVITT LLP<br>Ten North Dearborn Street, Sixth Floor<br>Chicago, Illinois 60602<br>(312) 214-7900<br>dflynn@dicellolevitt.com<br><br>Jean Sutton Martin<br>Admitted *Pro Hac Vice*<br>MORGAN & MORGAN<br>201 N. Franklin St., 7th Floor<br>Tampa, Florida 33602<br>(813) 559-4908<br>jeanmartin@ForThePeople.com | */s/ Jason J. Carter*<br>Jason J. Carter<br>Ga. Bar No. 141669<br>BONDURANT MIXSON & ELMORE, LLP<br>1201 West Peachtree Street, Suite 3900<br>Atlanta, Georgia 30309<br>(404) 881-4100<br>carter@bmelaw.com<br><br>L. Chris Stewart<br>Ga. Bar No. 142289<br>STEWART MILLER SIMMONS TRIAL ATTORNEYS<br>55 Ivan Allen Jr. Boulevard, Suite 700<br>Atlanta, Georgia 30308<br>(404) 529-3476<br>cstewart@smstrial.com |

*Interim Co-Lead Class Counsel*

---

[6] Pursuant to Local Rule 7.1D, Plaintiffs' counsel certifies that this brief was prepared with a font and point selection approved in Local Rule 5.1C.

## CERTIFICATE OF SERVICE

I certify that on February 14, 2025 the foregoing **PLAINTIFFS' STATEMENT IN SUPPORT OF THEIR PROPOSED CASE MANAGEMENT ORDER** was filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all counsel of record.

>   */s/ Jason J. Carter*
>   Jason J. Carter
>   Ga. Bar No. 141669
>   BONDURANT MIXSON & ELMORE, LLP
>   1201 West Peachtree Street,
>   Suite 3900
>   Atlanta, Georgia 30309
>   (404) 881-4100
>   carter@bmelaw.com