# EXHIBIT A

🗎 EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**20-A-3432**

JUL 15, 2021 08:45 AM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| ANDREW KURT and BRIDGET KURT,<br><br>Plaintiffs,<br><br>v.<br><br>STERIGENICS U.S. LLC, SOTERA HEALTH, L.L.C., PROLOGIS FIRST U.S. PROPERTIES, LP, DARYL MOSBY, DONNIE WRIGHT, ELBERT SABB, JOHN DOES NO. 1-10 and ABC CORPORATIONS 1-10.<br><br>Defendants, | CIVIL ACTION FILE NO:<br>20-A-3432-6 |

## ORDER

The above-styled matter appeared before this Court for oral argument on June 16, 2021. All counsel agreed to appear via WebEx. All counsel appeared and presented argument to the Court. Pending before this Court are several motions including:

- Defendant Prologis First U.S. Properties LP's (hereinafter "Defendant Prologis") Motion to Dismiss or in the Alternative Motion for Summary Judgment filed January 4, 2021.
- Defendant Sterigenics U.S. L.L.C., Daryl Mosby, Elbert Sabb and Donnie Wright's (hereinafter "Sterigenics Defendants") Motion to Dismiss Count Two for Ultrahazardous Activity/Strict Liability filed January 4, 2021.

Defendant Sotera Health LLC also filed a contemporaneous Motion to Dismiss for Lack of Personal Jurisdiction and, in the Alternative, to Dismiss Plaintiffs' Count Two for "Ultrahazardous Activity/Strict Liability." Subsequently, Defendant Sotera Health filed a withdrawal of its Motion to Dismiss for Lack of Personal Jurisdiction. (See Withdrawal of Motion to Dismiss filed May 6, 2021). However, Defendant Sotera Health elected to proceed and joined the Sterigenics Defendants in their Motion to Dismiss Plaintiffs' Count Two Strict Liability claim. Therefore, any personal jurisdiction issues have been withdrawn or waived.

After review of all matters in the record, the Court finds as follows:

I. **Factual Background**

Plaintiffs seek recovery for alleged property damage, loss in the value of their home, and other damages caused by the long-term exposure of Plaintiffs' home to the chemical Ethylene Oxide ("EtO"), a known carcinogen. (*See Amend. Complaint* at ¶¶ 3-6, 47-49, 116- 159, 166-172; see also Exhibit "A" attached to original Complaint.) The Original Complaint was filed on August 17, 2020, and an Amended Complaint was filed on February 10, 2021. (*See generally*, Complaint & Amended Complaint) The Amended Complaint alleges that Plaintiffs' home was exposed to EtO due to the negligent release of EtO from a sterilization facility operated by Defendants Sotera Health LLC ("Sotera") and Sterigenics U.S., LLC ("Sterigenics") and owned by Defendants Prologis U.S. Properties, LP ("Prologis"). (*See Amended Complaint* at ¶¶ 5-6.) Defendant Sterigenics U.S., LLC ("Sterigenics U.S.") operates a medical products sterilization facility in Cobb County, Georgia. Complaint ¶34. Sterigenics uses ethylene oxide or EtO to sterilize medical products at the Facility in accordance with required sterilization processes. (Sterigenics Answer ¶50).

Defendants Daryl Mosby, Donnie Wright, and Elbert Sabb are Sterigenics employees who Plaintiffs' allege contributed to the negligent release of EtO during Defendants' business activities. (*See Amended Complaint* ¶¶ 20-31.) Plaintiffs' alleged that because of Defendants' negligence, unacceptable levels of EtO were released into the community surrounding the Sterigenics' facility—including into Plaintiffs' residence which is located approximately 2 miles away. (*See id.* at ¶¶ 3-6, 116-172.)

II. **Plaintiffs' Causes of Action**

Plaintiffs' suit alleges seven (7) causes of action in their Amended Complaint: 1) negligence; 2) "ultrahazardous activity/strict liability"; 3) nuisance; 4) trespass; 5) "aiding and abetting tortious conduct" (only against Defendant Prologis); 6) "*respondeat superior* and/or vicarious liability" (only against Defendant Sterigenics and Sotera Health); and 7) punitive damages. (*See Amended Complaint*).

