UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: BIO-LAB CLASS ACTIONS | CIVIL ACTION NO. 1:24-CV-4407-SEG |

**O R D E R**

This matter is before the Court on the parties' dueling proposals for a scheduling order. (Doc. 156, 157, 168, 169.) Plaintiffs and Defendants Bio-Lab, Inc., KIK International LLC, KIK U.S. Holdings LLC, and KIK Custom Products Inc. (collectively, the "Bio-Lab and KIK Defendants") propose a schedule permitting written discovery with respect to all parties prior to the Court's resolution of Defendants' motions to dismiss. (Doc. 156, 168.) Defendants Centerbridge Partners, LP and Centerbridge Capital Partners III, LP (collectively, the "Centerbridge Defendants") propose a schedule that is similar in many respects, except that it defers any discovery as to the Centerbridge Defendants until after the resolution of their motion to dismiss.[1] (Doc. 157, 169.) The parties have submitted statements in support of their respective proposals, (Doc. 168, 169), and the Court held a status conference on February 18, 2025, at which it heard the parties' arguments regarding their

---

[1] The Bio-Lab and KIK Defendants take no position on the schedule proposed by the Centerbridge Defendants. (Doc. 156-1 at 1 n.1.)

proposed schedules. On February 24, 2025, Defendants filed their respective motions to dismiss. (Doc. 176, 177.) After careful review of the parties' submissions, the Court finds that, at this stage, entry of the Centerbridge Defendants' proposed scheduling order is appropriate. (Doc. 157.)

While the Court does not prejudge the merits of Centerbridge's motion to dismiss, the motion raises a serious challenge to this Court's personal jurisdiction over the Centerbridge Defendants. (*See* Doc. 177-1 at 13-27.) In addition, the Centerbridge Defendants contend that Plaintiffs have failed to state *any* claim against them. (*Id.* at 27-31.) If either argument is successful, the Centerbridge Defendants may be dismissed from this case entirely. As such, principles of judicial economy favor resolving Centerbridge's potentially dispositive motion to dismiss prior to permitting Plaintiffs to engage in discovery against the Centerbridge Defendants. *See, e.g.*, *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367-88 (11th Cir. 1997) ("If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided."). Moreover, notwithstanding today's scheduling order, Plaintiffs will still have an early opportunity to probe the relationship between Centerbridge, KIK, and Bio-Lab through discovery requests served on the KIK and Bio-Lab Defendants.

Accordingly, the Court enters the following schedule:

| ACTION | DEADLINE |
| --- | --- |
| Amended Complaint Filed | Friday, January 10, 2025 |
| Motion to Dismiss | Monday, February 24, 2025 |
| Response to MTD | Monday, March 24, 2025 (4 weeks) |
| Reply to MTD | Monday, April 14, 2025 (3 weeks) |
| Rule 26(f) Early Planning Conference | Wednesday, March 12, 2025 (16 days from MTD) |
| Joint Preliminary Report & Discovery Plan | Wednesday, March 26, 2025 (30 days from MTD) |
| First Day to Serve Initial Document Requests (Plaintiffs, Bio-Lab and KIK Defendants Only) | Wednesday, March 26, 2025 (30 days from MTD) |
| Deadline to Submit Confidentiality Order and ESI Protocol | Wednesday, March 26, 2025 |
| Rule 26(a)(1) Initial Disclosures (Plaintiffs, Bio-Lab and KIK Defendants Only) | Wednesday, March 26, 2025 (30 days after MTD) |
| Responses and Objections to Initial Document Requests | Monday, May 12, 2025 (45 days from service of requests) |
| Answer to Complaint | 30 days following decision on MTD |
| Rolling Production in Response to Initial Document Requests Begins | Monday, June 16, 2025 |
| Discovery Opens (All Parties) | 30 days following Answer |
| Rule 26(a)(1) Initial Disclosures (Centerbridge Defendants) | 30 days following Answer |
| Discovery Disputes | Pursuant to Standing Order IV(I) |
| Written Fact Discovery Substantially Complete | Six months following commencement of discovery |
| Initial Fact Discovery Cutoff | Friday, January 16, 2026 |
| Expert Disclosure | Friday, February 27, 2026 |

| ACTION | DEADLINE |
|---|---|
| Rebuttal Expert Disclosure | Friday, March 27, 2026 |
| Expert Depositions Complete | Friday, May 8, 2026 |
| In Person Conference After Discovery | Within 14 days of close of discovery |
| Daubert Motions | Friday, June 12, 2026 |
| Daubert Response | 4 weeks after motion is filed and served |
| Daubert Reply | 4 weeks after response is filed and served |
| Class Cert. Motion | Friday, June 12, 2026 |
| Response to Class Cert. | 4 weeks after motion is filed and served |
| Reply for Class Cert. | 4 weeks after response is filed and served |
| Limited Discovery Period Following Order on Class Certification | From order on class cert. until 60 days after order on class cert. |
| Motion for Summary Judgment | 60 days after order on class cert. |
| Response to MSJ | 30 days after motion is filed and served |
| Reply To MSJ | 21 days after opposition is filed and served |
| Proposed Consolidated PTO | 30 days after Court's order on MSJ |

**SO ORDERED**, this 28th day of February, 2025.

*/s/ Sarah E. Geraghty*
SARAH E. GERAGHTY
United States District Judge