# Exhibit 6

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 1

**24STCV06677**                                                      January 22, 2025
**AMBER PALMA, et al. vs STERIGENICS U.S., LLC, et al.**              10:00 AM

Judge: Honorable Lawrence P. Riff          CSR: Timothy McCoy, CSR #4745
Judicial Assistant: C. Guerrero            ERM: None
Courtroom Assistant: R. Cruz               Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Gary Allan Praglin by Theresa E. Vitale

For Defendant(s): Brad D. Brian; Oliver M Gold; Krista L. Hernandez -- See additional

appearances below.

**NATURE OF PROCEEDINGS:** Hearing on Motion to Quash Service of Summons Filed Defendant GTCR LLC and Warbureg Pincus LLC; Hearing on Motion to Seal Exhibits Attached to the Declaration of Sean L. Cunningham and Declaration of Ruoxi Chen; Hearing on Motion - Other To Seal

The matter is called for hearing.

Pursuant to Government Code sections 68086, 70044, and California Rules of Court, rule 2.956, Timothy J. McCoy, CSR # 4745, certified shorthand reporter is appointed as an official Court reporter pro tempore in these proceedings, and is ordered to comply with the terms of the Court Reporter Agreement. The Order is signed and filed this date.

The Court hears argument from counsel and rules as follows:

## Background

On March 18, 2024, Plaintiffs Amber Palma, Sylvia Palma, Yuri Munoz, Dania Gonzalez, Irma Arias, Antonio Arias, Yolie Torres, Maritza Fuentes, Henry Fuentes, Blanca Argueta, Ivan Argueta, Dora Colato, Octavio Campos Josefina Landin Tule, Octavio Campos, Rodrigo Campos, and Steven Bustamante filed this action against Sterigenics U.S., LLC, Sotera Health, LLC, Sterigenics International, LLC, Sterigenics International, Inc., GTCR, LLC, Warburg Pincus, LLC, ECSI - Environmental Compliance Solutions Inc., and Griffith Foods Group, Inc. arising out of allegations that Sterigenics exposed residents of adjacent Maywood, California to carcinogenic ethylene oxide from its sterilization facility.

The complaint asserts causes of action for: (1) negligence; (2) strict liability for ultrahazardous activity; (3) continuing private nuisance; (4) permanent private nuisance; (5) continuing public

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 1

**24STCV06677**                                                      January 22, 2025
**AMBER PALMA, et al. vs STERIGENICS U.S., LLC, et al.**                10:00 AM

Judge: Honorable Lawrence P. Riff          CSR: Timothy McCoy, CSR #4745
Judicial Assistant: C. Guerrero            ERM: None
Courtroom Assistant: R. Cruz               Deputy Sheriff: None

nuisance; (6) permanent public nuisance; (7) violation of Unfair Competition Law (Bus. & Prof. Code, § 17200, et seq.); (8) trespass; (9) civil battery; (10) fraudulent concealment; (11) loss of consortium; and (12) wrongful death.

The complaint alleges Sterigenics U.S. is a subsidiary of Sotera Health, LLC and Sterigenics U.S. operates the sterilization business. (Compl. ¶ 27.) Sotera Health is allegedly formerly known as Sterigenics International, LLC and Sterigenics International, Inc. (Id. ¶ 28.)

The complaint alleges GTCR and Warburg are private equity firms and GTCR acquired Sterigenics International, LLC (now known as Sotera Health, LLC) for $675 million USD.8 In 2015, GTCR and Warburg Pincus ("Equity Defendants") completed a transaction to recapitalize Sterigenics International, LLC (now known as Sotera Health, LLC).9 On information and belief, the recapitalization resulted in Warburg Pincus obtaining a majority ownership stake in Sterigenics International.10 On information and belief, GTCR and Warburg Pincus partner with Sotera Health management to run Sotera's various sterilization facilities, including the Vernon facilities operated by Sterigenics. From 2011 through the present, GTCR and Warburg Pincus have jointly owned, operated, managed, and/or maintained Sotera Health, LLC and Sterigenics U.S., LLC. Both GTCR and Warburg Pincus do regular and substantial business in Los Angeles County, California." (Compl. ¶ 31.)

On December 18, 2024, the Court entered the parties' stipulation and order to permit the filing of a First Amended Complaint. The stipulation further noted that GTCR, LLC and Warburg Pincus, LLC's motion to quash would not be mooted by the amended pleading.

**<u>Motions to Seal</u>**

On August 14, 2024, Defendants GTCR and Warburg filed a motion to seal Exhibits 1–4 to the Declaration of Sean L. Cunningham and Exhibits 1–3 to the Declaration of Ruoxi Chen submitted in support of Defendants' concurrently-filed Motion to Quash for lack of personal jurisdiction.

On January 8, 2025, Defendants GTCR and Warburg filed a second motion seeking to seal "Confidential exhibits to the Declaration of Theresa E. Vitale submitted in support of Plaintiffs' Opposition to Defendants' Motion to Quash and confidential portions of Plaintiffs' Opposition brief that refer to those exhibits and other confidential materials; . . . and [] Confidential materials submitted concurrently with GTCR and Warburg's Reply in Support of their Motion to Quash." The motion references items filed in a related case, which are addressed in that action.

