**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| *In Re*: Bio-Lab Class Actions | Case No. 1:24-CV-04407-SEG |

**OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY**

Plaintiffs' motion to compel seeks to obtain documents and communications from an expert firm retained under privilege by outside counsel for the Bio-Lab and KIK Defendants. Specifically, the firm—Ramboll US Consulting, Inc., an engineering, architecture, and consultancy company—was retained under privilege by WilmerHale on behalf of the Bio-Lab and KIK Defendants following the September 29, 2024 fire in Conyers, Georgia, and was previously retained by outside counsel in similar capacities, including in 2020 and 2022.

Plaintiffs acknowledge that "the parties have reached agreement on the 2020 and 2024 engagements," and that "Plaintiffs are satisfied that those three engagements were in anticipation of litigation for purposes of work-product privilege." Dkt. No. 229 at 1. However, they request an order "compelling Ramboll to produce all documents related to its 2022 work for KIK/BioLab." *Id.*

1

The Court should deny Plaintiffs' motion because Ramboll's work in 2022 is protected from disclosure. In 2022, KIK's outside counsel—Weil, Gotshal & Manges—retained Ramboll in connection with a potential transaction. As demonstrated in the attached affidavit from Weil, outside counsel required Ramboll's expertise to understand the environmental condition of certain KIK facilities and retained Ramboll under privilege to conduct a review to identify environmental issues that were reasonably likely to result in liabilities or compliance costs in excess of $250,000. Ex. A (Affidavit of Annemargaret Connolly).[1] Weil, in other words, engaged Ramboll to perform specialized consulting services for the purpose of helping Weil gather information that it needed to provide legal advice to KIK. The work is therefore privileged.

Plaintiffs' motion to compel should be denied.

## BACKGROUND

In 2022, Weil retained Ramboll in connection with a potential transaction KIK was considering. As set forth in the scope of work section of the 2022 engagement letter between Weil, KIK, and Ramboll, Ramboll conducted a review

---

[1]   Plaintiffs complain that "Defendants have not produced any new evidence in support of their work product and privilege claims," Dkt. No. 229 at 4, yet they fail to acknowledge that, as discussed below, it appeared probable the motion to compel could be amicably resolved by the parties, until the Plaintiffs abruptly changed course two days before the deadline and informed the Bio-Lab and KIK Defendants that Plaintiffs were no longer interested in doing so.

to identify environmental issues that were reasonably likely to result in liabilities or compliance costs in excess of $250,000.  *See* Ex. A ¶ 4; Ex. B (2022 Engagement Letter (redacted)).  At Weil's direction, Ramboll conducted an on-site environmental review of most of the manufacturing sites operated by KIK at the time.  *See* Ex. A ¶ 5.  For each site, Ramboll reviewed historical information, prior environmental reports, and information from regulatory databases.  *Id.*  Ramboll also conducted site visits and employee interviews.  *Id.*  Ramboll then prepared a report with its findings.  *Id.*

Weil required and relied on Ramboll's expertise to analyze the information gathered and explain the environmental condition of certain properties and therefore retained Ramboll under privilege to identify potentially significant environmental issues.  *Id.* ¶ 6.  Weil engaged Ramboll to perform specialized consulting services for the purpose of helping Weil gather information and conduct analyses that Weil needed to provide legal advice to KIK, and Weil directed the work Ramboll conducted.  *Id.*  At all times during this engagement for a contemplated transaction, Weil, KIK, and Ramboll understood that the work conducted by Ramboll was done under privilege, was confidential, and was done under Weil's direction to aid Weil in rendering legal advice.  *Id.* ¶ 7.

On April 29, 2025, Plaintiffs served a document subpoena on Ramboll with 10 document requests seeking, among other things: all communications between

3

Ramboll and the Bio-Lab and KIK Defendants regarding the Conyers site; all communications between Ramboll and various local, state, and federal governmental entities; all communications between Ramboll and various insurance companies; all communications between Ramboll and WilmerHale; and all documents relating to any services Ramboll provided regarding the Conyers site. *See* Ex. C (Ramboll Subpoena).[2]  Because Bio-Lab and KIK hold the privilege over the work Ramboll performed, counsel for the Bio-Lab and KIK Defendants have been meeting and conferring with Plaintiffs about this subpoena, and have informed Plaintiffs that the only responsive documents Ramboll would have related to the Conyers site would be in connection with retentions by outside counsel for Bio-Lab and KIK and would be protected from disclosure.

