# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| In re Bio-Lab Class Actions | Case No. 1:24-cv-04407-SEG |

## BIO-LAB AND KIK DEFENDANTS' ANSWER TO CONSOLIDATED CLASS ACTION COMPLAINT

Defendants Bio-Lab, Inc., KIK International LLC, KIK Custom Products Inc., and KIK US Holdings LLC ("Defendants") by and through their undersigned counsel, hereby answer the class action Plaintiffs' Consolidated Complaint filed on January 10, 2025. Except as expressly admitted herein, Defendants deny every allegation, statement, heading, and matter contained in the Complaint. The Complaint contains numerous allegations relating to "Defendants," collectively and/or to Defendants "Centerbridge Partners, LP and Centerbridge Capital Partners III, LP" (the "Centerbridge Defendants"). Defendants lack sufficient information or belief to admit or deny any of those allegations to the extent they relate to the Centerbridge Defendants. On that basis, Defendants deny all allegations regarding the Centerbridge Defendants and any responses contained herein are made solely on behalf of Defendants.

1

**ANSWER TO NO. 1:**  Paragraph 1 contains statements and/or conclusions of law to which no response is required.  To the extent the allegations in Paragraph 1 purport to quote or characterize the contents of a third-party website, the website speaks for itself.  To the extent the allegations are inconsistent with or do not appear on the website, they are denied.  Defendants deny that the fire that occurred on September 29, 2024, that is the subject of this action ("the Fire") occurred at 1700 Covington Highway, Conyers, Georgia.  Defendants admit that the Fire occurred on September 29, 2024, and that the Fire resulted in evacuations and shelter-in-place advisories.  Defendants deny the remaining allegations in Paragraph 1.

**ANSWER TO NO. 2:**  Defendants admit that Bio-Lab, Inc. manufactures and supplies products for swimming pool and spa water care, to include trichloroisocyanuric acid, or "TCCA."  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 and on that basis deny those allegations.

**ANSWER TO NO. 3:**  Defendants admit that when TCCA comes in contact with water it could cause an exothermic reaction.  When applied to large bodies of water like a swimming pool, TCCA dissolves and chlorinates the swimming pool water. Defendants lack knowledge or information sufficient to form a belief as to the truth

of the remaining allegations in Paragraph 3 and on that basis deny those allegations. Defendants deny the remaining allegations in Paragraph 3.

**ANSWER TO NO. 4:**  Paragraph 4 contains non-factual characterizations to which no response is required.  To the extent a response is required, Defendants deny that the Fire, as defined above, occurred at the Conyers Plant, as defined above.  Defendants deny the remaining allegations in Paragraph 4.

**ANSWER TO NO. 5:**  Paragraph 5 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants admit that a fire occurred on August 27, 2020 at a Bio-Lab, Inc., facility in Westlake, LA, and that the fire resulted in a shelter-in-place order and a temporary closure of a portion of Interstate 10.  Defendants deny the remaining allegations in Paragraph 5.

**ANSWER TO NO. 6:**  Denied.

**ANSWER TO NO. 7:**  Denied.

**ANSWER TO NO. 8:**  Denied.

**ANSWER TO NO. 9:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and on that basis deny those allegations.

**ANSWER TO NO. 10:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and on that basis deny those allegations.

**ANSWER TO NO. 11:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and on that basis deny those allegations.

**ANSWER TO NO. 12:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and on that basis deny those allegations.

**ANSWER TO NO. 13:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and on that basis deny those allegations.

**ANSWER TO NO. 14:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and on that basis deny those allegations.

**ANSWER TO NO. 15:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and on that basis deny those allegations.

**ANSWER TO NO. 16:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and on that basis deny those allegations.

**ANSWER TO NO. 17:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and on that basis deny those allegations.

**ANSWER TO NO. 18:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and on that basis deny those allegations.

**ANSWER TO NO. 19:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and on that basis deny those allegations.

**ANSWER TO NO. 20:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and on that basis deny those allegations.

**ANSWER TO NO. 21:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and on that basis deny those allegations.

**ANSWER TO NO. 22:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and on that basis deny those allegations.

**ANSWER TO NO. 23:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and on that basis deny those allegations.

**ANSWER TO NO. 24:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and on that basis deny those allegations.

**ANSWER TO NO. 25:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and on that basis deny those allegations.

**ANSWER TO NO. 26:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and on that basis deny those allegations.

**ANSWER TO NO. 27:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and on that basis deny those allegations.

**ANSWER TO NO. 28:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and on that basis deny those allegations.

**ANSWER TO NO. 29:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and on that basis deny those allegations.

**ANSWER TO NO. 30:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and on that basis deny those allegations.

**ANSWER TO NO. 31:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and on that basis deny those allegations.

**ANSWER TO NO. 32:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and on that basis deny those allegations.

**ANSWER TO NO. 33:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and on that basis deny those allegations.

**ANSWER TO NO. 34:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and on that basis deny those allegations.

**ANSWER TO NO. 35:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and on that basis deny those allegations.

**ANSWER TO NO. 36:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and on that basis deny those allegations.

**ANSWER TO NO. 37:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and on that basis deny those allegations.

**ANSWER TO NO. 38:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and on that basis deny those allegations.

**ANSWER TO NO. 39:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and on that basis deny those allegations.

**ANSWER TO NO. 40:** Admitted.

**ANSWER TO NO. 41:** To the extent the allegations in Paragraph 41 purport to quote or characterize the contents of a third-party website, the website speaks for itself. To the extent the allegations are inconsistent with or do not appear on the website, they are denied. Defendants deny the remaining allegations in Paragraph 41.

**ANSWER TO NO. 42:** Defendants admit that Bio-Lab, Inc. conducted operations in the building located at 1630 and 1650 Old Covington Highway, Conyers, Georgia 30012 and that it owned and operated other buildings in Conyers, Georgia on September 29, 2024. Defendants deny the remaining allegations in Paragraph 42.

**ANSWER TO NO. 43:** To the extent the allegations in Paragraph 43 refer to documents, the documents speak for themselves, to which no response is required. To the extent the allegations are inconsistent with or do not appear in the documents, denied. Defendants deny the remaining allegations in Paragraph 43.

**ANSWER TO NO. 44:** Admitted.

**ANSWER TO NO. 45:** Paragraph 45 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants admit that Bio-Lab, Inc. is wholly owned by KIK International LLC, a Delaware limited liability company, and that Bio-Lab, Inc., is authorized to do business in the State of Georgia. Defendants admit that Bio-Lab's facility in

Conyers is in Rockdale County and that Bio-Lab has an office in Gwinnett County. Defendants deny the remaining allegations in Paragraph 45.

**ANSWER TO NO. 46:**  Paragraph 46 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants admit that Plaintiffs filed proof of service indicating that service of this lawsuit to CT Corporation System at 289 S. Culver St., Lawrenceville, Georgia, 30046, was effected on October 4, 2024.

**ANSWER TO NO. 47:**  Defendants admit that KIK International LLC is a Delaware limited liability company.  Defendants deny that its principal place of business currently is in Ontario, Canada.

**ANSWER TO NO. 48:**  Paragraph 48 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants admit that Plaintiffs filed proof of service indicating that service of this lawsuit to The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware, 19801, was effected on November 21, 2024.

**ANSWER TO NO. 49:**  Defendants admit that KIK Custom Products Inc. is a Delaware corporation.  Defendants deny that its principal place of business currently is in Ontario, Canada.

**ANSWER TO NO. 50:**  Admitted.

**ANSWER TO NO. 51:**  Admitted.

**ANSWER TO NO. 52:** Paragraph 52 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants admit that Plaintiffs filed proof of service on KIK Consumer Products Inc., indicating that the summons was served on Elizabeth Reid at 1725 North Brown Road, Lawrenceville, Georgia, 30043 on October 4, 2024. Defendants deny that KIK Custom Products Inc. was served through its registered agent, The Corporation Trust Company, and deny the remaining allegations in Paragraph 52.

**ANSWER TO NO. 53:** Admitted.

**ANSWER TO NO. 54:** Denied.

**ANSWER TO NO. 55:** Paragraph 55 contains no factual allegations, and thus no response to Paragraph 55 is required.

**ANSWER TO NO. 56:** Admitted.

**ANSWER TO NO. 57:** Paragraph 57 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 57.

**ANSWER TO NO. 58:** Paragraph 58 contains statements and/or conclusions of law to which no response is required. To the extent the allegations in Paragraph 58 purport to quote or characterize statements, those statements speak for themselves, to which no response is required. To the extent the allegations are inconsistent

with or do not appear in the statements, denied.  Defendants deny the remaining allegations in Paragraph 58.

**ANSWER TO NO. 59:**  Paragraph 59 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, denied.

**ANSWER TO NO. 60:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and on that basis deny those allegations.

**ANSWER TO NO. 61:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and on that basis deny those allegations.

**ANSWER TO NO. 62:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and on that basis deny those allegations.

**ANSWER TO NO. 63:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and on that basis deny those allegations.

**ANSWER TO NO. 64:**  Paragraph 64 contains no factual allegations, and thus no response to Paragraph 64 is required.

**ANSWER TO NO. 65:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and on that basis deny those allegations.

**ANSWER TO NO. 66:** Denied.

**ANSWER TO NO. 67:** Paragraph 67 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 67 and deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure.

**ANSWER TO NO. 68:** Paragraph 68 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 68 and deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure.

**ANSWER TO NO. 69:** Paragraph 69 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 69 and deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure.

**ANSWER TO NO. 70:** Paragraph 70 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and on that basis deny those allegations.

**ANSWER TO NO. 71:** Paragraph 71 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants admit that KIK Custom Products Inc., KIK International LLC, and KIK US Holdings LLC are all organized under Delaware law. Defendants deny that the principal place of business for KIK International LLC and KIK Custom Products Inc. currently is in Ontario, Canada. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 regarding Centerbridge Partners, LP and Centerbridge Capital Partners III, LP and on that basis deny those allegations. Defendants deny the remaining allegations in Paragraph 71.