Plaintiffs allege that the value of their residence has been irrevocable harmed by EtO exposure due to the negligent operation of the Sterigenics Facility. (Amend. Complaint at ¶¶ 3-6, 20-31, 47-49, 116-172). Moreover, Plaintiffs allege Defendant Prologis maintained significant control and management over the premises and building and either knew or should have known

that defects at the Facility resulted in fugitive emissions, yet Prologis (1) negligently failed to properly construct the premises or cure known defects (see, e.g., id. at ¶¶ 43, 89-113, 166-172); and (2) aided and abetted the tortious conduct of the Sterigenics Defendants (see id. at ¶¶ 151-159).

### III. Standard of Review

Under OCGA § 9–11–12(b)(6),

> [a] motion to dismiss for failure to state a claim upon which relief can be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor.

Mabra v. SF, Inc. et. al., 316 Ga. App. 62 (2012).

Such a motion should not be granted unless "it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of [her] claim. If, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient." Austin v. Clark, 294 Ga. 773, 774-75, 755 S.E.2d 796, 798 (2014).

### IV. Defendant Prologis' Motion to Dismiss/Motion for Summary Judgment

Although thoroughly briefed and argued at the hearing, Defendant Prologis conceded that Plaintiffs' Amended Complaint may moot its pending motion. In addition, Plaintiffs' counsel stated any motion for summary judgment was premature and additional discovery is required to substantively address the grounds raised in Defendant Prologis motion.

Therefore, the Court **STAYS** ruling on Defendant Prologis' Motion to Dismiss/Motion for Summary Judgment and will allow the parties to conduct discovery, especially in light of the submission of the Affidavit of Kent Mason attached to the Motion. The Court will address any amended motion upon its filing, if requested. Counsel stated a proposed scheduling order is

forthcoming and the Court will entrust the parties to submit one for the Court's consideration.

## V.     Sterigenics Defendants' Motion to Dismiss Count 2, Strict Liability

Defendants alleged they are entitled to dismissal on Plaintiffs' Count 2 "ultrahazardous activity/strict liability" claim as Georgia law does not support a claim for strict liability in this case. Plaintiffs assert separate counts for "trespass" and "ultrahazardous activity/strict liability". Defendants argue Plaintiffs' strict liability claim seeks to impose strict liability not as a standard to its trespass claim, but rather as an additional separate claim for allegedly devaluing their property. Defendants argue Plaintiffs cannot proceed on a "standalone" common law cause of action for strict liability and any strict liability claim can only exist if provided by statute. Defendants argue Georgia has not recognized a general rule of strict liability and any strict liability claim must have a statutory basis. See, Ford Motor Co. v. Carter, 239 Ga. 657, 238 S.E. 2d 361 (1977).

Plaintiffs contend that Georgia law recognizes a cause of action arising from abnormally dangerous activities, such as Defendants' release of EtO emissions, for which they are strictly liable for any injuries proximately caused, i.e. lost property value.[1] In addition, Plaintiffs allege Defendants release of emissions was a trespass pursuant to O.C.G.A. §51-9-1("The right of enjoyment of private property being an absolute right of every citizen, every act of another which unlawfully interferes with such enjoyment is a tort for which an action shall lie.") and would hold Defendants strictly liable without fault for the trespass.

O.C.G.A. §51-9-1 does not impose a blanket rule of absolute liability to all trespassers, but rather such strict liability has been limited to situations where a party has engaged in an abnormally dangerous activity. C.W. Matthews Contracting Co. Inc. v. Wells, 147 Ga. App. 457, 249 S.E. 281 (1978) ('With the exception of the situation where a party is engaged in an abnormally dangerous activity, an unintentional and nonnegligent entry onto another's land does not automatically subject an individual to liability even though the entry causes harm to the possessor.')

Because there is no common law cause of action in Georgia for strict liability, a party seeking recovery under that theory must proceed under a statute granting such a right. See

---

[1] Plaintiffs' rely on the federal district court cases of Gullock v. Spectrum Sciences & Software, Inc. 146 F. Supp. 2d 1364 (M.D. Ga. 2001) and Parker v. Brush Wellman, Inc., 377 F. Supp. 2d 1290 (N.D. Ga. 2005). However, these cases while persuasive have not been adopted as Georgia law.

4

Stiltjes v. Ridco Exterminating Co.,[2] 178 Ga. App. 438, 343 S.E.2d 715 (1986), Daniel v. American Optical Corp., 251 Ga. 166, 304 S.E.2d 383 (1983); Wansor v. George Hantscho Co., 243 Ga. 91, 252 S.E.2d 623 (1979).