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 1

**24STCV06677**                                                              January 22, 2025
**AMBER PALMA, et al. vs STERIGENICS U.S., LLC, et al.**                              10:00 AM

| | |
|---|---|
| Judge: Honorable Lawrence P. Riff | CSR: Timothy McCoy, CSR #4745 |
| Judicial Assistant: C. Guerrero | ERM: None |
| Courtroom Assistant: R. Cruz | Deputy Sheriff: None |

The motions are unopposed.

**Discussion**

Unless the law requires confidentiality, court records are presumed to be open to the public, pursuant to a strong "open court" policy supported by the First Amendment and common law.(Cal. R. Ct., rule 2.550(c); *NBC Subsidiary (KNBC-TV), Inc. v. Superior Court* (1999) 20 Cal.4th 1178, 1199-1210; *In re Marriage of Tamir* (2021) 72 Cal.App.5th 1068, 1078 ("Courts in California have long recognized a common law right of access to public documents, including court records. . . . California law also recognizes a constitutional right of access, grounded in the First Amendment, to court proceedings and court documents.").)

"The court may order that a record be filed under seal only if it expressly finds facts that establish:

> (1) There exists an overriding interest that overcomes the right of public access to the record;

> (2) The overriding interest supports sealing the record;

> (3) A substantial probability exists that the overriding interest will be prejudiced if the record is not sealed;

> (4) The proposed sealing is narrowly tailored; and

> (5) No less restrictive means exist to achieve the overriding interest.

(Cal. R. Ct., rule 2.550(d).) "An order sealing the record must: (A) Specifically state the facts that support the findings; and (B) Direct the sealing of only those documents and pages, or, if reasonably practicable, portions of those documents and pages, that contain the material that needs to be placed under seal. All other portions of each document or page must be included in the public file." (Cal. R. Ct., rule 2.550(e).)

A motion seeking an order sealing records must be accompanied by a memorandum and declaration containing facts sufficient to justify the sealing.(Cal. R. Ct., rule 2.551(b)(1). "Substantive courtroom proceedings in ordinary civil cases, and the transcripts and records pertaining to these proceedings, are presumptively open." (*McNair v. National Collegiate Athletic Association* (2015) 234 Cal.App.4th 25, 31. See also *NBC Subsidiary, supra,* 20 Cal.4th

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 1

24STCV06677                                                          January 22, 2025
**AMBER PALMA, et al. vs STERIGENICS U.S., LLC, et al.**                    10:00 AM

Judge: Honorable Lawrence P. Riff          CSR: Timothy McCoy, CSR #4745
Judicial Assistant: C. Guerrero            ERM: None
Courtroom Assistant: R. Cruz               Deputy Sheriff: None

at 1210 ("[T]he public has an interest, in all civil cases, in observing and assessing the performance of its public judicial system, and that interest strongly supports a general right of access in ordinary civil cases.").)

However, "discovery material is not automatically submitted 'as a basis for adjudication'—and thus does not perforce become accessible to the public—simply by virtue of it becoming a part of the court file." (*Mercury Interactive Corp. v. Klein* (2007) 158 Cal.App.4th 60, 90.)

Pursuant to California Rules of Court, rule 2.551(b)(1), a motion to seal "must be accompanied by a . . . declaration containing facts sufficient to justify the sealing." (See *In re Marriage of Lechowick* (1998) 65 Cal.App.4th 1406, 1416 ("A request to seal . . . must be supported by a factual declaration or affidavit explaining the particular needs of the case."); *H.B. Fuller Co. v. Doe* (2007) 151 Cal.App.4th 879, 894 ("[A]t a minimum that the party seeking to seal documents, or maintain them under seal, must come forward with a specific enumeration of the facts sought to be withheld and specific reasons for withholding them.").)

### *Exhibits to Cunningham Declaration*

In the August 14, 2024 motion, Defendants seek to seal "the following exhibits to the Cunnigham Declaration: 1. The Stock Purchase Agreement dated February 18, 2011, evidencing the 2011 investment of GTCR-affiliated investment funds ("GTCR Fund IX") in a parent company of Defendant Sotera Health LLC. 2. The February 1, 2012 Management Agreement between GTCR LLC and GTCR Golder Rauner II, L.L.C. 3. A chart depicting the structure of GTCR Fund IX. 4. The Stock Purchase Agreement dated March 20, 2015, evidencing the 2015 transaction in which Warburg-affiliated investment funds ('WP XI Funds') invested in a parent company of Sotera Health LLC." This request is supported by the declaration of Sean Cunningham.

Cunningham states the stock purchase agreements are private transaction and the agreement contains confidentiality provisions limiting its disclosure. (Cunningham Decl. ¶¶ 4, 7.) The management agreement "reflects competitively-sensitive information" that has not been disclosed. (Id. ¶ 5.) GTCR's fund structure is competitively sensitive information that has not been disclosed. (Id. ¶ 6.) Defendants seek to seal this information because public disclosure would pose a substantial probability of harming its competitive standing. (Id. ¶ 8.) The Cunningham declaration demonstrates an overriding interest that overcomes the right of access and supports sealing the record. (See *Universal City Studios, Inc. v. Superior Court* (2003) 110 Cal.App.4th 1273, 1286.) Cunningham indicates "public revelation of these matters would interfere with its ability to effectively compete in the marketplace." (*Ibid.*) The proposed sealing

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 1

**24STCV06677**                                              January 22, 2025
**AMBER PALMA, et al. vs STERIGENICS U.S., LLC, et al.**                    10:00 AM

Judge: Honorable Lawrence P. Riff          CSR: Timothy McCoy, CSR #4745
Judicial Assistant: C. Guerrero            ERM: None
Courtroom Assistant: R. Cruz               Deputy Sheriff: None

is narrowly tailored and the least restrictive means to protect the overriding interest.