Despite ongoing and seemingly productive conferrals—including agreement by Plaintiffs that the 2020 and 2024 Ramboll engagements are protected from disclosure—Plaintiffs filed a motion to compel on September 17, 2025 regarding the 2022 Ramboll engagement.  The parties have continued to confer regarding the 2022 engagement, and as noted in the September 30, 2025 consent motion for extension of time (Dkt. No. 230), it appeared probable the motion to compel could

---

[2]   Plaintiffs simultaneously served similar document subpoenas on two other third parties.  As those other third parties were not retained under privilege by counsel for the Bio-Lab and KIK Defendants, the Bio-Lab and KIK Defendants did not object to those subpoenas.

4

be resolved by the parties without further involvement by the Court. Subsequent to that update to the Court, however, Plaintiffs ceased engaging with the Bio-Lab and KIK Defendants on a proposed compromise to resolve this dispute, and did not substantively respond regarding the only remaining open point until October 6, 2025 (two days before the opposition deadline), when they informed counsel for the Bio-Lab and KIK Defendants that Plaintiffs were no longer interested in seeking to resolve this dispute without involving the Court, and instead would seek full compliance with the subpoena for the 2022 Ramboll engagement.

## ARGUMENT

The 2022 work conducted by Ramboll is privileged and thus protected from disclosure. "The attorney-client privilege exists to protect not only the giving of professional advice to those who act on it but also the giving of information to the lawyer to enable him to give sound and informed [legal] advice." *Abdallah v. Coca-Cola Co.*, 2000 WL 33249254, at *3 (N.D. Ga. Jan. 25, 2000); *see United States v. Kovel*, 296 F.2d 918 (2d Cir. 1961). And it extends the privilege to instances "[w]here counsel seeks and obtains outside consulting services … 'to assist [the] lawyer in the rendition of legal services.'" *Abdallah*, 2000 WL 33249254, at *3. "[T]hat business considerations are weighed in the rendering of [such] legal advice does not vitiate the attorney-client privilege." *Coleman v. Am. Broadcasting Cos.*, 106 F.R.D. 201, 206 (D.D.C. 1985). Instead, "[w]hat is vital to

the privilege is that the communication be made in confidence for the purpose of obtaining legal advice from the lawyer." *Kovel*, 296 F.2d at 922. Here, the work Ramboll performed unquestionably assisted Weil in rendering legal advice to its client, *see* Ex. A ¶ 6, and it is therefore privileged.

The work conducted by Ramboll in 2022 is just the kind of work that courts in this district and circuit routinely find protected by the attorney-client privilege. For example, in *Burlington Industries, Inc. v. Rossville Yarn, Inc.*, the court cited and applied the principle that privilege extends to third-party "information-giver[s]" who have "significant relationship[s] to the corporation and the corporation's involvement in the transaction that is the subject of legal services." 1997 WL 404319, at *3 (N.D. Ga. June 3, 1997) (citation omitted). Similarly, in *Lee-Bolton v. Koppers Inc.*, the court found the privilege applied to an environmental review prepared by in-house counsel that analyzed information compiled by expert consultants for the express purpose of advising counsel with regard to legal issues concerning potential environmental liabilities. 2015 WL 11110543, at *3 (N.D. Fla. Apr. 20, 2015). As in these cases, BioLab's and KIK's communications with Ramboll were for the purpose of obtaining legal advice and are privileged as a result.[3]

---

[3] *See also Lone Star Fund V (US), L.P. v. UFCW Consol. Pension Fund*, 2012 WL 13071967, at *6 (N.D. Ga. Apr. 27, 2012) (communications with consultant

Plaintiffs suggest that the fact that a report drafted by Ramboll in 2022 was shared with investment bankers that were retained by KIK waives the privilege. But this argument fails to recognize that the investment bankers' role was integral to the company and its outside counsel's evaluation of issues in the contemplated transaction. Courts have recognized this reality when upholding privilege, regardless of such sharing: "Where counsel seeks and obtains outside consulting services"—such as an accountant to assist the attorney in rendering legal advice concerning a complex issue of tax accounting or an investment banker to advise on the accuracy of certain disclosures—"the attorney-client privilege has been extended to such third parties." *In re Piedmont Office Realty Trust Inc. Sec. Litig.*, 2011 WL 13169494, at *3 (N.D. Ga. Oct. 27, 2011) (opinion of Bondurant, E., Special Master) (quoting *Abdallah*, 2000 WL 33249254, at *3). Numerous courts

---

retained to render banking investment advice and related services in connection with a potential sale of a corporate subsidiary privileged); *Home Depot U.S.A., Inc. v. G&S Invs./Willow Park, L.P.*, 2001 WL 37121340, at *3 (N.D. Ga. Sept. 27, 2001) (communications between Home Depot and insurance broker "for the purpose of forming legal strategies" were protected by attorney-client privilege); *Coca-Cola Co. v. Allianz Ins. Co.*, 2004 WL 7308665, at *5 (N.D. Ga. Mar. 4, 2004) (communications between plaintiff, attorney, and plaintiff's insurance broker were privileged because insurance broker was providing legal advice); *Bozeman v. Per-Se Techs., Inc.*, 2006 WL 8431279, at *5 (N.D. Ga. May 23, 2006) (denying motion to compel production of communications to defendant's outside accountants because "so long as an attorney hires an accountant or financial professional for a specific purpose that relates significantly to the disputed communications or documents at issue, any documents and communications disclosed to such a professional are privileged").