**ANSWER TO NO. 72:** Paragraph 72 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 72 and deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure.

**ANSWER TO NO. 73:** Paragraph 73 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants admit that two state court putative class actions were filed before the complaint was filed in this case. Defendants deny the remaining allegations in Paragraph 73 and deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure.

**ANSWER TO NO. 74:** To the extent the allegations in Paragraph 74 refer to documents, the documents speak for themselves, to which no response is required. To the extent the allegations are inconsistent with or do not appear in the documents, denied. Defendants deny the remaining allegations in Paragraph 74.

**ANSWER TO NO. 75:** To the extent the allegations in Paragraph 75 refer to documents, the documents speak for themselves, to which no response is required. To the extent the allegations are inconsistent with or do not appear in the documents, denied. Defendants deny the remaining allegations in Paragraph 75.

**ANSWER TO NO. 76:** Paragraph 76 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants admit that the complaints in Dobbins and Lynch were filed before any plaintiffs filed a putative class action complaint in federal court regarding the Fire, and deny the remaining allegations in Paragraph 76.

**ANSWER TO NO. 77:** Paragraph 77 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 73 and deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure.

**ANSWER TO NO. 78:** Paragraph 78 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 78.

**ANSWER TO NO. 79:** Paragraph 79 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 79.

**ANSWER TO NO. 80:** Paragraph 80 contains statements and/or conclusions of law to which no response is required. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 and on that basis deny those allegations.

**ANSWER TO NO. 81:** Paragraph 81 contains legal conclusions and non-factual characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 81.

**ANSWER TO NO. 82:**  Paragraph 82 contains legal conclusions and non-factual characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 82.

**ANSWER TO NO. 83:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 and on that basis deny those allegations.

**ANSWER TO NO. 84:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 and on that basis deny those allegations.

**ANSWER TO NO. 85:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 and on that basis deny those allegations.

**ANSWER TO NO. 86:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 and on that basis deny those allegations.

**ANSWER TO NO. 87:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 and on that basis deny those allegations.

**ANSWER TO NO. 88:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 and on that basis deny those allegations.

**ANSWER TO NO. 89:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 and on that basis deny those allegations.

**ANSWER TO NO. 90:** Paragraph 90 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 90.

**ANSWER TO NO. 91:** Paragraph 91 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 91.

**ANSWER TO NO. 92:** Paragraph 92 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 92.

**ANSWER TO NO. 93:** Admitted.

**ANSWER TO NO. 94:** Denied.

**ANSWER TO NO. 95:** Denied.

**ANSWER TO NO. 96:** Admitted.

**ANSWER TO NO. 97:** Admitted.

**ANSWER TO NO. 98:** Denied.

**ANSWER TO NO. 99:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 and on that basis deny those allegations.

**ANSWER TO NO. 100:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 and on that basis deny those allegations.

**ANSWER TO NO. 101:** Denied.

**ANSWER TO NO. 102:** Denied.

**ANSWER TO NO. 103:** Denied.

**ANSWER TO NO. 104:** Denied.

**ANSWER TO NO. 105:** Admitted.

**ANSWER TO NO. 106:** Defendants admit that Steven P. Jackson serves as the Treasurer of KIK Custom Products Inc., KCP Holdings Inc., KIK International LLC, and Bio-Lab, Inc. Defendants deny the remaining allegations in Paragraph 106.

**ANSWER TO NO. 107:** Defendants admit that Ari Sahakian serves as a director of Bio-Lab, Inc. Defendants deny the remaining allegations in Paragraph 107.

**ANSWER TO NO. 108:** Defendants admit that Jared Knudson served as a director of KIK Custom Products Inc. and KCP Holdings Inc. from 2019 to 2023,

and served as a director of Bio-Lab, Inc., from 2019 to July 2022. Defendants deny the remaining allegations in Paragraph 108.

**ANSWER TO NO. 109:** Admitted.

**ANSWER TO NO. 110:** Denied.

**ANSWER TO NO. 111:** Defendants admit that Mark Halperin signed an agreement executing an assignment in August 2015.

**ANSWER TO NO. 112:** Admitted.

**ANSWER TO NO. 113:** Defendants admit that Stephen Jackson signed an agreement executing an assignment in July 2024.

**ANSWER TO NO. 114:** Defendants admit that Stephen Jackson signed an agreement executing an assignment in July 2024.

**ANSWER TO NO. 115:** Admitted.

**ANSWER TO NO. 116:** Denied.

**ANSWER TO NO. 117:** To the extent the allegations in Paragraph 117 refer to documents, the documents speak for themselves, to which no response is required. To the extent the allegations are inconsistent with or do not appear in the documents, denied. Defendants deny the remaining allegations in Paragraph 117.

**ANSWER TO NO. 118:** To the extent the allegations in Paragraph 118 refer to documents, the documents speak for themselves, to which no response is required.

To the extent the allegations are inconsistent with or do not appear in the documents, denied. Defendants deny the remaining allegations in Paragraph 118.

**ANSWER TO NO. 119:** To the extent the allegations in Paragraph 119 refer to documents, the documents speak for themselves, to which no response is required. To the extent the allegations are inconsistent with or do not appear in the documents, denied. Defendants deny the remaining allegations in Paragraph 119.

**ANSWER TO NO. 120:** Denied.

**ANSWER TO NO. 121:** Paragraph 121 contains legal conclusions and non-factual characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 121.

**ANSWER TO NO. 122:** To the extent the allegations in Paragraph 122 refer to documents, the documents speak for themselves, to which no response is required. To the extent the allegations are inconsistent with or do not appear in the documents, denied. Defendants deny the remaining allegations in Paragraph 122.

**ANSWER TO NO. 123:** To the extent the allegations in Paragraph 123 refer to documents, the documents speak for themselves, to which no response is required. To the extent the allegations are inconsistent with or do not appear in the documents, denied. Defendants deny the remaining allegations in Paragraph 123.

**ANSWER TO NO. 124:** Paragraph 124 contains legal conclusions and non-factual characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 124.

**ANSWER TO NO. 125:** Paragraph 125 contains legal conclusions and non-factual characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 125.

**ANSWER TO NO. 126:** Paragraph 126 contains legal conclusions and non-factual characterizations to which no response is required. To the extent a response is required, Defendants deny that a fire occurred at the Conyers Plant, as defined above, in September 2024, and deny the remaining allegations in Paragraph 126.

**ANSWER TO NO. 127:** Paragraph 127 contains legal conclusions and non-factual characterizations to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127, and on that basis deny them. Defendants deny the remaining allegations in Paragraph 127.

**ANSWER TO NO. 128:** To the extent the allegations in Paragraph 128 refer to documents, the documents speak for themselves, to which no response is required. To the extent the allegations are inconsistent with or do not appear in the documents, denied. Defendants deny the remaining allegations in Paragraph 128.

**ANSWER TO NO. 129:**  To the extent the allegations in Paragraph 129 refer to documents, the documents speak for themselves, to which no response is required. To the extent the allegations are inconsistent with or do not appear in the documents, denied.  Defendants deny the remaining allegations in Paragraph 129.

**ANSWER TO NO. 130:**  Paragraph 130 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130 and on that basis deny those allegations.

**ANSWER TO NO. 131:**  Paragraph 131 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131 and on that basis deny those allegations.

**ANSWER TO NO. 132:**  Paragraph 132 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 and on that basis deny those allegations.

**ANSWER TO NO. 133:**  Paragraph 133 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133 and on that basis deny those allegations.

**ANSWER TO NO. 134:** Defendants admit that KIK was involved in the pool care business in 2013. Defendants deny the remaining allegations in Paragraph 134.

**ANSWER TO NO. 135:** Admitted.

**ANSWER TO NO. 136:** Denied.

**ANSWER TO NO. 137:** Denied.

**ANSWER TO NO. 138:** Denied.

**ANSWER TO NO. 139:** Paragraph 139 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139 and on that basis deny those allegations.

**ANSWER TO NO. 140:** Paragraph 140 contains legal conclusions and non-factual characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 140.

**ANSWER TO NO. 141:** Denied.

**ANSWER TO NO. 142:** To the extent the allegations in Paragraph 142 refer to documents, the documents speak for themselves, to which no response is required. To the extent the allegations are inconsistent with or do not appear in the documents, denied. Defendants deny that a fire occurred at the Conyers Plant, as

defined above, in September 2024.  Defendants deny the remaining allegations in Paragraph 142.

**ANSWER TO NO. 143:**  To the extent the allegations in Paragraph 143 refer to documents, the documents speak for themselves, to which no response is required. To the extent the allegations are inconsistent with or do not appear in the documents, denied.  Defendants deny the remaining allegations in Paragraph 143.

**ANSWER TO NO. 144:**  Denied.

**ANSWER TO NO. 145:**  To the extent the allegations in Paragraph 145 refer to documents, the documents speak for themselves, to which no response is required. To the extent the allegations are inconsistent with or do not appear in the documents, denied.  Defendants deny the remaining allegations in Paragraph 145.

**ANSWER TO NO. 146:**  To the extent the allegations in Paragraph 146 refer to documents, the documents speak for themselves, to which no response is required. To the extent the allegations are inconsistent with or do not appear in the documents, denied.  Defendants deny the remaining allegations in Paragraph 146.

**ANSWER TO NO. 147:**  To the extent the allegations in Paragraph 147 refer to documents, the documents speak for themselves, to which no response is required. To the extent the allegations are inconsistent with or do not appear in the documents, denied.  Defendants deny the remaining allegations in Paragraph 147.

**ANSWER TO NO. 148:**  To the extent the allegations in Paragraph 148 refer to documents, the documents speak for themselves, to which no response is required. To the extent the allegations are inconsistent with or do not appear in the documents, denied.  Defendants deny the remaining allegations in Paragraph 148.