Plaintiffs rely upon a series of Georgia cases applying strict liability to activities deemed "inherently dangerous" or 'abnormally dangerous activities'. While Georgia courts have, on rare occasions, applied strict liability to activities deemed 'inherently dangerous', those cases have been limited to activities such as mining or blasting.[3] These cases arise from the foundation that "[i]njuries to real property caused by concussion resulting from dynamite blasting are considered direct, and constitute a trespass to realty. One who voluntarily sets the force in motion is absolutely liable to the injured party despite the exercise of due care." Berger v. Plantation Pipeline Company, 121 Ga. App. 362, 173 S.E.2d 741, 742 (1970) (citing Brooks v. Ready Mix Concrete Co., 94 Ga. App. 791, 96 S.E.2d 213 (1956) and Ready–Mix Concrete Co. v. Rape, 98 Ga. App. 503, 106 S.E.2d 429 (1958)). It is these mining/blasting cases that have laid the foundation for Georgia's strict tort liability resulting from abnormally dangerous activities and those activities have not been expanded. See Lowry v. Cochran, 305 Ga. App. 240, 699 S.E.2d 325 (2010) (Court of Appeals reversed trial court's finding that skydiving was an "inherently dangerous" activity to impose strict liability).[4]

Such cases do not support an independent, separate cause of action as Plaintiffs advocate. The mining/blasting cases cited in support of Plaintiffs' strict liability claim all involve application of the 'absolute liability' standard for liability under O.C.G.A. § 51-9-1 trespass to realty. Thus, such trespass claims are supported by the statutory authority to establish strict liability for abnormally dangerous activities as a component of Plaintiffs' trespass claim as authorized under Georgia law. There is no Georgia authority creating a common law strict liability claim.

Therefore, the Court **GRANTS** the Sterigenics Defendants' Motion to Dismiss Count 2 as a separate, standalone claim based on common law as it fails to state of a claim upon which relief can be granted.

---

[2] Although Plaintiffs argue Stiltjes was overruled by the Georgia Supreme Court, this Court does not agree and finds that the Supreme Court's opinion granted certiorari on a limited failure to warn issue and did not overrule the Court of Appeals opinion in its entirety as Plaintiffs advocate.
[3] See Combustion Chemicals v. Spires, 209 Ga.App. 240, 242(1), 433 S.E.2d 60 (1993); Berger v. Plantation Pipeline Co., 121 Ga.App. 362, 173 S.E.2d 741 (1970).
[4] See Gullock v. Spectrum Sciences and Software, 146 F.Supp.2d 1364, 1375(2)(a) (M.D.Ga.2001) (finding operation of air-to-surface weapons range not "abnormally dangerous" so as to impose strict liability).

5

**SO ORDERED**, this the 14 day of July, 2021.

*Diana Simmons*
DIANA M. SIMMONS, JUDGE
COBB STATE COURT

6

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served all counsel and interested parties in the foregoing matter, 20-A-3432-6, with a copy of this pleading, by depositing in the United State Mail a copy of same in the properly-addressed envelope or by electronic service, if available, or by hand-delivery as follows:

Eric J. Hertz, Esq.
Jesse Van Sant, Esq.
ERIC J. HERTZ, P.C.
8300 Dunwoody Place, Suite 210
Atlanta, Georgia 30350
hertz@hertz-law.com
jesse@hertz-law.com
Jeffrey E. Gewirtz, Esq.
PO Box 105603 #19204
Atlanta, Georgia 30348
jgewirtz@protonmail.com
*Attorneys for Plaintiffs*

R. Scott Masterson
Michael P. DiOrio
LEWIS BRISBOIS BISGAARD & SMITH
1180 Peachtree Street, N.E., Suite 2900
Atlanta, Georgia 30309
Scott.Masterson@lewisbrisbois.com
Mike.DiOrio@lewisbrisbois.com
*Attorney for Defendant Prologis First U.S. Properties, LP*

W. Clay Massey
clay.massey@alston.com
Christina Hull Eikhoff
christy.eikhoff@alston.com
Dan Diffley
dan.diffley@alston.com
Kathryn Klorfein
kathryn.klorfein@alston.com
Thomas Grantham
thomas.grantham@alston.com
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree St.
Suite 4900
Atlanta, GA 30309-3424
*Attorneys for Defendant Sotera Health LLC, Sterigenics U.S.LLC, Daryl Mosby, Donnie Wright, and Elbert Sabb*

This 15 day of July 2021

_____
Carrie Bricker
Administrative Assistant to Judge Simmons

7