The parties also note federal courts have granted requests to seal similar information. (*W. Air Charter, Inc. v. Sojitz Corp.* (C.D. Cal. May 2, 2019) 2019 WL 4509304, at *5; *Baird v. BlackRock Institutional Trust Company, N.A.* (N.D. Cal. 2019) 403 F.Supp.3d 765, 792; *DFND Security, Inc. v. CrowdStrike, Inc.* (N.D. Cal., Mar. 29, 2024) 2024 WL 1558176, at *2.)

### *Exhibits to Chen Declaration*

In the August 14, 2024 motion, Defendants also seek to seal "the following exhibits to the Chen Declaration: 1. The Management Agreement between Warburg Pincus LLC and one of the WP XI Funds, Warburg Pincus Private Equity IX-C, L.P. 2. The March 20, 2015 Stock Purchase Agreement (also attached as an exhibit to the Cunningham Declaration). 3. A chart depicting the structure of the WP XI Funds' investment in Sotera Health LLC's parent." This request is supported by the declaration of Ruoxi Chen.

Chen states Warburg does not disclose its management agreements as the they "reflect competitively-sensitive information" regarding its services. (Chen Decl. ¶ 4.) The stock purchase agreement details a non-public transaction and Warburg's fund structure is competitively sensitive information that has not been disclosed. (Id. ¶¶ 5-6.) Defendants seek to seal this information because public disclosure would pose a substantial probability of harming its competitive standing. (Id. ¶ 7.) The Chen declaration demonstrates an overriding interest that overcomes the right of access and supports sealing the record. (See *Universal City Studios, Inc. v. Superior Court* (2003) 110 Cal.App.4th 1273, 1286.) Cunningham indicates "public revelation of these matters would interfere with its ability to effectively compete in the marketplace." (*Ibid.*) The proposed sealing is narrowly tailored and the least restrictive means to protect the overriding interest.

### *Opposition and Reply Materials*

In their motion, Defendants include a chart of the items to be sealed that were filed in this action:

- Vitale Decl. Ex. A, Cunningham Depo. at 60:1-6;

- Declaration of Andrew T. Nguyen ISO Defendants' Replies ("Nguyen Decl. ISO Replies"), ¶ 3, Ex. 2, Cunningham Depo. at 66:21–25;

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 1

**24STCV06677**                                                    January 22, 2025
**AMBER PALMA, et al. vs STERIGENICS U.S., LLC, et al.**                    10:00 AM

Judge: Honorable Lawrence P. Riff              CSR: Timothy McCoy, CSR #4745
Judicial Assistant: C. Guerrero                ERM: None
Courtroom Assistant: R. Cruz                   Deputy Sheriff: None

- Vitale Decl. Ex. A, Cunningham Depo. at 67:1-25; Defendants' Objection No. 6;

- Vitale Decl. Ex. A, Cunningham Depo. at 72:11-25;

- Vitale Decl. Ex. B, Chen Depo. at 61:10-63:13; and the discussion thereof in Palma Opp. at 4:19–21;

- Vitale Decl. Ex. B, Chen Depo. at 73:1–75:25; Palma Opp. at 5:21-24; Defendants' Objection No. 5;

- Vitale Decl. Ex. B, Chen Depo. at 147:1–25; Palma Opp. at 19:5-8;

- Vitale Decl. Ex. B, Chen Depo. at 155:1–156:16; Palma Opp. at 19:8-10;

- Vitale Decl., Ex. D, Chen Depo. Ex. 18; Palma Opp. at 5:21–25, 10:6–8, 19:1–10;

- Vitale Decl., Ex. E, Chen Depo. Ex. 19;

- Vitale Decl., Ex. F. Cunningham Depo. Ex. 24;

- Vitale Decl., Ex. G. Cunningham Depo. Ex. 25; and

- Vitale Decl., Ex. H., Chen Depo. Ex. 17; Palma Opp. at 10:1–3, 17:12–16.

The Cunningham and Chen declarations filed in support of the first motion to seal apply equally to the same documents at issue in the second motion. The second motion is also supported by the declaration of Andrew T. Nguyen who states the documents attached to the Vitale declaration and deposition testimony were marked confidential or highly confidential. (Nguyen Decl. ¶ 4.) Nguyen states the opposition and reply documents at issue "fall[] into three main categories: (1) due diligence operations regarding the Sterigenics acquisition; (2) Defendants' and the investment funds' business structures and/or operations; and (3) Sterigenics U.S.'s confidential financial documents." (Id. ¶ 7.) The documents contain competitively sensitive confidential and proprietary business information. (Id. ¶¶ 8-12.) The Nguyen declaration demonstrates an overriding interest that overcomes the right of access and supports sealing the record. (See *Universal City Studios, Inc. v. Superior Court* (2003) 110 Cal.App.4th 1273, 1286.) Nguyen indicates "public revelation of these matters would interfere with its ability to effectively compete in the marketplace." (*Ibid.*) The proposed sealing is narrowly tailored and the least

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 1

24STCV06677                                                          January 22, 2025
**AMBER PALMA, et al. vs STERIGENICS U.S., LLC, et al.**                10:00 AM

Judge: Honorable Lawrence P. Riff            CSR: Timothy McCoy, CSR #4745
Judicial Assistant: C. Guerrero              ERM: None
Courtroom Assistant: R. Cruz                 Deputy Sheriff: None

restrictive means to protect the overriding interest.