"have found that communications with third-party financial advisors or investment bankers are protected by the attorney-client privilege where such communications were indispensable to the provision of the attorney's legal advice." *See Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, 2018 WL 2323424, at *5 (M.D. La. May 22, 2018).[4] Indeed, "finding that the attorney-client privilege does not attach in these circumstances would frustrate a lawyer's ability to provide (and a client's ability to obtain) comprehensive legal advice in connection with complex financial matters." *In re Piedmont*, 2011 WL 13169494, at *3. The situation is no different here.

Plaintiffs' attempts to distinguish *In re Piedmont* are perplexing. Plaintiffs acknowledge that the question in *In re Piedmont* was "whether the inclusion of the bankers and advisors waived the attorney-client privilege on those communications," Dkt. No. 229 at 14, and that *In re Piedmont* "might explain why disclosure of Ramboll's work to KIK's investment bankers would not waive privilege," *id.* at 15. The Bio-Lab and KIK Defendants agree. Just as in *In re Piedmont*, the investment bankers' role here was integral to the company and its

---

[4]  *See also In re JP Morgan Chase & Co. Securities Litigation*, 2007 WL 2363311, at *7-8 (N.D. Ill. Aug. 13, 2007) (where client hired third-party to provide investment advisor services in connection with a merger, communications with third party investment advisor protected by attorney-client privilege); *Calvin Klein Trademark Trust v. Wachner*, 124 F. Supp. 2d 207 (S.D.N.Y. Dec. 20, 2000) (communications privileged despite participation of investment bankers).

outside counsel's evaluation of complex issues, and therefore the fact that the report drafted by Ramboll in 2022 was shared with investment bankers that were retained by KIK does not waive the privilege. And nothing *in In re Piedmont* suggests that Ramboll's work would not be subject to the attorney-client privilege to begin with, as Plaintiffs seem to claim. *See* Dkt. No. 229 at 15.

Ramboll's work in connection with its 2022 retention also constitutes protected work product. Contrary to suggestions by Plaintiffs, this work was not performed in the ordinary course—rather, Ramboll's 2022 review was commissioned by outside counsel to identify environmental issues that were reasonably likely to result in liabilities or compliance costs in excess of $250,000. *See* Ex. A ¶ 4. Federal Rule of Civil Procedure 26(b)(3)(A) protects from disclosure "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3)(A). And Federal Rule of Civil Procedure 26(b)(4)(D) protects from disclosure "facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for

trial and who is not expected to be called as a witness at trial." Fed. R. Civ. P. 26(b)(4)(D).[5]

Contrary to suggestions by Plaintiffs that the "mere possibility—even likelihood—of future litigation is insufficient," Dkt. No. 229 at 7, the caselaw is clear that "[n]o actual claim or threat of litigation is required for materials to be protected." *Delta Air Lines, Inc. v. Marriott Int'l, Inc.*, 2021 WL 12121916, at *6 (N.D. Ga. June 25, 2021) (citation omitted). Indeed, the "key inquiry" is not whether litigation "was started prior to the time these documents were accumulated." *See Blanton v. Nat'l Hot Rod Ass'n*, 2021 WL 2451544, at *4 (N.D. Ga. Mar. 16, 2021) (citation omitted). Rather, the inquiry is whether the work was conducted "because of the ***prospect*** of litigation." *Id.* (emphasis added) (citations omitted). Here, Ramboll's 2022 review was commissioned by outside counsel to identify environmental issues that were reasonably likely to result in liabilities or compliance costs in excess of $250,000. Thus, the prospect of

---

[5] Plaintiffs state in their motion that "Rule (3)(A), rather than Rule (4)(D), governs" because "Rule (4)(D) precludes a party from using 'interrogatories or [a] deposition,'" and since "Plaintiffs' subpoena seeks documents and tangible things, the relevant provision is Rule (3)(A) rather than Rule (4)(D)." Dkt. No. 229 at 6. During the meet and confer process, Plaintiffs made clear that they would also seek to take depositions of Ramboll personnel; based on the representation that they now only seek documents and tangible things, the Bio-Lab and KIK Defendants understand that to no longer be the case.