**ANSWER TO NO. 149:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 and on that basis deny those allegations.

**ANSWER TO NO. 150:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150 and on that basis deny those allegations.

**ANSWER TO NO. 151:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151 and on that basis deny those allegations.

**ANSWER TO NO. 152:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152 and on that basis deny those allegations.

**ANSWER TO NO. 153:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153 and on that basis deny those allegations.

**ANSWER TO NO. 154:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154 and on that basis deny those allegations.

**ANSWER TO NO. 155:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155 and on that basis deny those allegations.

**ANSWER TO NO. 156:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156 and on that basis deny those allegations.

**ANSWER TO NO. 157:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157 and on that basis deny those allegations.

**ANSWER TO NO. 158:** Denied.

**ANSWER TO NO. 159:** Paragraph 159 contains legal conclusions and non-factual characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 159.

**ANSWER TO NO. 160:** To the extent the allegations in Paragraph 160 purport to quote or characterize statements, those statements speak for themselves, to which no response is required.  To the extent a response is required, Defendants lack

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160 and on that basis deny those allegations.

**ANSWER TO NO. 161:** To the extent the allegations in Paragraph 161 purport to quote or characterize statements, those statements speak for themselves, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161 and on that basis deny those allegations.

**ANSWER TO NO. 162:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162 and on that basis deny those allegations.

**ANSWER TO NO. 163:** Denied.

**ANSWER TO NO. 164:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164 and on that basis deny those allegations.

**ANSWER TO NO. 165:** Admitted.

**ANSWER TO NO. 166:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166 and on that basis deny those allegations.

**ANSWER TO NO. 167:** Admitted.

**ANSWER TO NO. 168:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168 and on that basis deny those allegations.

**ANSWER TO NO. 169:**  To the extent the allegations in Paragraph 169 purport to quote or characterize statements, those statements speak for themselves, to which no response is required.  Defendants deny the remaining allegations in Paragraph 169.

**ANSWER TO NO. 170:**  To the extent the allegations in Paragraph 170 refer to documents, the documents speak for themselves, to which no response is required. To the extent the allegations are inconsistent with or do not appear in the documents, denied.  Defendants deny the remaining allegations in Paragraph 170.

**ANSWER TO NO. 171:**  Paragraph 171 contains legal conclusions and non-factual characterizations to which no response is required.  To the extent the allegations in Paragraph 171 refer to documents, the documents speak for themselves, to which no response is required.  To the extent the allegations are inconsistent with or do not appear in the documents, denied.  Defendants deny the remaining allegations in Paragraph 171.

**ANSWER TO NO. 172:**  Paragraph 172 contains legal conclusions and non-factual characterizations to which no response is required.  To the extent the allegations in Paragraph 172 refer to documents, the documents speak for

themselves, to which no response is required.  To the extent the allegations are inconsistent with or do not appear in the documents, denied. Defendants deny the remaining allegations in Paragraph 172.

**ANSWER TO NO. 173:**  Denied.

**ANSWER TO NO. 174:**  Denied.

**ANSWER TO NO. 175:**  Denied.

**ANSWER TO NO. 176:**  Paragraph 176 contains legal conclusions and non-factual characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 176.

**ANSWER TO NO. 177:**  Paragraph 177 contains legal conclusions and non-factual characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 177.

**ANSWER TO NO. 178:**  Paragraph 178 contains legal conclusions and non-factual characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 178.

**ANSWER TO NO. 179:**  Defendants lack knowledge or information to form a belief as to the truth of the allegations in Paragraph 179 and on that basis deny those allegations.

**ANSWER TO NO. 180:**  To the extent the allegations in Paragraph 180 purport to quote or characterize statements, those statements speak for themselves, to which

no response is required.  To the extent a response is required, Defendants lack

knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 180 and on that basis deny those allegations.

**ANSWER TO NO. 181:**  To the extent the allegations in Paragraph 181 purport to

quote or characterize statements, those statements speak for themselves, to which

no response is required.  To the extent a response is required, Defendants lack

knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 181 and on that basis deny those allegations.

**ANSWER TO NO. 182:**  To the extent the allegations in Paragraph 182 purport to

quote or characterize statements, those statements speak for themselves, to which

no response is required.  To the extent a response is required, Defendants lack

knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 182 and on that basis deny those allegations.

**ANSWER TO NO. 183:**  To the extent the allegations in Paragraph 183 purport to

quote or characterize statements, those statements speak for themselves, to which

no response is required.  To the extent a response is required, Defendants lack

knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 183 and on that basis deny those allegations.

**ANSWER TO NO. 184:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 184 and on that basis deny those allegations.

**ANSWER TO NO. 185:**  To the extent the allegations in Paragraph 185 refer to documents, the documents speak for themselves, to which no response is required. To the extent the allegations are inconsistent with or do not appear in the documents, denied.  Defendants deny the remaining allegations in Paragraph 185.

**ANSWER TO NO. 186:**  Paragraph 186 contains non-factual characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 186.

**ANSWER TO NO. 187:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 187 and on that basis deny those allegations.

**ANSWER TO NO. 188:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 188 and on that basis deny those allegations.  Defendants deny the remaining allegations in Paragraph 188.

**ANSWER TO NO. 189:**  Paragraph 189 contains non-factual characterizations to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 189 and on that basis deny those allegations. Defendants deny the remaining allegations in Paragraph 189.

**ANSWER TO NO. 190:** To the extent the allegations in Paragraph 190 refer to documents, the documents speak for themselves, to which no response is required. To the extent the allegations are inconsistent with or do not appear in the documents, denied. Defendants deny the remaining allegations in Paragraph 190.

**ANSWER TO NO. 191:** Defendants admit that on September 14, 2020 and September 18, 2020, the Bio-Lab facility in Conyers experienced a fire. Defendants admit that on August 27, 2020, the Bio-Lab facility in Lake Charles experienced a fire. Defendants deny the remaining allegations in Paragraph 191.

**ANSWER TO NO. 192:** Defendants admit that there were costs associated with the fire at the Bio-Lab facility in Conyers and the Bio-Lab facility in Lake Charles. Defendants deny the remaining allegations in Paragraph 192.

**ANSWER TO NO. 193:** Paragraph 193 contains legal conclusions and non-factual characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 193.

**ANSWER TO NO. 194:** Paragraph 194 contains legal conclusions and non-factual characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 194.

**ANSWER TO NO. 195:**  Paragraph 195 contains non-factual characterizations to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 195 and on that basis deny those allegations.  Defendants deny the remaining allegations in Paragraph 195.

**ANSWER TO NO. 196:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 196 and on that basis deny those allegations.

**ANSWER TO NO. 197:**  Paragraph 197 contains non-factual characterizations to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 195 and on that basis deny those allegations.  Defendants deny the remaining allegations in Paragraph 197.

**ANSWER TO NO. 198:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 198 and on that basis deny those allegations.

**ANSWER TO NO. 199:**  Paragraph 199 contains non-factual characterizations to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 199 and on that basis deny those allegations. Defendants deny the remaining allegations in Paragraph 199.

**ANSWER TO NO. 200:**  To the extent the allegations in Paragraph 200 refer to documents, the documents speak for themselves, to which no response is required. To the extent the allegations are inconsistent with or do not appear in the documents, denied.  Defendants deny the remaining allegations in Paragraph 200.

**ANSWER TO NO. 201:**  To the extent the allegations in Paragraph 201 refer to documents, the documents speak for themselves, to which no response is required. To the extent the allegations are inconsistent with or do not appear in the documents, denied.  Defendants deny the remaining allegations in Paragraph 201.

**ANSWER TO NO. 202:**  To the extent the allegations in Paragraph 202 purport to quote or characterize statements, those statements speak for themselves, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 202 and on that basis deny those allegations.

**ANSWER TO NO. 203:**  To the extent the allegations in Paragraph 203 purport to quote or characterize statements, those statements speak for themselves, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 203 and on that basis deny those allegations.

**ANSWER TO NO. 204:**  To the extent the allegations in Paragraph 204 purport to quote or characterize statements, those statements speak for themselves, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 204 and on that basis deny those allegations.

**ANSWER TO NO. 205:**  Paragraph 205 contains legal conclusions and non-factual characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 205.

**ANSWER TO NO. 206:**  Paragraph 206 contains legal conclusions and non-factual characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 206.

**ANSWER TO NO. 207:**  To the extent the allegations in Paragraph 207 purport to quote or characterize statements, those statements speak for themselves, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 207.

**ANSWER TO NO. 208:**  Denied.

**ANSWER TO NO. 209:**  Denied.

**ANSWER TO NO. 210:** Paragraph 210 contains legal conclusions and non-factual characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 210.

**ANSWER TO NO. 211:** To the extent the allegations in Paragraph 211 relate to the other defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 211 and on that basis deny those allegations. Defendants deny the remaining allegations in Paragraph 211.

**ANSWER TO NO. 212:** Paragraph 212 contains legal conclusions and non-factual characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 212.

**ANSWER TO NO. 213:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 213 and on that basis deny those allegations.

**ANSWER TO NO. 214:** To the extent the allegations in Paragraph 214 relate to the other defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 214 and on that basis deny those allegations. Defendants deny the remaining allegations in Paragraph 214.

**ANSWER TO NO. 215:** Paragraph 215 contains legal conclusions and non-factual characterizations to which no response is required. To the extent the allegations in Paragraph 215 purport to quote or characterize statements, those

statements speak for themselves, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 215.

**ANSWER TO NO. 216:** Paragraph 216 contains legal conclusions and non-factual characterizations to which no response is required. To the extent the allegations in Paragraph 216 relate to the other defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 216 and on that basis deny those allegations. Defendants deny the remaining allegations in Paragraph 216.

**ANSWER TO NO. 217:** Paragraph 217 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 217.

**ANSWER TO NO. 218:** Paragraph 218 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 218.

**ANSWER TO NO. 219:** Paragraph 215 contains legal conclusions and non-factual characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 219.