**Conclusion**
The Defendants GTCR LLC and Warburg Pincus LLC's Notice of Motion and Motion to Seal Exhibits Attached to the Declaration of Sean L. Cunningham and Declaration of Ruoxi Chen filed by Warburg Pincus, GTCR, LLC on 08/14/2024 is Granted.

The Defendants GTCR LLC and Warburg Pincus LLC's Notice of Motion and Motion to Seal; Memorandum of Points and Authorities filed by Warburg Pincus, GTCR, LLC on 01/08/2025 is Granted.

The parties are ordered to meet and confer and file, as necessary, the revised, redacted versions of all the documents at issue in both sealing motions, consistent with the sealing requested by Defendants. The revised documents must be filed no later than Friday, January 31, 2025.

Moving parties to give notice.

**Background**

On March 18, 2024, Plaintiffs Amber Palma, Sylvia Palma, Yuri Munoz, Dania Gonzalez, Irma Arias, Antonio Arias, Yolie Torres, Maritza Fuentes, Henry Fuentes, Blanca Argueta, Ivan Argueta, Dora Colato, Octavio Campos Josefina Landin Tule, Octavio Campos, Rodrigo Campos, and Steven Bustamante filed this action against Sterigenics U.S., LLC, Sotera Health, LLC, Sterigenics International, LLC, Sterigenics International, Inc., GTCR, LLC, Warburg Pincus, LLC, ECSI - Environmental Compliance Solutions Inc., and Griffith Foods Group, Inc. arising out of allegations that Sterigenics exposed residents of adjacent Maywood, California to carcinogenic ethylene oxide from its sterilization facility.

The complaint asserts causes of action for: (1) negligence; (2) strict liability for ultrahazardous activity; (3) continuing private nuisance; (4) permanent private nuisance; (5) continuing public nuisance; (6) permanent public nuisance; (7) violation of Unfair Competition Law (Bus. & Prof. Code, § 17200, et seq.); (8) trespass; (9) civil battery; (10) fraudulent concealment; (11) loss of consortium; and (12) wrongful death.

The complaint alleges Sterigenics U.S. is a subsidiary of Sotera Health, LLC and Sterigenics U.S. operates the sterilization business. (Compl. ¶ 27.) Sotera Health is allegedly formerly

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 1

**24STCV06677**                                                          January 22, 2025
**AMBER PALMA, et al. vs STERIGENICS U.S., LLC, et al.**                       10:00 AM

Judge: Honorable Lawrence P. Riff          CSR: Timothy McCoy, CSR #4745
Judicial Assistant: C. Guerrero            ERM: None
Courtroom Assistant: R. Cruz               Deputy Sheriff: None

known as Sterigenics International, LLC and Sterigenics International, Inc. (Id. ¶ 28.)

The complaint alleges GTCR and Warburg are private equity firms and GTCR acquired Sterigenics International, LLC (now known as Sotera Health, LLC) for $675 million USD.8 In 2015, GTCR and Warburg Pincus ("Equity Defendants") completed a transaction to recapitalize Sterigenics International, LLC (now known as Sotera Health, LLC).9 On information and belief, the recapitalization resulted in Warburg Pincus obtaining a majority ownership stake in Sterigenics International.10 On information and belief, GTCR and Warburg Pincus partner with Sotera Health management to run Sotera's various sterilization facilities, including the Vernon facilities operated by Sterigenics. From 2011 through the present, GTCR and Warburg Pincus have jointly owned, operated, managed, and/or maintained Sotera Health, LLC and Sterigenics U.S., LLC. Both GTCR and Warburg Pincus do regular and substantial business in Los Angeles County, California." (Compl. ¶ 31.)

On December 18, 2024, the Court entered the parties' stipulation and order to permit the filing of a First Amended Complaint. The stipulation further noted that GTCR, LLC and Warburg Pincus, LLC's motion to quash would not be mooted by the amended pleading.

## Motion to Quash

On August 14, 2024, Defendants GTCR and Warburg filed the instant motion to quash service of summons based upon a lack of personal jurisdiction.

## Opposition

In opposition, Plaintiffs contend GTCR and Warburg are subject to general jurisdiction in California, either directly or as alter egos or joint venturers, GTCR and Warburg are alternatively properly subjected to specific jurisdiction, and additional jurisdictional discovery is warranted.

## Reply

In reply, Defendants argue Plaintiffs failed to meet their evidentiary burden on jurisdiction, Defendants are not at home in California, their contacts, if any, are not sufficiently related to the claims at issue, and Plaintiffs have not demonstrated additional discovery is warranted.