potential litigation was one of the purposes for which this work was conducted, and it is therefore subject to protection. *See id.*

Plaintiffs' suggestion that Ramboll's 2022 work "was for a business, rather than legal purpose" and therefore is not protected, Dkt. No. 229 at 8, is unavailing, as the question of entitlement to work product protection "cannot be decided simply by looking at one motive that contributed to a document's preparation." *In re Grand Jury Subpoena (Mark Torf/Torf Env't Mgmt.)*, 357 F.3d 900, 908 (9th Cir. 2004). Rather, surrounding circumstances must be considered, and when "two purposes are profoundly interconnected, the analysis is more complicated." *Id.* Even in circumstances where there is a "so-called 'independent' purpose" for certain work, it can be protected if it is "grounded in the same set of facts that created the anticipation of litigation." *Id.* at 909. Indeed, the Sixth Circuit—which Plaintiffs characterize as applying a "particularly high standard," Dkt. No. 229 at 11—has explained that the fact a company "made business decisions based on [] legal advice does not change matters," as companies "'regularly consult their attorneys about a variety of problems arising in the course of the business.'" *In re FirstEnergy Corp.*, No. 24-3654, 2025 WL 2814286, at *3 (6th Cir. Oct. 3, 2025). As the Sixth Circuit has explained, in the context of legal threats that a company may face, "it will be the rare company that will not also have business purposes for seeking essential legal advice." *Id.* Internal investigations that a company may

conduct to assess areas of potential exposure are protected from disclosure. As the Sixth Circuit recognized "these bedrock protections are not so easily pierced." *Id.* (citations omitted).

## CONCLUSION

For these reasons, the Bio-Lab and KIK Defendants respectfully submit that because the subpoena seeks production of documents entirely shielded from disclosure by privilege and the work-product doctrine, no production of documents in response to the subpoena is warranted, and the motion should be denied.

[signature on following page]

Respectfully submitted this 15th day of October, 2025.

| | |
|---|---|
| Alan E. Schoenfeld<br>Thomas K. Bredar<br>**WILMER CUTLER PICKERING<br>  HALE AND DORR LLP**<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007<br>Tel: (212) 230-8800<br>Fax: (212) 230-8888<br>alan.schoenfeld@wilmerhale.com<br>thomas.bredar@wilmerhale.com<br><br>Felicia H. Ellsworth<br>**WILMER CUTLER PICKERING<br>  HALE AND DORR LLP**<br>60 State Street<br>Boston, MA 02109<br>Tel: (617) 526-6000<br>Fax: (617) 526-5000<br>felicia.ellsworth@wilmerhale.com<br><br>Robin C. Burrell<br>**WILMER CUTLER PICKERING<br>  HALE AND DORR LLP**<br>2100 Pennsylvania Avenue NW<br>Washington, DC 20037<br>Tel: (202) 663-6000<br>Fax: (202) 663-6363<br>robin.burrell@wilmerhale.com | */s/ Michael A. Caplan*<br>Michael A. Caplan<br>Ga. Bar No. 601039<br>Michael L. Eber<br>Ga. Bar No. 859338<br>Emily C. Snow<br>Ga. Bar No. 837411<br>Alan M. Long<br>Ga. Bar No. 367326<br>**CAPLAN COBB LLC**<br>75 Fourteenth Street NE, Suite 2700<br>Atlanta, Georgia 30309<br>Tel: (404) 596-5600<br>Fax: (404) 596-5604<br>mcaplan@caplancobb.com<br>meber@caplancobb.com<br>jarnold@caplancobb.com<br>esnow@caplancobb.com<br>along@caplancobb.com |

*Counsel for Defendants Bio-Lab, Inc., KIK International LLC, KIK Custom Products Inc., and KIK U.S. Holdings LLC*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1(D), I hereby certify that the foregoing document complies with the font and point selections approved by L.R. 5.1(C). The foregoing document was prepared using Times New Roman font in 14 point.

This 15th day of October, 2025.

>*/s/ Michael A. Caplan*
>Michael A. Caplan
>Ga. Bar No. 601039
>
>*Counsel for Defendants Bio-Lab, Inc., KIK International LLC, KIK Custom Products Inc., and KIK U.S. Holdings LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this day, I caused a true and correct copy of the foregoing document to be filed with the clerk's office using this Court's CM/ECF system, which will automatically send notice of such filing to all counsel of record.

This 15th day of October, 2025.

/s/ Michael A. Caplan
Michael A. Caplan
Ga. Bar No. 601039

*Counsel for Defendants Bio-Lab, Inc., KIK International LLC, KIK Custom Products Inc., and KIK U.S. Holdings LLC*