**ANSWER TO NO. 220:** Denied.

**ANSWER TO NO. 221:** Denied.

**ANSWER TO NO. 222:** Paragraph 222 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 222.

**ANSWER TO NO. 223:** Paragraph 223 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 223.

**ANSWER TO NO. 224:** Paragraph 224 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 224.

**ANSWER TO NO. 225:** Paragraph 225 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 225.

**ANSWER TO NO. 226:** Paragraph 226 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 226.

**ANSWER TO NO. 227:** Paragraph 227 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 227 and deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure. Defendants deny that Plaintiffs or the putative

class are entitled to the relief sought in the Consolidated Complaint, or any relief at all.

**ANSWER TO NO. 228:**  Paragraph 228 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 228.

**ANSWER TO NO. 229:**  To the extent the allegations in Paragraph 229 purport to quote or characterize the contents of a third-party website, the website speaks for itself.  To the extent the allegations are inconsistent with or do not appear on the website, they are denied.  Defendants deny the remaining allegations in Paragraph 229.

**ANSWER TO NO. 230:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 230 and on that basis deny those allegations.

**ANSWER TO NO. 231:**  Defendants admit that, in 2004, a fire occurred at Bio-Lab's Conyers Plant, resulting in evacuation advisories and a temporary closure of a portion of Interstate 20.  Defendants deny the remaining allegations in Paragraph 231.

**ANSWER TO NO. 232:**  Defendants admit that residents within a 1.5-mile radius of the Conyers Plant were evacuated due to the 2004 fire.

**ANSWER TO NO. 233:**  Denied.

**ANSWER TO NO. 234:** Denied.

**ANSWER TO NO. 235:** Denied.

**ANSWER TO NO. 236:** Denied.

**ANSWER TO NO. 237:** Denied.

**ANSWER TO NO. 238:** Denied.

**ANSWER TO NO. 239:** Denied.

**ANSWER TO NO. 240:** Denied.

**ANSWER TO NO. 241:** Denied.

**ANSWER TO NO. 242:** Denied.

**ANSWER TO NO. 243:** Denied.

**ANSWER TO NO. 244:** Denied.

**ANSWER TO NO. 245:** To the extent the allegations in Paragraph 245 purport to quote or characterize the contents of a third-party website, the website speaks for itself. To the extent the allegations are inconsistent with or do not appear on the website, they are denied. Defendants deny the remaining allegations in Paragraph 245.

**ANSWER TO NO. 246:** To the extent the allegations in Paragraph 246 purport to quote or characterize the contents of a third-party website, the website speaks for itself. To the extent the allegations are inconsistent with or do not appear on the

website, they are denied.  Defendants deny the remaining allegations in Paragraph

246.

**ANSWER TO NO. 247:**  To the extent the allegations in Paragraph 247 purport to

quote or characterize the contents of a third-party website, the website speaks for

itself.  To the extent the allegations are inconsistent with or do not appear on the

website, they are denied.  Defendants deny the remaining allegations in Paragraph

247.

**ANSWER TO NO. 248:**  To the extent the allegations in Paragraph 248 purport to

quote or characterize the contents of a third-party website, the website speaks for

itself.  To the extent the allegations are inconsistent with or do not appear on the

website, they are denied.  Defendants deny the remaining allegations in Paragraph

248.

**ANSWER TO NO. 249:**  To the extent the allegations in Paragraph 249 purport to

quote or characterize the contents of a third-party website, the website speaks for

itself.  To the extent the allegations are inconsistent with or do not appear on the

website, they are denied.  Defendants deny the remaining allegations in Paragraph

249.

**ANSWER TO NO. 250:**  To the extent the allegations in Paragraph 250 purport to

quote or characterize the contents of a third-party website, the website speaks for

itself.  To the extent the allegations are inconsistent with or do not appear on the

website, they are denied. Defendants deny the remaining allegations in Paragraph 250.

**ANSWER TO NO. 251:** To the extent the allegations in Paragraph 251 purport to quote or characterize the contents of a third-party website, the website speaks for itself. To the extent the allegations are inconsistent with or do not appear on the website, they are denied. Defendants deny the remaining allegations in Paragraph 251.

**ANSWER TO NO. 252:** To the extent the allegations in Paragraph 252 purport to quote or characterize the contents of a third-party website, the website speaks for itself. To the extent the allegations are inconsistent with or do not appear on the website, they are denied. Defendants deny the remaining allegations in Paragraph 252.

**ANSWER TO NO. 253:** To the extent the allegations in Paragraph 253 purport to quote or characterize the contents of a third-party website, the website speaks for itself. To the extent the allegations are inconsistent with or do not appear on the website, they are denied. Defendants deny the remaining allegations in Paragraph 253.

**ANSWER TO NO. 254:** Paragraph 254 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 254.

**ANSWER TO NO. 255:**  To the extent the allegations in Paragraph 255 purport to quote or characterize the contents of a third-party website, the website speaks for itself.  To the extent the allegations are inconsistent with or do not appear on the website, they are denied.  Defendants deny the remaining allegations in Paragraph 255.

**ANSWER TO NO. 256:**  To the extent the allegations in Paragraph 256 purport to quote or characterize the contents of a third-party website, the website speaks for itself.  To the extent the allegations are inconsistent with or do not appear on the website, they are denied.  Defendants deny the remaining allegations in Paragraph 256.

**ANSWER TO NO. 257:**  To the extent the allegations in Paragraph 257 refer to documents, the documents speak for themselves, to which no response is required.  To the extent the allegations are inconsistent with or do not appear in the documents, denied.  Defendants admit that on August 27, 2020, a fire occurred at Bio-Lab's Lake Charles facility.  Defendants deny the remaining allegations in Paragraph 257.

**ANSWER TO NO. 258:**  Defendants admit that, on August 27, 2020, a fire occurred at Bio-Lab's Lake Charles facility.  Defendants deny the remaining allegations in Paragraph 258.

**ANSWER TO NO. 259:** To the extent the allegations in Paragraph 259 refer to documents, the documents speak for themselves, to which no response is required. To the extent the allegations are inconsistent with or do not appear in the documents, denied. Defendants deny the remaining allegations in Paragraph 259.

**ANSWER TO NO. 260:** To the extent the allegations in Paragraph 260 refer to documents, the documents speak for themselves, to which no response is required. To the extent the allegations are inconsistent with or do not appear in the documents, denied. Defendants deny the remaining allegations in Paragraph 260.

**ANSWER TO NO. 261:** To the extent the allegations in Paragraph 261 purport to quote or characterize statements, those statements speak for themselves, to which no response is required. To the extent the allegations are inconsistent with those statements, they are denied. Defendants deny the remaining allegations in Paragraph 261.

**ANSWER TO NO. 262:** To the extent the allegations in Paragraph 262 purport to quote or characterize the contents of a third-party website, the website speaks for itself. To the extent the allegations are inconsistent with or do not appear on the website, they are denied. Defendants deny the remaining allegations in Paragraph 262.

**ANSWER TO NO. 263:** To the extent the allegations in Paragraph 263 purport to quote or characterize the contents of a third-party website, the website speaks for

itself. To the extent the allegations are inconsistent with or do not appear on the website, they are denied. Defendants deny the remaining allegations in Paragraph 263.

**ANSWER TO NO. 264:** Paragraph 264 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 264.

**ANSWER TO NO. 265:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 265 and on that basis deny those allegations.

**ANSWER TO NO. 266:** Defendants admit that they stored chemicals at their Conyers facility. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 266 and on that basis deny those allegations.

**ANSWER TO NO. 267:** To the extent the allegations in Paragraph 267 purport to quote or characterize the contents of a third-party website, the website speaks for itself. To the extent the allegations are inconsistent with or do not appear on the website, they are denied. Defendants deny the remaining allegations in Paragraph 267.

**ANSWER TO NO. 268:** To the extent the allegations in Paragraph 268 refer to documents, the documents speak for themselves, to which no response is required.

To the extent the allegations are inconsistent with or do not appear in the documents, denied.  Defendants deny the remaining allegations in Paragraph 268.

**ANSWER TO NO. 269:**  To the extent the allegations in Paragraph 269 refer to documents, the documents speak for themselves, to which no response is required. To the extent the allegations are inconsistent with or do not appear in the documents, denied.  Defendants deny the remaining allegations in Paragraph 269.

**ANSWER TO NO. 270:**  To the extent the allegations in Paragraph 270 refer to documents, the documents speak for themselves, to which no response is required. To the extent the allegations are inconsistent with or do not appear in the documents, denied.  Defendants deny the remaining allegations in Paragraph 270.

**ANSWER TO NO. 271:**  To the extent the allegations in Paragraph 271 refer to documents, the documents speak for themselves, to which no response is required. To the extent the allegations are inconsistent with or do not appear in the documents, denied.  Defendants deny the remaining allegations in Paragraph 271.

**ANSWER TO NO. 272:**  To the extent the allegations in Paragraph 272 purport to quote or characterize the contents of a third-party website, the website speaks for itself.  To the extent the allegations are inconsistent with or do not appear on the website, they are denied.  Defendants deny the remaining allegations in Paragraph 272.

**ANSWER TO NO. 273:**  To the extent the allegations in Paragraph 273 refer to documents, the documents speak for themselves, to which no response is required. To the extent the allegations are inconsistent with or do not appear in the documents, they are denied.  Defendants deny the remaining allegations in Paragraph 273.

**ANSWER TO NO. 274:**  To the extent the allegations in Paragraph 274 refer to documents, the documents speak for themselves, to which no response is required. To the extent the allegations are inconsistent with or do not appear in the documents, denied.  Defendants deny the remaining allegations in Paragraph 274.

**ANSWER TO NO. 275:**  To the extent the allegations in Paragraph 275 refer to documents, the documents speak for themselves, to which no response is required. To the extent the allegations are inconsistent with or do not appear in the documents, denied.  Defendants deny the remaining allegations in Paragraph 275.

**ANSWER TO NO. 276:**  Paragraph 276 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 276.

**ANSWER TO NO. 277:**  Paragraph 277 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 277.

**ANSWER TO NO. 278:** Paragraph 278 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 278.

**ANSWER TO NO. 279:** Admitted.

**ANSWER TO NO. 280:** Paragraph 280 contains statements and/or conclusions of law to which no response is required. To the extent the allegations in Paragraph 280 refer to documents, the documents speak for themselves, to which no response is required. To the extent the allegations are inconsistent with or do not appear in the documents, denied. Defendants deny the remaining allegations in Paragraph 280.