## Defendants' Evidentiary Objections

Objection Nos. 1, 2, and 4-8 – SUSTAINED.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 1

**24STCV06677**                                                         January 22, 2025
**AMBER PALMA, et al. vs STERIGENICS U.S., LLC, et al.**                       10:00 AM

Judge: Honorable Lawrence P. Riff              CSR: Timothy McCoy, CSR #4745
Judicial Assistant: C. Guerrero                ERM: None
Courtroom Assistant: R. Cruz                   Deputy Sheriff: None

Objection No. 3 – OVERRULED.

## **Judicial Notice**

Defendants request the court take judicial notice of three SEC filings and that GTCR does not have a registered agent for service in California. These requests are GRANTED. (Evid. Code §§ 452(c); 452(h).)

## **Discussion**

### *Standard*

"A defendant . . . may serve and file a notice of motion for one or more of the following purposes: (1) To quash service of summons on the ground of lack of jurisdiction of the court over him or her. . . ."(Code Civ. Proc. § 418.10(a).)

California courts are authorized to "exercise [personal] jurisdiction over parties on any basis not inconsistent with the Constitution of [California] or the United States." (Code Civ. Proc. § 410.10.) "Personal jurisdiction may be either general or specific." (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 445.)

"When a nonresident defendant challenges personal jurisdiction, the plaintiff bears the burden of proof by a preponderance of the evidence to demonstrate the defendant has sufficient minimum contacts with the forum state to justify jurisdiction." (*Thomson v. Anderson* (2003) 113 Cal.App.4th 258, 266.)

### *Plaintiffs Failed to Demonstrate the Court has General Jurisdiction Over GTCR and Warburg*

"A nonresident defendant may be subject to the general jurisdiction of the forum if his or her contacts in the forum state are 'substantial . . . continuous and systematic.'" (*Vons Companies, supra*, 14 Cal.4th at 445 (quoting *Perkins v. Benguet Mining Co.* (1952) 342 U.S. 437, 445, 446. See also *Halyard Health, Inc. v. Kimberly-Clark Corp.* (2019) 43 Cal.App.5th 1062, 1070 ("A nonresident defendant is subject to the general jurisdiction of the forum if the defendant is essentially at home in the forum State.").)) In such instances, "it is not necessary that the specific cause of action alleged be connected with the defendant's business relationship to the forum." (*Cornelison v. Chaney* (1976) 16 Cal.3d 143, 147. "The standard for establishing general jurisdiction is fairly high, and requires that the defendant's contacts be of the sort that

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 1

24STCV06677                                                    January 22, 2025
**AMBER PALMA, et al. vs STERIGENICS U.S., LLC, et al.**                10:00 AM

Judge: Honorable Lawrence P. Riff          CSR: Timothy McCoy, CSR #4745
Judicial Assistant: C. Guerrero            ERM: None
Courtroom Assistant: R. Cruz               Deputy Sheriff: None

approximate physical presence." (*Elkman v. National States Ins. Co.* (2009) 173 Cal.App.4th 1305, 1315 (citations omitted).) "A corporation's place of incorporation and principal place of business, for instance, are 'paradigm all-purpose forums.'" (*Young v. Daimler AG* (2014) 228 Cal.App.4th 855, 863.)

Defendants GTCR and Warburg are not incorporated in California and do not have a principal place of business in California. (Compl. ¶¶ 29, 30; Cunningham Decl. ¶¶ 6-7; Chen Decl. ¶ 6.)

Plaintiffs contend both GTCR and Warburg are subject to general jurisdiction in California. (Opp. at 8:25-12:4.) Plaintiffs contend the Defendants purposefully availed themselves of the benefits and privileges of California law. However, as noted by Defendants in reply, purposeful availment relates to specific jurisdiction, not general jurisdiction. (Reply at 6:2-7:3.)

Moreover, the evidence cited by Plaintiffs, (Opp. at 9:22-10:25), does not establish general jurisdiction over either GTCR or Warburg. Plaintiffs contend GTCR and Warburg "acquired a majority stake in Sterigenics knowing the company had significant operations in California." (Opp. at 9:22-23 citing Chen Decl. ¶ 13; Cunningham Decl. ¶ 11.) However, Chen's declaration states "WP XI Funds acquired a majority interest in the ultimate parent company of Sterigenics International, LLC (the predecessor to Sotera Health LLC)." (Chen Decl. ¶ 13.) Defendant Warburg is a separate entity without an ownership interest in WP XI Funds. (Id. ¶¶ 9, 10.) Cunningham's declaration states "GTCR Fund IX/A, L.P., GTCR Fund IX/B, L.P., and GTCR Co-Invest III, L.P. (collectively, 'GTCR Fund IX') acquired a controlling ownership interest in Sterigenics International, LLC, through a holding company, STHI Holdings, LLC (which was later restructured so that GTCR Fund IX's ownership was though STHI Parent Company, LLC— the ultimate parent of Sterigenics International, LLC)." (Cunningham Decl. ¶ 11.) Cunningham further states "[t]he investment funds, which GTCR LLC advises but does not itself invest in, in turn invests funds into various portfolio companies." (Id. ¶ 9.)