**ANSWER TO NO. 281:** To the extent the allegations in Paragraph 281 refer to documents, the documents speak for themselves, to which no response is required. To the extent the allegations are inconsistent with or do not appear in the documents, denied. Defendants deny the remaining allegations in Paragraph 281.

**ANSWER TO NO. 282:** To the extent the allegations in Paragraph 282 refer to documents, the documents speak for themselves, to which no response is required. To the extent the allegations are inconsistent with or do not appear in the documents, denied. Defendants deny the remaining allegations in Paragraph 282.

**ANSWER TO NO. 283:** To the extent the allegations in Paragraph 283 purport to quote or characterize the contents of a third-party website, the website speaks for

itself.  To the extent the allegations are inconsistent with or do not appear on the website, they are denied.  Defendants deny the remaining allegations in Paragraph 283.

**ANSWER TO NO. 284:**  Paragraph 284 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 284.

**ANSWER TO NO. 285:**  Denied.

**ANSWER TO NO. 286:**  Paragraph 286 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 286.

**ANSWER TO NO. 287:**  Paragraph 287 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 287.

**ANSWER TO NO. 288:**  Denied.

**ANSWER TO NO. 289:**  Denied.

**ANSWER TO NO. 290:**  Denied.

**ANSWER TO NO. 291:**  Denied.

**ANSWER TO NO. 292:**  Denied.

**ANSWER TO NO. 293:**  To the extent the allegations in Paragraph 293 purport to quote or characterize the contents of a third-party website, the website speaks for

itself.  To the extent the allegations are inconsistent with or do not appear on the website, they are denied.  Defendants deny the remaining allegations in Paragraph 293.

**ANSWER TO NO. 294:**  To the extent the allegations in Paragraph 294 purport to quote or characterize the contents of a third-party website, the website speaks for itself.  To the extent the allegations are inconsistent with or do not appear on the website, they are denied.  To the extent the allegations in Paragraph 294 refer to documents, the documents speak for themselves, to which no response is required.  To the extent the allegations are inconsistent with or do not appear in the documents, denied.  Defendants deny the remaining allegations in Paragraph 294.

**ANSWER TO NO. 295:**  Denied.

**ANSWER TO NO. 296:**  Denied.

**ANSWER TO NO. 297:**  Denied.

**ANSWER TO NO. 298:**  Denied.

**ANSWER TO NO. 299:**  Defendants admit that the Fire, which began during the early morning hours of September 29, 2024, was extinguished but reignited around 12:00 PM.  Defendants deny the remaining allegations in Paragraph 299.

**ANSWER TO NO. 300:**  The Fire was extinguished at approximately 4:00 PM on September 29, 2024.

**ANSWER TO NO. 301:**  To the extent the allegations in Paragraph 301 purport to quote or characterize the contents of a third-party website, the website speaks for itself.  To the extent the allegations are inconsistent with or do not appear on the website, they are denied.  Defendants deny the remaining allegations in Paragraph 301.

**ANSWER TO NO. 302:**  To the extent the allegations in Paragraph 302 purport to quote or characterize the contents of a third-party website, the website speaks for itself.  To the extent the allegations are inconsistent with or do not appear on the website, they are denied.  Defendants deny the remaining allegations in Paragraph 302.

**ANSWER TO NO. 303:**  To the extent the allegations in Paragraph 303 refer to documents, the documents speak for themselves, to which no response is required.  To the extent the allegations are inconsistent with or do not appear in the documents, denied.  Defendants deny the allegations remaining in Paragraph 303.

**ANSWER TO NO. 304:**  To the extent the allegations in Paragraph 304 purport to quote or characterize the contents of a third-party website, the website speaks for itself.  To the extent the allegations are inconsistent with or do not appear on the website, they are denied.  Defendants deny the remaining allegations in Paragraph 304.

**ANSWER TO NO. 305:**  To the extent the allegations in Paragraph 305 purport to quote or characterize the contents of a third-party website, the website speaks for itself.  To the extent the allegations are inconsistent with or do not appear on the website, they are denied.  Defendants deny the remaining allegations in Paragraph 305.

**ANSWER TO NO. 306:**  Denied.

**ANSWER TO NO. 307:**  Denied.

**ANSWER TO NO. 308:**  Paragraph 308 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 308.

**ANSWER TO NO. 309:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 309 and on that basis deny those allegations.

**ANSWER TO NO. 310:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 310 and on that basis deny those allegations.

**ANSWER TO NO. 311:**  Defendants admit that the Fire resulted in temporary road closures.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 311 and on that basis deny those allegations.

**ANSWER TO NO. 312:**  To the extent the allegations in Paragraph 312 purport to quote or characterize the contents of a third-party website, the website speaks for itself.  To the extent the allegations are inconsistent with or do not appear on the website, they are denied.  Defendants deny the remaining allegations in Paragraph 312.

**ANSWER TO NO. 313:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 313 and on that basis deny those allegations.

**ANSWER TO NO. 314:**  To the extent the allegations in Paragraph 314 purport to quote or characterize the contents of a third-party website, the website speaks for itself.  To the extent the allegations are inconsistent with or do not appear on the website, they are denied.  Defendants deny the remaining allegations in Paragraph 314.

**ANSWER TO NO. 315:**  To the extent the allegations in Paragraph 315 purport to quote or characterize the contents of a third-party website, the website speaks for itself.  To the extent the allegations are inconsistent with or do not appear on the website, they are denied.  Defendants deny the remaining allegations in Paragraph 315.

**ANSWER TO NO. 316:**  To the extent the allegations in Paragraph 316 purport to quote or characterize the contents of a third-party website, the website speaks for

itself.  To the extent the allegations are inconsistent with or do not appear on the website, they are denied.  Defendants deny the remaining allegations in Paragraph 316.

**ANSWER TO NO. 317:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 317 and on that basis deny those allegations.

**ANSWER TO NO. 318:**  To the extent the allegations in Paragraph 318 purport to quote or characterize the contents of a third-party website, the website speaks for itself.  To the extent the allegations are inconsistent with or do not appear on the website, they are denied.  Defendants deny the remaining allegations in Paragraph 318.

**ANSWER TO NO. 319:**  To the extent the allegations in Paragraph 319 purport to quote or characterize the contents of a third-party website, the website speaks for itself.  To the extent the allegations are inconsistent with or do not appear on the website, they are denied.  Defendants deny the remaining allegations in Paragraph 319.

**ANSWER TO NO. 320:**  To the extent the allegations in Paragraph 320 purport to quote or characterize the contents of a third-party website, the website speaks for itself.  To the extent the allegations are inconsistent with or do not appear on the

website, they are denied.  Defendants deny the remaining allegations in Paragraph

320.

**ANSWER TO NO. 321:**  To the extent the allegations in Paragraph 321 purport to

quote or characterize the contents of a third-party website, the website speaks for

itself.  To the extent the allegations are inconsistent with or do not appear on the

website, they are denied.  Defendants deny the remaining allegations in Paragraph

321.

**ANSWER TO NO. 322:**  To the extent the allegations in Paragraph 322 purport to

quote or characterize the contents of a third-party website, the website speaks for

itself.  To the extent the allegations are inconsistent with or do not appear on the

website, they are denied.  Defendants deny the remaining allegations in Paragraph

322.

**ANSWER TO NO. 323:**  To the extent the allegations in Paragraph 323 purport to

quote or characterize the contents of a third-party website, the website speaks for

itself.  To the extent the allegations are inconsistent with or do not appear on the

website, they are denied.  Defendants deny the remaining allegations in Paragraph

323.

**ANSWER TO NO. 324:**  To the extent the allegations in Paragraph 324 purport to

quote or characterize the contents of a third-party website, the website speaks for

itself.  To the extent the allegations are inconsistent with or do not appear on the

website, they are denied.  Defendants deny the remaining allegations in Paragraph

324.

**ANSWER TO NO. 325:**  To the extent the allegations in Paragraph 325 purport to

quote or characterize the contents of a third-party website, the website speaks for

itself.  To the extent the allegations are inconsistent with or do not appear on the

website, they are denied.  Defendants deny the remaining allegations in Paragraph

325.

**ANSWER TO NO. 326:**  To the extent the allegations in Paragraph 326 purport to

quote or characterize the contents of a third-party website, the website speaks for

itself.  To the extent the allegations are inconsistent with or do not appear on the

website, they are denied.  Defendants deny the remaining allegations in Paragraph

326.

**ANSWER TO NO. 327:**  To the extent the allegations in Paragraph 327 purport to

quote or characterize the contents of a third-party website, the website speaks for

itself.  To the extent the allegations are inconsistent with or do not appear on the

website, they are denied.  Defendants deny the remaining allegations in Paragraph

327.

**ANSWER TO NO. 328:**  To the extent the allegations in Paragraph 328 purport to

quote or characterize the contents of a third-party website, the website speaks for

itself.  To the extent the allegations are inconsistent with or do not appear on the

website, they are denied.  Defendants deny the remaining allegations in Paragraph 328.

**ANSWER TO NO. 329:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 329 and on that basis deny those allegations.

**ANSWER TO NO. 330:**  To the extent the allegations in Paragraph 330 purport to quote or characterize the contents of a third-party website, the website speaks for itself.  To the extent the allegations are inconsistent with or do not appear on the website, they are denied.  Defendants deny the remaining allegations in Paragraph 330.

**ANSWER TO NO. 331:**  To the extent the allegations in Paragraph 331 purport to quote or characterize the contents of a third-party website, the website speaks for itself.  To the extent the allegations are inconsistent with or do not appear on the website, they are denied.  Defendants deny the remaining allegations in Paragraph 331.