Plaintiffs further cite GTCR and Warburg's due diligence related to the funds' investments, their employees' presence on the board of California companies, travel to California to attend board meetings and evaluate business opportunities, and Warburg's San Francisco office. (Opp. at 9:22-10:25.) Defendants provide evidence that Warburg's executive management and key managerial and support staff work out of the New York office. All investment decisions are made by executive management in the New York office." (Chen Decl. ¶ 7.) Warburg further "has 13 additional offices around the world, including in Amsterdam, Mauritius, Singapore, Sao Paulo, Houston, and San Francisco. Warburg's San Francisco office is small-fewer than 30 out of Warburg's 700 employees work in San Francisco-and the office is focused on technology and software investments. Warburg's San Francisco office is not its headquarters or primary office.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 1

| | |
|---|---|
| **24STCV06677** | January 22, 2025 |
| **AMBER PALMA, et al. vs STERIGENICS U.S., LLC, et al.** | 10:00 AM |

| | |
|---|---|
| Judge: Honorable Lawrence P. Riff | CSR: Timothy McCoy, CSR #4745 |
| Judicial Assistant: C. Guerrero | ERM: None |
| Courtroom Assistant: R. Cruz | Deputy Sheriff: None |

Warburg has no other offices in California and does not own 6 property in California." (Chen Decl. ¶ 8.)

Plaintiffs' evidence is not sufficient to establish Warburg or GTCR are at home in California and therefore subject to general jurisdiction. "General jurisdiction instead calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide. A corporation that operates in many places can scarcely be deemed at home in all of them. Otherwise, 'at home' would be synonymous with 'doing business' tests framed before specific jurisdiction evolved in the United States." (*Daimler AG v. Bauman* (2014) 571 U.S. 117, 139 n.20. See also *BNSF Ry. Co. v. Tyrrell* (2017) 581 U.S. 402, 414 ("BNSF has over 2,000 miles of railroad track and more than 2,000 employees in Montana. . . . But in-state business, . . . does not suffice to permit the assertion of general jurisdiction . . ."); *Goodyear Dunlop Tires Operations, S.A. v. Brown* (2011) 564 U.S. 915, 927; ("A corporation's 'continuous activity of some sorts within a state,' *International Shoe* instructed, 'is not enough to support the demand that the corporation be amenable to suits unrelated to that activity.'").)

The Court finds Plaintiffs failed to demonstrate GTCR and Warburg are "at home" in California such that they are properly subject to general jurisdiction in this state.

***Alter Ego***

Plaintiffs also argues jurisdiction may be appropriate based upon the alter ego doctrine, contending GTCR and Warburg are alter egos of Sterigenics and Sotera Health. (Opp. at 12:5-28.)

Defendants demonstrate their lack of ownership in the operator of the facilities and its parent entities. (Cunningham Decl. ¶ 24 ("GTCR LLC does not and has never possessed any ownership interest in any Sterigenics U.S., LLC sterilization facility, including the Vernon facilities."); Id. ¶ 15 ("GTCR LLC has never been a general or limited partner of GTCR Fund IX. GTCR LLC did not invest in GTCR Fund IX or possess any equity in GTCR Fund IX, which means that GTCR LLC did not invest in or possess any equity in STHI Holdings, LLC or any of its subsidiaries or its future parent entities."); Chen Decl. ¶ 10 ("Warburg served (and continues to serve) as an investment manager of the WP XI Funds, but was (and is) not itself a general or limited partner of the WP XI Funds."); Nguyen Reply Decl. Ex. 1, Chen Depo. at 39:17-19 ("Warburg Pincus, LLC, itself, does not have ownership stakes or direct ownership in any of the portfolio companies within the funds.").)

While not specifically addressed by the parties, Plaintiffs' alter ego arguments lack merit due to

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 1

24STCV06677                                                                January 22, 2025
**AMBER PALMA, et al. vs STERIGENICS U.S., LLC, et al.**                             10:00 AM

Judge: Honorable Lawrence P. Riff            CSR: Timothy McCoy, CSR #4745
Judicial Assistant: C. Guerrero              ERM: None
Courtroom Assistant: R. Cruz                 Deputy Sheriff: None

the uncontested lack of ownership by GTCR and Warburg. As stated in *CADC/RADC Venture 2011-1 LLC v. Bradley* (2015) 235 Cal.App.4th 775, 788–789: "'The unity of ownership and interest demonstrated in the two personalities is reflected in the ownership by the individual in the stock of the corporation; when it is absent, the alter ego doctrine is generally unavailable. (*Riddle v. Leuschner* (1959) 51 Cal.2d 574, 580, 335 P.2d 107.) Under California law, '[o]wnership is a pre-requisite to alter ego liability, and not a mere 'factor' or 'guideline.'' (*S.E.C. v. Hickey* (9th Cir. 2003) 322 F.3d 1123, 1128.)."

Even if the lack of ownership was not dispositive, Plaintiffs' failed to meet their burden. Plaintiffs cite *Slottow v. American Cas. Co.* (1993) 10 F.3d 1355, 1360 for the proposition that "the Ninth Circuit has found that inadequate capitalization alone can serve as a basis for alter ego liability." (Opp. at 12:25-26.) However, *Slottow* is inconsistent with California law as undercapitalization is merely a factor to be considered. (*Triyar Hospitality Management, LLC v. WSI (II) - HWP, LLC* (2020) 57 Cal.App.5th 636, 642 ("An important factor in imposing alter ego liability is that a legal entity is so undercapitalized that it is likely to have no sufficient assets to meet its debts.").) "Misconduct or injustice was not proved by Sonora Mining's apparent inability to meet the balance of its endowment obligation to the District. The alter ego doctrine does not guard every unsatisfied creditor of a corporation but instead affords protection where some conduct amounting to bad faith makes it inequitable for the corporate owner to hide behind the corporate form. Difficulty in enforcing a judgment or collecting a debt does not satisfy this standard." (*Sonora Diamond Corp. v. Superior Court* (2000) 83 Cal.App.4th 523, 539.)