**ANSWER TO NO. 332:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 332 and on that basis deny those allegations.

**ANSWER TO NO. 333:**  To the extent the allegations in Paragraph 333 purport to quote or characterize the contents of a third-party website, the website speaks for

itself.  To the extent the allegations are inconsistent with or do not appear on the website, they are denied.  Defendants deny the remaining allegations in Paragraph 333.

**ANSWER TO NO. 334:**  To the extent the allegations in Paragraph 334 refer to documents, the documents speak for themselves, to which no response is required. To the extent the allegations are inconsistent with or do not appear in the documents, denied.  Defendants deny the remaining allegations in Paragraph 334.

**ANSWER TO NO. 335:**  To the extent the allegations in Paragraph 335 refer to documents, the documents speak for themselves, to which no response is required. To the extent the allegations are inconsistent with or do not appear in the documents, denied.  Defendants deny the remaining allegations in Paragraph 335.

**ANSWER TO NO. 336:**  To the extent the allegations in Paragraph 336 refer to documents, the documents speak for themselves, to which no response is required. To the extent the allegations are inconsistent with or do not appear in the documents, denied.  Defendants admit that Rockdale County Emergency Management Agency, Georgia Environmental Protection Division, and Georgia Department of Public Health were involved with the response to the Fire. Defendants deny the remaining allegations in Paragraph 336.

**ANSWER TO NO. 337:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 337 and on that basis deny those allegations.

**ANSWER TO NO. 338:**  To the extent the allegations in Paragraph 338 purport to quote or characterize the contents of a third-party website, the website speaks for itself.  To the extent the allegations are inconsistent with or do not appear on the website, they are denied.  Defendants admit that the U.S. Environmental Protection Agency was involved with the response to the Fire and provided air quality monitoring.  Defendants deny the remaining allegations in Paragraph 338.

**ANSWER TO NO. 339:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 339 and on that basis deny those allegations.

**ANSWER TO NO. 340:**  To the extent the allegations in Paragraph 340 purport to quote or characterize the contents of a third-party website, the website speaks for itself.  To the extent the allegations are inconsistent with or do not appear on the website, they are denied.  Defendants deny the remaining allegations in Paragraph 340.

**ANSWER TO NO. 341:**  To the extent the allegations in Paragraph 341 purport to quote or characterize the contents of a third-party website, the website speaks for itself.  To the extent the allegations are inconsistent with or do not appear on the

website, they are denied.  Defendants deny the remaining allegations in Paragraph

341.

**ANSWER TO NO. 342:**  Defendants lack knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 342 and on that basis

deny those allegations.

**ANSWER TO NO. 343:**  To the extent the allegations in Paragraph 343 purport to

quote or characterize statements, those statements speak for themselves, to which

no response is required.  Defendants lack knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in Paragraph 343, and on

that basis deny them.

**ANSWER TO NO. 344:**  To the extent the allegations in Paragraph 344 purport to

quote or characterize statements, those statements speak for themselves, to which

no response is required.  Defendants lack knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in Paragraph 344, and on

that basis deny them.

**ANSWER TO NO. 345:**  To the extent the allegations in Paragraph 345 purport to

quote or characterize the contents of a third-party website, the website speaks for

itself.  To the extent the allegations are inconsistent with or do not appear on the

website, they are denied.  Defendants deny the remaining allegations in Paragraph

345.

**ANSWER TO NO. 346:**  To the extent the allegations in Paragraph 346 refer to documents, the documents speak for themselves, to which no response is required. To the extent the allegations are inconsistent with or do not appear in the documents, denied.  Defendants deny the remaining allegations in Paragraph 346.

**ANSWER TO NO. 347:**  To the extent the allegations in Paragraph 347 purport to quote or characterize the contents of a third-party website, the website speaks for itself.  To the extent the allegations are inconsistent with or do not appear on the website, they are denied.  Defendants deny the remaining allegations in Paragraph 347.

**ANSWER TO NO. 348:**  To the extent the allegations in Paragraph 348 purport to quote or characterize the contents of a third-party website, the website speaks for itself.  To the extent the allegations are inconsistent with or do not appear on the website, they are denied.  Defendants deny the remaining allegations in Paragraph 348.

**ANSWER TO NO. 349:**  To the extent the allegations in Paragraph 349 purport to quote or characterize the contents of a third-party website, the website speaks for itself.  To the extent the allegations are inconsistent with or do not appear on the website, they are denied.  Defendants deny the remaining allegations in Paragraph 349.

**ANSWER TO NO. 350:**  To the extent the allegations in Paragraph 350 purport to quote or characterize the contents of a third-party website, the website speaks for itself.  To the extent the allegations are inconsistent with or do not appear on the website, they are denied.  Defendants deny the remaining allegations in Paragraph 350.

**ANSWER TO NO. 351:**  To the extent the allegations in Paragraph 351 purport to quote or characterize the contents of a third-party website, the website speaks for itself.  To the extent the allegations are inconsistent with or do not appear on the website, they are denied.  Defendants deny the remaining allegations in Paragraph 351.

**ANSWER TO NO. 352:**  To the extent the allegations in Paragraph 352 purport to quote or characterize the contents of a third-party website, the website speaks for itself.  To the extent the allegations are inconsistent with or do not appear on the website, they are denied.  Defendants deny the remaining allegations in Paragraph 352.

**ANSWER TO NO. 353:**  To the extent the allegations in Paragraph 353 purport to quote or characterize the contents of a third-party website, the website speaks for itself.  To the extent the allegations are inconsistent with or do not appear on the website, they are denied.  Defendants deny the remaining allegations in Paragraph 353.

**ANSWER TO NO. 354:** To the extent the allegations in Paragraph 354 purport to quote or characterize the contents of a third-party website, the website speaks for itself. To the extent the allegations are inconsistent with or do not appear on the website, they are denied. Defendants deny the remaining allegations in Paragraph 354.

**ANSWER TO NO. 355:** To the extent the allegations in Paragraph 355 purport to quote or characterize the contents of a third-party website, the website speaks for itself. To the extent the allegations are inconsistent with or do not appear on the website, they are denied. Defendants deny the remaining allegations in Paragraph 355.

**ANSWER TO NO. 356:** Paragraph 356 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 356.

**ANSWER TO NO. 357:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 357 and on that basis deny those allegations.

**ANSWER TO NO. 358:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 358 and on that basis deny those allegations.

**ANSWER TO NO. 359:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 359 and on that basis deny those allegations.

**ANSWER TO NO. 360:**  Paragraph 360 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 360 and on that basis deny those allegations.

**ANSWER TO NO. 361:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 361 and on that basis deny those allegations.

**ANSWER TO NO. 362:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 362 and on that basis deny those allegations.

**ANSWER TO NO. 363:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 363 and on that basis deny those allegations.

**ANSWER TO NO. 364:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 364 and on that basis deny those allegations.

**ANSWER TO NO. 365:** Paragraph 365 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 365 and on that basis deny those allegations.

**ANSWER TO NO. 366:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 366 and on that basis deny those allegations.

**ANSWER TO NO. 367:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 367 and on that basis deny those allegations.

**ANSWER TO NO. 368:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 368 and on that basis deny those allegations.

**ANSWER TO NO. 369:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 369 and on that basis deny those allegations.

**ANSWER TO NO. 370:** Paragraph 370 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 370 and on that basis deny those allegations.

**ANSWER TO NO. 371:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 371 and on that basis deny those allegations.

**ANSWER TO NO. 372:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 372 and on that basis deny those allegations.

**ANSWER TO NO. 373:**  Paragraph 373 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 373 and on that basis deny those allegations.

**ANSWER TO NO. 374:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 374 and on that basis deny those allegations.

**ANSWER TO NO. 375:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 375 and on that basis deny those allegations.

**ANSWER TO NO. 376:**  Paragraph 376 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 376 and on that basis deny those allegations.

**ANSWER TO NO. 377:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 377 and on that basis deny those allegations.

**ANSWER TO NO. 378:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 378 and on that basis deny those allegations.

**ANSWER TO NO. 379:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 379 and on that basis deny those allegations.

**ANSWER TO NO. 380:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 380 and on that basis deny those allegations.

**ANSWER TO NO. 381:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 381 and on that basis deny those allegations.

**ANSWER TO NO. 382:**  Paragraph 382 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 382 and on that basis deny those allegations.

**ANSWER TO NO. 383:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 383 and on that basis deny those allegations.

**ANSWER TO NO. 384:** Paragraph 384 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 384 and on that basis deny those allegations.

**ANSWER TO NO. 385:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 385 and on that basis deny those allegations.

**ANSWER TO NO. 386:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 386 and on that basis deny those allegations.

**ANSWER TO NO. 387:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 387 and on that basis deny those allegations.

**ANSWER TO NO. 388:** Paragraph 388 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 388 and on that basis deny those allegations.

**ANSWER TO NO. 389:**  To the extent the allegations in Paragraph 389 purport to quote or characterize the contents of a third-party website, the website speaks for itself.  To the extent the allegations are inconsistent with or do not appear on the website, they are denied.  Defendants deny the remaining allegations in Paragraph 389.

**ANSWER TO NO. 390:**  To the extent the allegations in Paragraph 390 purport to quote or characterize statements, those statements speak for themselves, to which no response is required.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 390, and on that basis deny them.

**ANSWER TO NO. 391:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 391 and on that basis deny those allegations.

**ANSWER TO NO. 392:**  To the extent the allegations in Paragraph 392 purport to quote or characterize statements, those statements speak for themselves, to which no response is required.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 392, and on that basis deny them.

**ANSWER TO NO. 393:**  To the extent the allegations in Paragraph 393 purport to quote or characterize the contents of a third-party website, the website speaks for

itself.  To the extent the allegations are inconsistent with or do not appear on the website, they are denied.  Defendants deny the remaining allegations in Paragraph 393.

**ANSWER TO NO. 394:**  To the extent the allegations in Paragraph 394 refer to documents, the documents speak for themselves, to which no response is required. To the extent the allegations are inconsistent with or do not appear in the documents, denied.  Defendants deny the remaining allegations in Paragraph 394.