However, Plaintiffs do not provide any evidence of undercapitalization of any entity at the time of formation or thereafter to hide assets from potential creditors. (*Id.* at 538 ("The alter ego doctrine prevents individuals or other corporations from misusing the corporate laws by the device of a sham corporate entity formed for the purpose of committing fraud or other misdeeds.").) Further, as argued by Defendants, "Plaintiffs have adduced no evidence that the Sotera Defendants are unable to pay their liabilities," (Reply at 9:21-22), though such evidence would not be relevant considering the lack of ownership by Defendants.

Plaintiffs' evidence that GTCR and Warburg employees served on the board of a relevant Sterigenics or Sotera entity is not sufficient to establish an alter ego relationship, even if GTCR and Warburg were in a parent-subsidiary relationship with those entities. (*DVI, Inc. v. Superior Court* (2002) 104 Cal.App.4th 1080, 1097 ("interlocking corporate officers and directors are normal attributes of a parent-subsidiary relationship"); *Ranza v. Nike, Inc.* (9th Cir. 2015) 793 F.3d 1059, 1073 ("shared management personnel are alone insufficient to establish the requisite level of control."). Cf. *Santa Clarita Organization for Planning and the Environment v. Castaic Lake Water Agency* (2016) 1 Cal.App.5th 1084, 1105 ("The plaintiff must show specific

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 1

24STCV06677                                                January 22, 2025
**AMBER PALMA, et al. vs STERIGENICS U.S., LLC, et al.**                   10:00 AM

Judge: Honorable Lawrence P. Riff          CSR: Timothy McCoy, CSR #4745
Judicial Assistant: C. Guerrero            ERM: None
Courtroom Assistant: R. Cruz               Deputy Sheriff: None

manipulative conduct by the parent toward the subsidiary which relegates the latter to the status of merely an instrumentality, agency, conduit or adjunct of the former."); *BBA Aviation PLC v. Superior Court* (2010) 190 Cal.App.4th 421, 430 ("A certain level of control, in terms of direction and oversight, is to be expected in any ownership situation, and it is the rare occasion' where a court is willing to treat a parent and subsidiary as one entity for jurisdictional purposes.").)

An alter ego determination also requires a showing of "an inequitable result if the acts in question are treated as those of the corporation alone." (*Sonora, supra,* 83 Cal.App.4th at 538.) Plaintiffs do not specifically address this requirement. (*Finn v. G. D. Searle & Co.* (1984) 35 Cal.3d 691, 701–702 ("Neither a trial court nor a reviewing court in a civil action is obligated to seek out theories plaintiff might have advanced, or to articulate for him that which he has left unspoken.").) As noted above, the asserted undercapitalization, even if Plaintiffs had provided sufficient evidence thereof, is insufficient standing alone to demonstrate an inequitable result.

Plaintiffs did not meet their burden to establish jurisdiction over GTCR and Warburg is warranted under the alter ego doctrine.

***Joint Venture***

Plaintiffs argue GTCR and Warburg operate a joint venture with Sterigenics and Sotera Health. (Opp. at 16:18-17:28.) "The elements necessary for its creation are: (1) joint interest in a common business; (2) with an understanding to share profits and losses; and (3) a right to joint control." (*580 Folsom Associates v. Prometheus Development Co.* (1990) 223 Cal.App.3d 1, 15–16.) As described herein, there is no evidence that Defendants have an ownership interest in the other entity defendants and Plaintiffs' contention that "GTCR and Warburg have a substantial ownership stake in Sterigenics and Sotera Health," (Opp. at 19:3-5), is not supported. Plaintiffs also do not provide any evidence that Defendants shared profits and losses with any relevant entity.

Plaintiffs did not meet their burden to establish general jurisdiction over GTCR and Warburg is appropriate based upon their involvement in a joint venture.

***Plaintiffs Failed to Demonstrate the Court has Specific Jurisdiction Over GTCR and Warburg Pincus***

Plaintiffs also argue the Court has specific jurisdiction over GTCR and Warburg. (Opp. at 18:1-19:21.)

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 1

24STCV06677                                                          January 22, 2025
**AMBER PALMA, et al. vs STERIGENICS U.S., LLC, et al.**                    10:00 AM

Judge: Honorable Lawrence P. Riff              CSR: Timothy McCoy, CSR #4745
Judicial Assistant: C. Guerrero                ERM: None
Courtroom Assistant: R. Cruz                   Deputy Sheriff: None

---

"When determining whether specific jurisdiction exists, courts consider the relationship among the defendant, the forum, and the litigation. A court may exercise specific jurisdiction over a nonresident defendant only if: (1) the defendant has purposefully availed himself or herself of forum benefits; (2) the controversy is related to or arises out of the defendant's contacts with the forum; and (3) the assertion of personal jurisdiction would comport with fair play and substantial justice." (*Pavlovich v. Superior Court* (2002) 29 Cal.4th 262, 269 (internal citations and quotations omitted).)