**ANSWER TO NO. 395:**  Defendants admit that Plaintiffs purport to bring this action on behalf of themselves and a putative class defined in Paragraphs 395-398 but deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure.

**ANSWER TO NO. 396:**  Paragraph 396 contains statements and/or conclusions of law to which no response is required.

**ANSWER TO NO. 397:**  Defendants admit that Plaintiffs purport to bring this action on behalf of themselves and a putative class defined in Paragraphs 395-398 but deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure.  Defendants deny that a fire occurred at the Conyers Plant, as defined above, in September 2024.

**ANSWER TO NO. 398:**  Defendants admit that Plaintiffs purport to bring this action on behalf of themselves and a putative class defined in Paragraphs 395-398 but deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure

**ANSWER TO NO. 399:**  Paragraph 399 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure.

**ANSWER TO NO. 400:**  Paragraph 400 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny that the putative class meets the criteria for certification under Rule 23(a) or 23(b) of the Federal Rules of Civil Procedure.  Defendants also deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure.

**ANSWER TO NO. 401:**  Paragraph 401 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 401 and deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure.

**ANSWER TO NO. 402:**  Paragraph 402 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 402 and deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure.

**ANSWER TO NO. 403:**  Paragraph 403 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 403 and deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure.

**ANSWER TO NO. 404:**  Paragraph 404 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 404 and deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure.

**ANSWER TO NO. 405:**  Paragraph 405 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 405 and deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure.

**ANSWER TO NO. 406:**  Paragraph 406 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 406 and deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure.

**ANSWER TO NO. 407:**  Paragraph 407 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 407 and deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure.

**ANSWER TO NO. 408:**  Paragraph 408 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 408 and deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure.

**ANSWER TO NO. 409:**  Paragraph 409 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 409 and deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure.

**ANSWER TO NO. 410:** Paragraph 410 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 410 and deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure.

**ANSWER TO NO. 411:** Paragraph 411 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 411 and deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure.

**ANSWER TO NO. 412:** Paragraph 412 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 412 and deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure.

**ANSWER TO NO. 413:** Paragraph 413 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 413 and deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure.

**ANSWER TO NO. 414:**  Paragraph 414 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 414 and deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure.

**ANSWER TO NO. 415:**  Paragraph 415 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 415 and deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure.

**ANSWER TO NO. 416:**  Paragraph 416 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 416 and deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure.

**ANSWER TO NO. 417:**  Paragraph 417 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 417 and deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure.

**ANSWER TO NO. 418:** Paragraph 418 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 418 and deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure.

**ANSWER TO NO. 419:** Paragraph 419 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 419 and deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure.

**ANSWER TO NO. 420:** Paragraph 420 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 420 and deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure.

**ANSWER TO NO. 421:** Paragraph 421 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants admit that Plaintiffs purport to bring this action on behalf of themselves and a putative class defined in Paragraphs 395-398 but deny the allegations in Paragraph 421 and deny that certification of any class is proper under

Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of

Civil Procedure.

**ANSWER TO NO. 422:**  Defendants admit that Plaintiffs purport to seek

equitable and injunctive relief related to medical monitoring on behalf of

themselves and a putative class but deny the allegations in Paragraph 422 and deny

that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2),

23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure.

**ANSWER TO NO. 423:**  Paragraph 423 contains statements and/or conclusions of

law to which no response is required.  To the extent a response is required,

Defendants deny the allegations in Paragraph 423.

**ANSWER TO NO. 424:**  Defendants admit that when TCCA comes in contact

with water it could cause an exothermic reaction.  When applied to large bodies of

water like a swimming pool, TCCA dissolves and chlorinates the swimming pool

water.  Defendants deny the remaining allegations in Paragraph 424.

**ANSWER TO NO. 425:**  Defendants admit that a fire at the Conyers Plant in

2004 resulted in a release of smoke and chemicals.  Defendants deny the remaining

allegations in Paragraph 425.

**ANSWER TO NO. 426:**  Defendants deny that a fire occurred at the Conyers

Plant, as defined above, on September 29, 2024.  Defendant lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 426 and on that basis denies those allegations.

**ANSWER TO NO. 427:** Denied.

**ANSWER TO NO. 428:** Denied.

**ANSWER TO NO. 429:** Denied.

**ANSWER TO NO. 430:** Denied.

**ANSWER TO NO. 431:** Paragraph 431 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 431.

**ANSWER TO NO. 432:** Paragraph 432 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 432.

**ANSWER TO NO. 433:** Paragraph 433 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 433.

**ANSWER TO NO. 434:** Paragraph 434 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 434.

**ANSWER TO NO. 435:** Paragraph 435 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 435.

**ANSWER TO NO. 436:** Paragraph 436 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 436 and deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure.

**ANSWER TO NO. 437:** Paragraph 437 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 437.

**ANSWER TO NO. 438:** Paragraph 438 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 438 and deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure.

**ANSWER TO NO. 439:** Paragraph 439 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 439 and deny that certification of any

class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure.

**ANSWER TO NO. 440:**  Paragraph 440 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 440.

**ANSWER TO NO. 441:**  Paragraph 441 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 441.

**ANSWER TO NO. 442:**  Paragraph 442 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 442.

**ANSWER TO NO. 443:**  Paragraph 443 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 443 and deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure.

**ANSWER TO NO. 444:**  Paragraph 444 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 444 and deny that certification of any

class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure.

**ANSWER TO NO. 445:** Paragraph 445 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 445 and deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure.

**ANSWER TO NO. 446:** Paragraph 446 contains statements and/or conclusions of law to which no response is required. Defendants deny that a fire occurred at the Conyers Plant, as defined above, in September 2024. To the extent a response is required, Defendants deny the allegations in Paragraph 446 and deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure. Defendants deny that Plaintiffs or the putative class are entitled to the relief sought in the Consolidated Complaint, or any relief at all.

**ANSWER TO NO. 447:** Paragraph 447 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 447 and deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure. Defendants deny that Plaintiffs or the putative

class are entitled to the relief sought in the Consolidated Complaint, or any relief at all.

**ANSWER TO NO. 448:**  Paragraph 448 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 448 and deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure.  Defendants deny that Plaintiffs or the putative class are entitled to the relief sought in the Consolidated Complaint, or any relief at all.

**ANSWER TO NO. 449:**  Paragraph 449 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 449 and deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure.  Defendants deny that Plaintiffs or the putative class are entitled to the relief sought in the Consolidated Complaint, or any relief at all.

**ANSWER TO NO. 450:**  Paragraph 450 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 450 and deny that Plaintiffs or the

putative class are entitled to the relief sought in the Consolidated Complaint, or any relief at all.

**ANSWER TO NO. 451:**  Paragraph 451 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 451.

**ANSWER TO NO. 452:**  Paragraph 452 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 452 and deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure.

**ANSWER TO NO. 453:**  Paragraph 453 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 453 and deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure.

**ANSWER TO NO. 454:**  Paragraph 454 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 454 and deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure.

**ANSWER TO NO. 455:** Paragraph 455 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 455 and deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure.

**ANSWER TO NO. 456:** Paragraph 456 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 456 and deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure.

**ANSWER TO NO. 457:** Paragraph 457 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 457 and deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure. Defendants deny that Plaintiffs or the putative class are entitled to the relief sought in the Consolidated Complaint, or any relief at all.

**ANSWER TO NO. 458:** Paragraph 458 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 458 and deny that certification of any

class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the

Federal Rules of Civil Procedure. Defendants deny that Plaintiffs or the putative

class are entitled to the relief sought in the Consolidated Complaint, or any relief at

all.

**ANSWER TO NO. 459:** Paragraph 459 contains statements and/or conclusions of

law to which no response is required. To the extent a response is required,

Defendants deny the allegations in Paragraph 459 and deny that certification of any

class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the

Federal Rules of Civil Procedure. Defendants deny that Plaintiffs or the putative

class are entitled to the relief sought in the Consolidated Complaint, or any relief at

all.

**ANSWER TO NO. 460:** Paragraph 460 contains statements and/or conclusions of

law to which no response is required. To the extent a response is required,

Defendants deny the allegations in Paragraph 460 and deny that Plaintiffs or the

putative class are entitled to the relief sought in the Consolidated Complaint, or

any relief at all.

**ANSWER TO NO. 461:** Paragraph 461 contains statements and/or conclusions of

law to which no response is required. To the extent a response is required,

Defendants deny the allegations in Paragraph 461.

**ANSWER TO NO. 462:**  Paragraph 462 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 462.

**ANSWER TO NO. 463:**  Paragraph 463 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 463.

**ANSWER TO NO. 464:**  Paragraph 464 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 464 and deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure.

**ANSWER TO NO. 465:**  Paragraph 465 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 465 and deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure.

**ANSWER TO NO. 466:**  Paragraph 466 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 466.

**ANSWER TO NO. 467:**  Paragraph 467 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 467 and deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure.  Defendants deny that Plaintiffs or the putative class are entitled to the relief sought in the Consolidated Complaint, or any relief at all.

**ANSWER TO NO. 468:**  Paragraph 468 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 468 and deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure.  Defendants deny that Plaintiffs or the putative class are entitled to the relief sought in the Consolidated Complaint, or any relief at all.

**ANSWER TO NO. 469:**  Paragraph 469 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 469 and deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure.  Defendants deny that Plaintiffs or the putative

class are entitled to the relief sought in the Consolidated Complaint, or any relief at all.

**ANSWER TO NO. 470:**  Paragraph 470 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 470 and deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure.  Defendants deny that Plaintiffs or the putative class are entitled to the relief sought in the Consolidated Complaint, or any relief at all.

**ANSWER TO NO. 471:**  Paragraph 471 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 471 and deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure.  Defendants deny that Plaintiffs or the putative class are entitled to the relief sought in the Consolidated Complaint, or any relief at all.

**ANSWER TO NO. 472:**  Paragraph 472 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 472 and deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the

Federal Rules of Civil Procedure.  Defendants deny that Plaintiffs or the putative

class are entitled to the relief sought in the Consolidated Complaint, or any relief at

all.