"A plaintiff opposing a defendant's motion to quash service has the burden of establishing factors No. (1) (the defendant's purposeful availment) and No. (2) (lawsuit relates to the defendant's contacts with state). If the plaintiff does so, the burden then shifts to the defendant to show factor No. (3), that the exercise of jurisdiction would be unreasonable." (*People ex rel. Harris v. Native Wholesale Supply Co.* (2011) 196 Cal.App.4th 357, 362.)

Plaintiffs discuss Defendants' alleged awareness of EtO hazards based upon site visits by Noah Knauf as part of Warburg's pre-investment due diligence process for its funds and employees' board positions with the other entity Defendants. Plaintiffs do not demonstrate how this conduct is connected to their claims within the relevant specific jurisdiction framework and did not sufficiently evidence this case "is related to or arises out of the defendant's contacts with the forum" as required. (*Pavlovich, supra,* 29 Cal.4th at 269 (internal citations and quotations omitted).) Plaintiffs did not provide any evidence that GTCR or Warburg engaged in tortious conduct in California. (*Rivelli v. Hemm* (2021) 67 Cal.App.5th 380, 406 ("appellants have offered no evidence of fraudulent or tortious misconduct, or of any actual wrongdoing by Hemm, directed at the forum."); *Taylor-Rush v. Multitech Corp.* (1990) 217 Cal.App.3d 103, 114 ("There is no evidence that they participated in or directed any tortious act or omission either within or without California.").) Plaintiffs also did not provide any evidence that the emission of ethylene oxide from a sterilization plant is related to or arise out of Warburg or GTCR's contacts with California.

Plaintiffs' rely upon *Secrest Machine Corp. v. Superior Court* (1983) 33 Cal.3d 664, 671 to contend "[e]ven activities that occurred outside of California that 'were designed to consummate a business arrangement' in which the defendants would profit financially from activities in the forum state are relevant to the jurisdictional analysis." (Opp. at 11:11-14.) As noted by Defendants, Plaintiffs' selectively quote *Secrest*, which is a products liability case wherein the out-of-state acts "were designed to consummate a business arrangement in which Secrest would profit financially by selling its product for use in California." Secrest sold a leveling machine to F&S and "[f]rom the nature of the machine and the business of F&S it is evident that Secrest

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 1

24STCV06677                                                           January 22, 2025
AMBER PALMA, et al. vs STERIGENICS U.S., LLC, et al.                      10:00 AM

Judge: Honorable Lawrence P. Riff          CSR: Timothy McCoy, CSR #4745
Judicial Assistant: C. Guerrero            ERM: None
Courtroom Assistant: R. Cruz               Deputy Sheriff: None

knew the product would, and intended that it should, enter California and here be used by F&S.
Real party's cause of action arose directly from this intended effect." (*Ibid.*) Plaintiffs have not
demonstrated their causes of action arise directly from GTCR or Warburg's intended effect in
California and the facts at issue here are not analogous to the sale of products in California.

The Court finds Plaintiffs failed to meet their burden to establish specific jurisdiction over GTCR
or Warburg. (*Native Wholesale Supply, supra,* 196 Cal.App.4th at 362.)

### *Further Discovery is Not Warranted*

Finally, Plaintiffs request further jurisdictional discovery. (Opp. at 19:22-20:22.) Plaintiffs'
request is supported by the declaration of their counsel, who states "Defendants requested that
jurisdictional discovery be limited to a short time frame, which proved insufficient because
Plaintiffs learned for the first time about relevant facts and information at the depositions and did
not have time to investigate before this Opposition was due." (Vitale Decl. ¶ 10.) Plaintiffs'
counsel further states "Plaintiffs respectfully request additional time to conduct jurisdictional
discovery, including via interrogatories and requests for production to GTCR, Warburg and its
Funds, related to the companies' business transactions in California, as well as their ownership
and control of Sterigenics and Sotera Health." (Id. ¶ 11.)

"In order to prevail on a motion for a continuance for jurisdictional discovery, the plaintiff
should demonstrate that discovery is likely to lead to the production of evidence of facts
establishing jurisdiction." (*In re Automobile Antitrust Cases I & II* (2005) 135 Cal.App.4th 100,
127.) Plaintiffs failed to meet this burden. Plaintiffs have not articulated the manner in which any
of the cited evidence is likely to lead to the discovery of facts establishing jurisdiction over
GTCR and Warburg. For the reasons stated herein and based upon the evidence available, other
transactions in California are immaterial as the transactions will not lead to general jurisdiction
and are irrelevant to specific jurisdiction. Additionally, the evidence does not suggest Plaintiffs
are likely to find evidence of Defendants' ownership in any relevant entity Defendant.

The request for further discovery is DENIED.

### Conclusion
Defendants GTCR, LLC and Warburg Pincus, LLC's Motion to Quash Service of Summons is
GRANTED.

Moving party to give notice.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 1

**24STCV06677**                                                                January 22, 2025
**AMBER PALMA, et al. vs STERIGENICS U.S., LLC, et al.**                              10:00 AM

Judge: Honorable Lawrence P. Riff                CSR: Timothy McCoy, CSR #4745
Judicial Assistant: C. Guerrero                  ERM: None
Courtroom Assistant: R. Cruz                     Deputy Sheriff: None

Certificate of Mailing is attached.

Additional appearances for Defendant(s):
Clay Massey via LA CourtConnect
Juliana Mariko Yee