**ANSWER TO NO. 473:**  Paragraph 473 contains statements and/or conclusions of

law to which no response is required.  To the extent a response is required,

Defendants deny the allegations in Paragraph 473 and deny that certification of any

class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the

Federal Rules of Civil Procedure.

**ANSWER TO NO. 474:**  Paragraph 474 contains statements and/or conclusions of

law to which no response is required.  To the extent a response is required,

Defendants deny the allegations in Paragraph 474 and deny that Plaintiffs or the

putative class are entitled to the relief sought in the Consolidated Complaint, or

any relief at all.

**ANSWER TO NO. 475:**  Paragraph 475 contains statements and/or conclusions of

law to which no response is required.  To the extent a response is required,

Defendants deny the allegations in Paragraph 475.

**ANSWER TO NO. 476:**  Paragraph 476 contains statements and/or conclusions of

law to which no response is required.  To the extent a response is required,

Defendants deny the allegations in Paragraph 476.

**ANSWER TO NO. 477:** Paragraph 477 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 477.

**ANSWER TO NO. 478:** Paragraph 478 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 478 and deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure.  Defendants deny that Plaintiffs or the putative class are entitled to the relief sought in the Consolidated Complaint, or any relief at all.

**ANSWER TO NO. 479:** Paragraph 479 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 479 and deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure.  Defendants deny that Plaintiffs or the putative class are entitled to the relief sought in the Consolidated Complaint, or any relief at all.

**ANSWER TO NO. 480:** Paragraph 480 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 480 and deny that certification of any

class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure.  Defendants deny that Plaintiffs or the putative class are entitled to the relief sought in the Consolidated Complaint, or any relief at all.

**ANSWER TO NO. 481:**  Paragraph 481 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 481 and deny that Plaintiffs or the putative class are entitled to the relief sought in the Consolidated Complaint, or any relief at all.

**ANSWER TO NO. 482:**  Paragraph 482 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 482.

**ANSWER TO NO. 483:**  Paragraph 483 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 483.

**ANSWER TO NO. 484:**  Paragraph 484 contains statements and/or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 484.

**ANSWER TO NO. 485:** Paragraph 485 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 485.

**ANSWER TO NO. 486:** Paragraph 486 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 486.

**ANSWER TO NO. 487:** Paragraph 487 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 487 and deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure. Defendants deny that Plaintiffs or the putative class are entitled to the relief sought in the Consolidated Complaint, or any relief at all.

**ANSWER TO NO. 488:** Paragraph 488 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 488 and deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure. Defendants deny that Plaintiffs or the putative class are entitled to the relief sought in the Consolidated Complaint, or any relief at all.

**ANSWER TO NO. 489:** Paragraph 489 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 489 and deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure. Defendants deny that Plaintiffs or the putative class are entitled to the relief sought in the Consolidated Complaint, or any relief at all.

**ANSWER TO NO. 490:** Paragraph 490 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 490 and deny that certification of any class is proper under Rule 23(a), 23(b)(1)(b), 23(b)(2), 23(b)(3), or 23(c)(4) of the Federal Rules of Civil Procedure. Defendants deny that Plaintiffs or the putative class are entitled to the relief sought in the Consolidated Complaint, or any relief at all.

**ANSWER TO NO. 491:** Paragraph 491 contains statements and/or conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 491 and deny that Plaintiffs or the putative class are entitled to the relief sought in the Consolidated Complaint, or any relief at all.

**ANSWER TO REQUEST FOR RELIEF:** Defendants deny that Plaintiffs or the putative class are entitled to the relief sought in the Consolidated Complaint, or any relief at all.

**ANSWER TO JURY TRIAL DEMAND:** Plaintiffs' jury demand consists of Plaintiffs' characterizations of their claims, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs or the putative class are entitled to a trial by jury.

## AFFIRMATIVE DEFENSES

No pleaded defense constitutes an admission of liability, that Plaintiffs or the putative class are entitled to any relief, or that Defendants bear or assume the burden of proving any of the defenses set forth below. Defendants assert the following affirmative defenses on the basis of their current knowledge and information, reserving the right to withdraw any of these defenses or to assert additional defenses as further information becomes available. Defendants reserve the right to assert additional defenses against putative class members at class certification or in the event a class is certified.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' and/or putative class member's claims are barred, in whole or in part, because the Consolidated Complaint, and each claim alleged therein, fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs and/or putative class members have no basis for recovery of costs and expenses, including attorneys' fees, incurred in this action.

## THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiffs and/or putative class members seek punitive damages, Plaintiffs and/or putative class members are not entitled to punitive damages because Defendants did not act in a manner that would give rise to punitive damages liability.

## FOURTH AFFIRMATIVE DEFENSE

Defendants assert all affirmative defenses under O.C.G.A. § 9-11-8(c) as may be proven by the evidence.

## FIFTH AFFIRMATIVE DEFENSE

Defendants assert all affirmative defenses under Rule 8(c)(1) of the Federal Rules of Civil Procedure as may be proven by the evidence.

## SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs and/or putative class members suffered any damages, those damages were proximately or substantially caused by Plaintiffs' and/or putative class members' failure to mitigate their alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' and/or putative class members' claims are barred because they lack standing.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs are inadequate class representatives, and the putative class is incapable of certification.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' and/or putative class members' claims are preempted by federal law, to the extent that the Consolidated Complaint alleges a duty arising from state law that conflicts with Defendants' obligations under federal law.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' and/or putative class members' claims are barred by assumption of risk.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs and/or putative class members suffered any damages, Defendants are not liable for damages incurred where Plaintiffs and/or putative class members have already been reimbursed and/or compensated for those damages at issue in the Consolidated Complaint, including but not limited to through Defendants' Community Assistance Programs.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' and/or putative class members' claims are barred because Defendants do not owe a duty of care to Plaintiffs or putative class members.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' and/or putative class members' claims are barred because their claims were not reasonably foreseeable.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs and/or putative class members suffered damages, those damages were caused, in whole or in part, by pre-existing conditions, or other contributory or concurrent conditions or factors, including events occurring prior or subsequent to the occurrence that is the basis of Plaintiffs' and/or putative class members' claims against Defendants, over which Defendants had no control and for which they are not responsible.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs and/or putative class members suffered any damages, those damages were caused by intervening or superseding acts of third parties over which Defendants had no control and for which they are not responsible. Defendants exercised due care in light of all relevant facts and circumstances and took precautions against foreseeable acts or omissions of any such third party and the consequences that could foreseeably result from such acts or omissions.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that the Plaintiffs and/or putative class members claim solely economic loss, such claims of damages are barred by operation of Georgia's economic loss doctrine.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' and/or putative class members' claims, to the extent they rely on allegations regarding the 2004 fire at the Bio-Lab facility in Conyers, are barred by a release and Final Order and Judgment binding on the putative class members following that incident.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' and/or putative class members' claims, to the extent they rely on allegations regarding the 2004 fire at the Bio-Lab facility in Conyers, are barred by releases from individual settlements reached following that incident.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' and/or putative class members' claims are barred by releases from individual settlements reached following the 2024 fire at the Bio-Lab facility in Conyers.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' and/or putative class members' claim for ultrahazardous activity/strict liability is barred because no Georgia statute imposes strict liability on Defendants' conduct.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' and/or putative class members' claim for ultrahazardous activity/strict liability is barred because Defendants were not engaged in an abnormally dangerous activity.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' and/or putative class members' request for a medical monitoring fund is barred because a medical monitoring fund is not a recognized remedy under Georgia law.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' and/or putative class members' request for a medical monitoring fund is barred because medical monitoring is not an available remedy under Georgia law without evidence of a present physical injury.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' and/or putative class members' trespass claim is barred because Plaintiffs and/or putative class members failed to plead an intentional act.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs and/or putative class members are precluded from recovering the damages alleged in the Consolidated Complaint because those damages are too vague, ambiguous, excessive, unreasonable, uncertain, and speculative to permit recovery.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' and/or putative class members' claims are barred, in whole or in part, under the doctrines of waiver, estoppel, and/or release.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs and/or putative class members assert equitable claims, such claims are barred because they have an adequate remedy at law.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

To the extent Defendants are held liable for any damages, third parties are liable to Defendants in contribution for all damages incurred by Defendants in excess of their equitable share of any such damages.

WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor and award them the costs of this action, together with attorneys' fees, expert fees, and such other relief as the Court may deem just and proper.

Respectfully submitted this 22nd day of October, 2025.

ALAN E. SCHOENFELD*
**WILMER CUTLER PICKERING**
**HALE AND DORR LLP**
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel.: (212) 230-8800
Fax: (212) 230-8888
alan.schoenfeld@wilmerhale.com

FELICIA H. ELLSWORTH*

*/s/ Michael A. Caplan*
Michael A. Caplan
Ga. Bar No. 601039
Michael L. Eber
Ga. Bar No. 859338
Jarred A. Klorfein
Ga. Bar No. 562965
Emily C. Snow
Ga. Bar No. 837411
Alan M. Long
Ga. Bar No. 367326

**WILMER CUTLER PICKERING
HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000
felicia.ellsworth@wilmerhale.com

**CAPLAN COBB LLC**
75 Fourteenth Street NE, Suite 2700
Atlanta, Georgia 30309
Tel: (404) 596-5600
Fax: (404) 596-5604
mcaplan@caplancobb.com
meber@caplancobb.com
jklorfein@caplancobb.com
esnow@caplancobb.com
along@caplancobb.com

*Counsel for Defendants Bio-Lab, Inc., KIK International LLC, KIK Custom
Products Inc., and KIK U.S. Holdings LLC*

*\*Admitted pro hac vice*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this day, I caused a true and correct copy of the foregoing document to be filed with the clerk's office using this Court's CM/ECF system, which will automatically send notice of such filing to all counsel of record.

This 22nd day of October, 2025.

*/s/ Michael A. Caplan*
Michael A. Caplan
Ga. Bar No. 601039
